# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

--------------------------------------------------------X

**UNITED STATES OF AMERICA,**

**v.**

**No. 1:21-cr-00053**

**EDWARD JACOB LANG,**

*Defendant.*

--------------------------------------------------------X

## DEFENDANT LANG'S MOTION FOR BAIL TO PLACE DEFENDANT ON CONDITIONAL RELEASE PENDING TRIAL

Defendant, Edward Jacob Lang, by and through undersigned counsel, Martin H. Tankleff and Steven Metcalf, respectfully moves this Court, pursuant to the Bail Reform Act of 1984, 18 U.S.C. 3141, *et seq.*, to release Mr. Lang on personal recognizance.

Alternatively, if the Court is not amenable to release defendant on personal recognizance, defendant moves this court to release defendant into the third-party custody of his parents and commit him to the supervision of a High Intensity Supervision Program (HISP) with GPS monitoring by local Pretrial Services.

Page **1** of **27**
*United States v. Edward Jacob Lang -* **No. 1:21-cr-00053**
Defendant Lang's Motion for Bail to Place Defendant on
Conditional Release Pending Trial

If the Court deems that Lang is not entitled to bail, he respectfully moves for a Court order permitting him to possess in his cell a laptop computer so he can review all discovery and participate in his own defense.

Dated:  August 23, 2021

Respectfully Submitted,

*Martin Tankleff*

MARTIN H. TANKLEFF, ESQ.
**Metcalf & Metcalf, P.C.**
*Attorneys for Lang*
99 Park Avenue, 25th Floor
New York, NY 10016
*Phone* 646.253.0514
*Fax* 646.219.2012
*mtankleff@metcalflawnyc.com*

*/s/* **Steven A. Metcalf II, Esq.**

STEVEN A. METCALF II, ESQ.
**Metcalf & Metcalf, P.C.**
*Attorneys for Lang*
99 Park Avenue, 25th Floor
New York, NY 10016
*Phone* 646.253.0514
*Fax* 646.219.2012
*metcalflawnyc@gmail.com*

Page **2** of **27**
*United States v. Edward Jacob Lang -* **No. 1:21-cr-00053**
Defendant Lang's Motion for Bail to Place Defendant on
Conditional Release Pending Trial

## CERTIFICATE OF SERVICE

We hereby certify that, on August 23rd, 2021, the forgoing document was filed via the Court's electronic filing system, and sent to the AUSA via email, which constitutes service upon all counsel of record.

Respectfully Submitted,

*Martin Tankleff*

MARTIN H. TANKLEFF, ESQ.
**Metcalf & Metcalf, P.C.**
*Attorneys for Lang*
99 Park Avenue, 25th Floor
New York, NY 10016
*Phone* 646.253.0514
*Fax* 646.219.2012
mtankleff@metcalflawnyc.com

/s/ **Steven A. Metcalf II, Esq.**

STEVEN A. METCALF II, ESQ.
**Metcalf & Metcalf, P.C.**
*Attorneys for Lang*
99 Park Avenue, 25th Floor
New York, NY 10016
*Phone* 646.253.0514
*Fax* 646.219.2012
metcalflawnyc@gmail.com

Page **3** of **27**
*United States v. Edward Jacob Lang -* **No. 1:21-cr-00053**
Defendant Lang's Motion for Bail to Place Defendant on
Conditional Release Pending Trial

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

-------------------------------------------------------X

**UNITED STATES OF AMERICA,**

     **v.**

                                     **No. 1:21-cr-00053**

**EDWARD JACOB LANG,**

     *Defendant.*

-------------------------------------------------------X

## MOTION TO REVIEW DENTENTION WITHOUT BOND

Edward Jacob Lang (hereinafter "Defendant," "Lang" or "Jake"), by and through his attorneys, Martin Tankleff and Steven Metcalf, moves to have his detention without bond status reviewed. Lang moves this Honorable Court to reimpose the conditions of release that were set at the time of Lang's arraignment. In support thereof, he states as follows:

## PREAMBLE

As far back as the 5th Century, humanity recognized that, "[w]hoever destroys a soul, it is considered as if he destroyed an entire world. And whoever saves a life, it is

Page **4** of **27**
*United States v. Edward Jacob Lang -* **No. 1:21-cr-00053**
Defendant Lang's Motion for Bail to Place Defendant on
Conditional Release Pending Trial

considered as if he saved an entire world." Which was written in the Talmud[1].  We were reminded of this core principle in 1993 when Shindler's list came out and a famous line in the movie stated, "Whoever saves one life saves the world entire."

This line, and the concept behind it, is quite simple, one man can make a difference.  In the case before this court, Jake Lang is that one man.  He showed Phillip Anderson humanity, by saving his life, with little to no regard for his own life.  Jake's conduct was selfless, kind and establishes that Jake is a good person, and good people still exist in this world.  As Mr. Anderson has stated, "If it wasn't for Jake, I would have been killed by the police on January 6.  I am alive today because he saved my life." (*See* Affidavit of Philip Anderson attached as **Exhibit A**)[2].

If there is any justice in our society, it is to grant bail to defendant, especially since in 1988, undersigned counsel, while under indictment for double murder was

---

[1] The **Talmud** (תלמוד) is considered an authoritative record of rabbinic discussions on Jewish law, Jewish ethics, customs, legends and stories. It consists of the *Mishnah*, a record of oral traditions, and the *Gemara*, which comments upon, interprets and applies these oral traditions. A section of the Mishnah is followed by the Gemara on that section. There are two distinct Gemaras: the Yerushalmi and the Bavli, and two corresponding Talmuds: Talmud Yerushalmi (Jerusalem Talmud) and the Talmud Bavli (Babylonian Talmud); The word "Talmud", when used without qualification, usually refers to the Babylonian Talmud. Neither Gemara is complete.

[2] Mr. Anderson has publicly come out as a witness as to what happened on January 6, 2021 (*See*, https://news-block.com/the-police-killed-her-three-more-eyewitnesses-who-were-later-arrested-speak-about-the-police-murder-of-protester-rosanne-boyland-on-january-6/; https://www.thegatewaypundit.com/2021/07/philip-anderson-capitol-police-killed-rosanne-boyland-know-holding-hand-died-audio/; https://noqreport.com/2021/07/18/philip-anderson-capitol-police-killed-rosanne-boyland-on-jan-6-she-was-holding-my-hand-when-she-died-audio/ (last visited on August 20, 2021)

Page **5** of **27**
*United States v. Edward Jacob Lang* - **No. 1:21-cr-00053**
Defendant Lang's Motion for Bail to Place Defendant on
Conditional Release Pending Trial

released on one-million-dollar bail and reduced after several months of freedom.[3]  Lang is not charged with murder, and individuals around this Country, charged with more serious crimes are granted bail.

The defendant states the following in support of this request.

## I.  <u>INTRODUCTION</u>

1.   Mr. Lang now moves for Bail for the following reasons: (1) his treatment in a DC jail has violated his human rights, (2) his right to effective assistance of counsel is being deprived on a daily basis because he is unable to speak to his attorney's in a confidential setting, and participate in his own defense because he cannot adequately review the discovery in this matter; (3) the presumption against bail for pretrial detainees.

2.   The reasons set forth herein highlight how the government is unable to prove that Lang is a flight risk by a preponderance of the evidence; and instead, this case boils down to dangerousness, and whether the government can demonstrate that Lang should be detained pretrial because there are "no

---

[3] Judge Thomas Mallon also ordered that the youth, Martin Tankleff, 17, remain free on $1-million bail after arraigning him on second-degree murder charges in his father's death.  *2 Asst. Das Barred in Tankleff Trial*, 1988 WLNR 171272; Martin Tankleff has pleaded not guilty and is being held in the Suffolk County Jail in lieu of $500,000 cash bail or $1 million bond.  *Seymour Tankleff Dies of Injuries*, 1988 WLNR 158438.

Page **6** of **27**
*United States v. Edward Jacob Lang* - **No. 1:21-cr-00053**
Defendant Lang's Motion for Bail to Place Defendant on
Conditional Release Pending Trial

condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community". 18 U.S.C. § 3142(e)(1).[4]

3.  Lang went unarmed to the Capitol on January 6, 2021.  As a United States citizen, he went there to stand for liberty, the Constitution, and assert his First Amendment Right.   Instead, he ended up saving someone's life, watching people being beaten to death by police, being gassed and abused. What we have been seeing in the press is not the whole truth.  The snippets of videos and snapshots do not reveal the truth of what happened on January 6.  Jake's actions, in totality were heroic and lifesaving.  If there is any doubt about that, just ask Phillip Anderson who also clung to Ms. Boyland as she died. (*See* Affidavit of Phillip Anderson attached as **Exhibit A**).

---

[4] *See also United States v. Munchel*, 2021 WL 1149196, at 4 (D.C. Cir. Mar. 26, 2021) (*quoting* 18 U.S.C. § 3142(f)(highlighting that "[t]o justify detention on the basis of dangerousness, the government must prove by 'clear and convincing evidence' that 'no condition or combination of conditions will reasonably assure the safety of any other person and the community [which requires that defendant] poses a continued articulable threat to an individual or the community that cannot be sufficiently mitigated by release conditions.").

Page **7** of **27**
*United States v. Edward Jacob Lang -* **No. 1:21-cr-00053**
Defendant Lang's Motion for Bail to Place Defendant on
Conditional Release Pending Trial



4. We request that Jake be released into the third-party custody of his parents. Lang's father, Ned, in particular is willing to cosigned and also put up collateral consisting of two parcels of land, totaling $100,000.00 in equity as collateral.[5]

---

[5] Ned Lang has informed the undersigned that he is not willing, nor able, to pay for any experts on behalf of his son Jake. He has informed the undersigned that he can and will pay attorney's fees at a significantly reduced rate for his son. He has informed us that he would employ his son on a daily basis.

Page **8** of **27**
*United States v. Edward Jacob Lang* - **No. 1:21-cr-00053**
Defendant Lang's Motion for Bail to Place Defendant on
Conditional Release Pending Trial

## II.   ARGUMENTS

### POINT ONE
### DC JAIL: HUMAN RIGHT VIOLATIONS, ON A DAILY BASIS

5.   Lang's physical abuse includes being dragged, shoved, denied regular shower access, and getting an entire can of mace in his face, while standing inside of cell with photos and a bible in his hand. Lang's other abuses include sleep deprivation, verbal abuse, and being denied the right to counsel.   Just recently, Lang was taken to "The Hole", where he remained for two straight months, without a single disciplinary ticket. After being taken out of "The Hole", he received a hero's welcome upon returning to the Patriot Unit. Within 14 hours of being back on the Patriot Unit, the guards opened his' cell door, and maced him directly in his eyes. When Lang was maced he was standing in his cell with a bible in one hand and family photos in the other. Overall, Jake has been held in the hole in 24-hour a day solitary confinement on three separate occasions, totaling more than three months. While Jake is currently back on the Patriot Unit, the unit with other J6 Defendants at the DC jail, he has been and will continue to be subject to these abuses at anytime. The retaliation and scare tactics most likely will continue within days of us even filing this application.

Page **9** of **27**
*United States v. Edward Jacob Lang* - **No. 1:21-cr-00053**
Defendant Lang's Motion for Bail to Place Defendant on
Conditional Release Pending Trial

6.   Jake does not have access to all the discovery in this matter and has no guarantee that every time his name comes up in the jail that he will not continue to be harassed and used as a scapegoat inmate to raise false disciplinary charges against him to throw Jake in the box.

7.   Jake has been moved from regular housing to the hole (aka, the box or special housing unit).   Each time this has occurred, there wasn't a reasonable penological reason other than as a form of retaliation and/or harassment.

8.   Obviously, during the last seven months of Lang's incarceration, it has become clear that individuals who are housed in the D.C. Jail, who are accused of committing crimes on January 6, 2021, at The Capitol are treated differently than all other prisoners who are housed in the jail.  There is a clear deprivation of Equal Protection under the law.  Many, including Lang, have suffered when the conditions of confinement are exposed publicly.

9.   Additionally, the government cannot demonstrate that no "reasonable condition, or combination of conditions exist that would ensure Jake's return to court or the safety of all members of the community."   All necessary conditions can be obviated, such as conditions requiring Lang, if released, to not be able to possess, legally or illegally a firearm or other weapon, and his every movement can be monitored to the extent of house arrest. He also can

Page **10** of **27**
*United States v. Edward Jacob Lang -* **No. 1:21-cr-00053**
Defendant Lang's Motion for Bail to Place Defendant on
Conditional Release Pending Trial

be precluded from even speaking to all other people besides his family and attorneys. An order of conditions can adequately mitigate any concerns.

10. The jail allows prisoners to leave their cells from anywhere from an hour a day to a few hours a day. Religious services are not allowed.  Dozens of prisoners have to share the same fingernail/toenail cutter, without it being disinfected between each use. Exercise, especially outdoor access is limited or non-existent for Lang.

11. More disturbing is that Lang has not had had a single haircut or shave since he has been arrested on this matter.

12. Lang has not had the opportunity to either visit the law library or gain more materials than those being housed in restrictive housing.

13. The caselaw regarding the denial of human rights, especially for those housed as a pretrial detain, favor Lang's application for bail.  If the conditions have only worsened over the past several months, there is no likelihood that they will get better, and the longer that Jake is imprisoned, the more serious the violations rise to.

14. The D.C. District court has held, "with regard to the everyday administration of pretrial detention facilities, the Court is merely concerned with whether a "particular condition or restriction of pretrial detention is reasonably related

Page **11** of **27**
*United States v. Edward Jacob Lang* - **No. 1:21-cr-00053**
Defendant Lang's Motion for Bail to Place Defendant on
Conditional Release Pending Trial

to a legitimate governmental objective"; if so, the detention facilities practice does not violate due process and thus should generally not concern the court. *See Bell,* 441 U.S. at 548, 99 S.Ct. 1861 ("[T]he operation of our correctional facilities is peculiarly the province of the Legislative and Executive Branches of our Government, not the Judicial."). *United States v. Medina,* 628 F. Supp. 2d 52, 55 (D.D.C. 2009).

15. The Court in *Mednia,* supports the position that since the issues raised herein rise to the level of a Constitutional violation, this Court is empowered to grant relief.

16. There is no doubt that the Government will counter that Lang should file a grievance to address the human rights issues that are violating his Constitutional rights on a daily basis.  However, this court is empowered to eradicate those violations by granting bail.

## Point Two

### The Constitutional Right to Assistant in One's Defense and Supplement if Necessary.

17. Defendant Lang, hereby through his counsel, respectfully reserves and preserves his right to make further submissions on this issue of because of

Page **12** of **27**
*United States v. Edward Jacob Lang* - **No. 1:21-cr-00053**
Defendant Lang's Motion for Bail to Place Defendant on
Conditional Release Pending Trial

counsel's inability to adequately communicate with Lang in a confidential setting.

18. Jacob Lang currently remains in the D.C. jail, and for five months has literally been in his cell for 22 or 23 hours a day. He has very little privileged communications with his attorneys and cannot possibly review all of the video and audio discovery that in this matter. When the undersigned counsel visited Lang, the setup of the visiting area exposed counsel and Lang to have every word of their conversation overheard by anyone around.[6]

19. Every Defendant has, at a minimum, the right to counsel. Such a right includes, but is not limited to, confidential communications with their counsel in person, by mail and via phone calls.

20. In this case, our client, Defendant Lang's right to communicate with his counsel has been severally infringed.

21. In *McKaskle*, the U.S. Supreme Court highlighted:

> *Faretta*'s holding was based on the long-standing recognition of a right of self-representation in federal and most state courts, and on the language, structure, and spirit of the Sixth Amendment. Under that Amendment, it is the accused, not counsel, who must be "informed of the nature

---

[6] The day that the undersigned visited with Lang, another lawyer was sitting 2 spots down and we were able to hear everything she was telling her client. Every word the client was saying to the lawyer, Lang could hear.

Page **13** of 27
*United States v. Edward Jacob Lang* - **No. 1:21-cr-00053**
Defendant Lang's Motion for Bail to Place Defendant on
Conditional Release Pending Trial

and cause of the accusation," who has the right to confront witnesses, and who must be accorded "compulsory process for obtaining witnesses in his favor." The Counsel Clause itself, which permits the accused "to have the Assistance of Counsel for his defense," implies a right in the defendant to conduct his own defense, with *assistance* at what, after all, is his, not counsel's trial.

*McKaskle v. Wiggins*, 465 U.S. 168, 174, 104 S.Ct. 944, 949 (1984).

22.    The *McKaskle* principles remain the same to every one of these January 6, 2021, Defendants.

23.    However, the pretrial conditions of the DC jail have created an environment where these Defendants, especially Defendant Lang are unable to assist in their own defense and are thus are not ensured effective assistance of counsel.

24.    It is impossible to have a free-flowing conversation with Defendant Lang.

25.    Attorney-client meetings are in open cages[7] where there is no confidentiality, everyone can hear the conversations including prison guards.  Undersigned counsel experienced this when they visited with Jake at the D.C. Jail.

26.    Essentially, the Attorney-client privilege is nonexistent, depriving Jake of his fundamental constitutional right to counsel.

---

[7] When visiting Lang, the undersigned was told that Contact legal visits, where a defendant meets with his lawyer in person at the jail, require the Defendant to then quarantine for 14 days.

Page **14** of **27**
*United States v. Edward Jacob Lang* - **No. 1:21-cr-00053**
Defendant Lang's Motion for Bail to Place Defendant on
Conditional Release Pending Trial

27. Considering the conditions that Jake is housed in, and the manner in which legal visits are conducted, the strong likelihood that the attorney-client privilege is sustainably intruded.

28. Finally, in light of the Supreme Court directives, "that remedies should be tailored to the injury suffered. *Shillenger v. Haworth*, 70 F. 3d 1132 (10th Cir. 1995); *US. v. Solomon*, 679 F 2d 1246 (8th Cir 1982).

29. Lang is in an untenable environment, which the government closely monitors, whereby we believe there is the likelihood of an intrusion into the attorney-client privilege occurs daily and will continue throughout this case until there are changes made.  How can we trust the government if we cannot communicate with our own clients at the jail or over the phone in a confidential manner?  Something must be done here to ensure that we can have privileged communications with our client – such as granting of bail.

## POINT THREE

### DEFENDANT'S NEED FOR ACCESS TO A LAPTOP AS ALTERNATIVE RELIEF.

30. Every defendant has the right to review discovery materials in their own case, especially, January 6, 2021, Defendants as the Government has deemed these cases part of the largest criminal investigation and prosecution in US history.

Page **15** of **27**
*United States v. Edward Jacob Lang* - **No. 1:21-cr-00053**
Defendant Lang's Motion for Bail to Place Defendant on
Conditional Release Pending Trial

31.   Defendant Lang is entitled to review every document, video, audio, and anything else that the FBI, Department of Justice, United States Attorney's Office, or any other agency obtaining or generating video or audio materials. Such a review must not be dictated on whether his attorneys can visit him. No such burden should be placed on counsel or corrections, especially considering the financial and time-consuming burden it would place if undersigned counsel were required to sit with Jake at the jail and review each and every video.

32.   "[I]n the usual case when production is ordered, a client has the right to see and know what has been produced." *See, e.g., Geders v. United States*, 425 U.S. 80, 96 S.Ct. 1330, 47 L.Ed.2d 592 (1976); *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *United States v. Truong Dinh Hung*, 667 F.2d 1105, 1108 (4th Cir. 1981).

33.   Failure to review discovery with Jake can rise to the level of ineffective assistance of counsel since a "defendant generally has a right to review the discovery materials that will be used against him at trial, *United States v. Hung*, 667 F.2d 1105, 1108 (4th Cir.1981)," *Johnson v. United States*, 2:07-CR-00924-DCN-3, 2014 WL 295157, at 5 (D.S.C. Jan. 27, 2014).

Page **16** of **27**
*United States v. Edward Jacob Lang -* **No. 1:21-cr-00053**
Defendant Lang's Motion for Bail to Place Defendant on
Conditional Release Pending Trial

34.   Applications for accessibility for a laptop for pre-trial detainees is regularly granted around the country, and in some jurisdictions, there are specific policies in place:

    a.   In *United States v. Helbrans*, 7:19cr497 (NSR), a Southern District of New York Case, an application was made for the defendant to have access to a laptop and internet so that the defendant may prepare his defense, which was granted  (*See* **Exhibit B**);

    b.   In *United States v. Reid, et al, including Brandon Nieves*, a Southern District of New York case, an application was made for the defendant to have access to a laptop "to permit clients to review large amounts of discovery in the case.  Judge Halpern, granted the application.  (*See* **Exhibit C**);

    c.   Attached as **Exhibit D**, is a sample order by Judge Denise Cote of the Southern District of New York, granting a defendant the right to have access to a laptop computer and email access to communicate with his attorneys;

    d.   In *United States v. Ghislaine Maxwell*, 20 Cr. 330 (AJN), a Southern District of New York case, an application was made to give the defendant access to a laptop computer to review the discovery in the case. The Court granted the request.  In light of the Court order, defendant has access to her laptop 13 hours a day, 7 days a week. (*See* **Exhibit E**);

    e.   In *United States v. Washington*, 20 CR 30015, a Central District of Illinois case, an application was made for access to a laptop was granted.  (*See* **Exhibit F**);

Page **17** of **27**
*United States v. Edward Jacob Lang -* **No. 1:21-cr-00053**
Defendant Lang's Motion for Bail to Place Defendant on
Conditional Release Pending Trial

f.   In the United States District Court for the Northern District of California, San Francisco Division, the Court has in place a Proposed Order Re Use of Digital Tablet in Custody to allow defendants to review discovery in their cases.  (*See* **Exhibit G**);

g.   The CJA Panel, that represents prisoners housed in the Santa Rita County Jail, have issued a memo, "CJA Panel – Tablets and accessories to enable clients to access e-discovery at Santa Rita Jail."  (*See* **Exhibit H**);

h.   The Joint Electronic Technology Working Group issued a report *Guidance for the Provision of ESI to Detainees* on October 25, 2016.  (*See* **Exhibit I**)  A specific issue raised and addressed by the report was, "[a] represented defendant who is detailed  pending trial must generally have the opportunity to personally review some or all of the discovery and disclosure, which is now commonly in ESI format." (Report at 2);

i.   The District of Columbia, Department of Corrections, as a policy titled **Access to Legal Counsel**, attached as **Exhibit J**.  Therein, there is a policy whereby prisoners are able to review discovery on a laptop, however, the policy on it's face has the potential to invade attorney-client privilege.  **Attachment C**.  Further, the alternative policy, identified in **Attachment D**, punishes prisoners who opt to participate in the alternative Surveillance/Voluminous Documents Review Program by moving their housing location and putting them in restrictive housing; and

j.   In this case, a better alternative to granting Defendant with a laptop will be to grant bail.  If Bail isn't granted, there are concerns that the DC jail will not comply with Court orders and will invade the defendant's attorney-clients privilege.

Page **18** of **27**
*United States v. Edward Jacob Lang -* **No. 1:21-cr-00053**
Defendant Lang's Motion for Bail to Place Defendant on
Conditional Release Pending Trial

35.   Therefore, alternatively, Mr. Lang should be provided a laptop where he can view all the evidence that will be used against him:

 a.   All written discovery provided by the Government;

 b.   All audio, video and electronic discovery provided by the government;

 c.   The ability to email and receive emails from his attorneys in a confidential manner and not monitored;

 d.   The ability to generate notes, documents, and other relevant materials to aid in his own defense in a confidential matter, that will not be reviewed or examined by any Government employee or agent (i.e., a corrections employee); and

 e.   A guarantee that no one shall access the laptop in an effort to gain access to attorney client privileged materials.  The only people who shall have access to the computer shall be undersigned counsel (and their employees, agents and experts) and the defendant.

## POINT FOUR

### THE NATURE AND CIRCUMSTANCES OF THE OFFENSE, UNDER 18 U.S.C. 3142(G)(2).

36.   In analyzing this first of the four Section 3142(g) statutory factors, "The Nature and Circumstances of the Defendant" the *Klein* court applied the following six subfactor analysis:

Page **19** of **27**
*United States v. Edward Jacob Lang* - **No. 1:21-cr-00053**
Defendant Lang's Motion for Bail to Place Defendant on
Conditional Release Pending Trial

These considerations include whether a defendant: (1) "has been charged with felony or misdemeanor offenses;" (2) "engaged in prior planning before arriving at the Capitol;" (3) carried or used a dangerous weapon during the riot; (4) "coordinat[ed] with other participants before, during, or after the riot;" or (5) "assumed either a formal or a de facto leadership role in the assault by encouraging other rioters' misconduct;" and (6) the nature of "the defendant's words and movements during the riot," including whether he "damaged federal property," "threatened or confronted federal officials or law enforcement, or otherwise promoted or celebrated efforts to disrupt the certification of the electoral vote count during the riot."

*United States v Frederico Guillermo Klein,* 2021 WL 1377128 at p. 6.

37. Here, Lang is not allegedly to have been at the front of the group of people at various stages of the approach to the Capitol building.

38. This Court can mitigate the dangerousness and any future danger posed with strict release conditions, such as GPS monitoring and home confinement. Lang did not enter Washington D.C. with any weapon. No dangerous weapons were recovered from his apartment at the time of his arrest.

39. What continues to be forgotten about this day is that it was chaos and there were various points where Officers are seen pushing crowds away and down. During Officers pushing the crowds back or down stairs, officers happened to drop some of their belongings.

Page **20** of **27**
*United States v. Edward Jacob Lang* - **No. 1:21-cr-00053**
Defendant Lang's Motion for Bail to Place Defendant on
Conditional Release Pending Trial

40.   As a result, people who were there would then pick material up off the floor, such as shields that the officers dropped on the floor. That behavior is not tantamount to or the equivalent to Lang being dangerous or a treat at all in the future.

41.   Overall, there is no evidence that Lang is a "flight risk" or a "danger to the community," a community he, and his parents have lived in for many years. *United States of America v. Michael Joseph Joy*, 21-CR-00108 (TSC), 2021 WL 2778559, at p. 2 (D.D.C. July 2, 2021).

## POINT FIVE

### HISTORY AND CHARACTERISTICS OF MR. LANG, UNDER 18 U.S.C. § 3142(G)(3).

42.   Edward is a twenty-six-years old, with strong ties to his community. He has personal relationships with members of the local business community, law enforcement, friends, and family. He not on probation or parole, and nothing in his past or current history supports the conclusion that he is dangerous to anyone, a risk of flight, and/or incapable of complying with

Page **21** of **27**
*United States v. Edward Jacob Lang* - **No. 1:21-cr-00053**
Defendant Lang's Motion for Bail to Place Defendant on
Conditional Release Pending Trial

court-imposed restrictions designed to assure his return to court and protect the community from future harm.[8]

43. In applying 18 U.S.C. Section 3142(g)(3) to the above-mentioned facts to Edward's life, the only reasonably conclusion is that such factors weigh in favor of pretrial release.

44. A Georgia state woman died right in front of Mr. Lang. He then tried to save her, and quickly rushed to the aid of others, and saved another man's life.

45. The government cannot provide evidence of a specific articulated threat to the community, or a risk of danger to any specific person. Edward Lang respectfully asks this Court to grant him pretrial release under the above cited line of cases in *Klein* and *Norwood*, and other recent precedent out of the D.C. Circuit Court and D.C. District Courts, regarding the release of persons accused of crimes related to the January 6, 2021, incident at the United States Capitol.

46. The law mandates Edward Lang's release, because the government cannot prove by a preponderance of the evidence that Edward Lang poses a risk of flight, and the government has not proven by clear and convincing evidence

---

[8] There is a New York City case, which Lang has retained counsel on where Lang would be statutorily ROR upon arraignment but has yet to do so because of him being held in this matter. Similarly, there is another matter in Ohio that can easily be cleared up upon Lang merely appearing in Court.

Page **22** of 27
*United States v. Edward Jacob Lang* - **No. 1:21-cr-00053**
Defendant Lang's Motion for Bail to Place Defendant on
Conditional Release Pending Trial

that Mr. Lang  poses a danger to the community.  Moreover, the offenses charged do not qualify for detention. Without question, a combination of conditions, including GPS monitoring, will reasonably ensure his appearance in court, and the safety of the community.  Because the events that took place at the Capitol on January 6, 2021, are unique to that day and not indicative of a future event, Edward poses no ongoing fear or threat.

47.   In applying 18 U.S.C. Section 3142(g)(3) to the above-mentioned facts to Lang's life, the only reasonably conclusion is that such factors weigh in favor of pretrial release.

## POINT SIX

### THE GOVERNMENT HAS STATED THAT THEY WILL NOT BE ABLE TO SATISFY ALL OF THEIR DISCOVERY OBLIGATIONS, SPECIFICALLY, *BRADY* MATERIAL UNTIL POSSIBLY 2022

48.   The government has a duty to disclose all material that is not just exculpatory, but favorable to the accused, sufficiently in advance of a trial.  Further, the Government has an ongoing duty to disclose such materials.

49.   The government is further obligated to disclose all material that can be considered exculpatory, impeachment, etc. pursuant to the Rules of Evidence and Supreme Court precedent. (*See*, *e.g.*, *Brady v. Maryland*, 373 U.S.

Page **23** of **27**
*United States v. Edward Jacob Lang -* **No. 1:21-cr-00053**
Defendant Lang's Motion for Bail to Place Defendant on
Conditional Release Pending Trial

83 (1963); *Kyles v. Whitley*, 514 U.S. 419 (1995); *Giglio v. United States*, 405 U.S. 150 (1972); *United States v. Agurs*, 427 U.S. 97 (1976); *United States v. Bagley*, 473 U.S. 667 (1985); *Strickler v. Greene*, 527 U.S. 263 (1999); *Mackabee v. United States*, 29 A.3d 952 (D.C. 2011) and *Miller v. United States*, 14 A.3d 1094 (D.C. 2011))

50.  The Government in recent court appearances have publicly acknowledged that they most likely will not be able to satisfy all of their discovery obligations, especially their obligations to disclose all *Brady* materials. (*See, e.g.,* https://beckernews.com/22-the-doj-admits-it-is-withholding-potentially-exculpatory-evidence-in-january-6-criminal-cases-in-legal-filing-40792/; https://www.npr.org/2021/07/27/1013500073/the-justice-department-is-struggling-to-bring-capitol-riot-cases-to-trial-heres-; https://www.nytimes.com/2021/08/10/us/politics/jan-6-investigation-evidence-speedy-trials.html; https://www.washingtonpost.com/local/legal-issues/capital-riot-evidence-cost/2021/07/16/d5e81bdc-e404-11eb-8aa5-5662858b696e_story.html (all last visited on 8-19-2021)

51.  The defendant should not remain in prison any longer unless the government states affirmatively that every single piece of discovery, including information

Page **24** of **27**
*United States v. Edward Jacob Lang* - **No. 1:21-cr-00053**
Defendant Lang's Motion for Bail to Place Defendant on
Conditional Release Pending Trial

favorable to the accused has been disclosed.  If not, the defendant should be released on bail.

52.  The Government has publicly stated that materials, such as grand jury transcripts, videos, exculpatory material, and other materials may not be fully disclosed until 2022.  No defendant should remain in prison, especially a defendant that is not charged with the death of someone, be denied bail.

## VII.   CONCLUSION

**WHEREFORE**, for the foregoing reasons, and any/all others which may appear in our reply brief, at a full in-person hearing on this matter, and any others this Court deems just and proper, defendant through counsel, respectfully requests that he be released on personal recognizance.

**FURTHERMORE**, if that request is denied, defendant requests as an alternative, that he be released on Third Party Custody and placed into the High Intensive Supervision Program of the Pretrial Services Agency conditioned on reasonable conditions including but not limited to electronic monitoring, work release and curfew. The additional conditions of release that we propose are:

(1) $200,000.00 cosigned by 2 financially responsible persons (frp), where both of Jake's parents are willing to cosign at $100,000.00 for each parent;

Page **25** of **27**
*United States v. Edward Jacob Lang -* **No. 1:21-cr-00053**
Defendant Lang's Motion for Bail to Place Defendant on
Conditional Release Pending Trial

(2) Jake's father will also put up collateral consisting of two parcels of land, totally

$100,000.00 in equity as collateral;

(3) Drug testing/treatment as directed by pre-trial services;

(4) Home incarceration;

(5) Electronic monitoring; and

(6) for Lang not to possess firearm/destructive device/other weapon.

These "combination of conditions of release would reasonably assure the safety of the

community." *Cf. United States v. Tanious*, No.21-3034 (D. C. Cir., Sept. Term 2020), 1:21-

cr-00222 (TFH) (*citing United States v. Munchel*, 991 F.3d 1273, 1282 (D.C. Cir. 2021).

**FINALLY**, if all forms of pre-trial release are denied, undersigned counsel

requests that this Court issue an order granting defendant Edward Jacob Lang the right

to possess in his cell at the D.C. Jail (or any place where he is incarcerated) a laptop[9]

that contains:

a.   All written discovery provided by the Government;

b.   All audio, video and electronic discovery provided by the government;

c.   The ability to email and receive emails from his attorneys in a confidential manner and not monitored;

---

[9] In the alternative to a laptop, another form of an electronic device, such as a tablet whereby Jake can review all the discovery, including audio/video and documentary evidence, and email his attorneys.

Page **26** of **27**
*United States v. Edward Jacob Lang* - **No. 1:21-cr-00053**
Defendant Lang's Motion for Bail to Place Defendant on
Conditional Release Pending Trial

d.  The ability to generate notes, documents, and other relevant materials to aid in his own defense in a confidential matter, that will not be reviewed or examined by any Government employee or agent (i.e., a corrections employee); and

e.  A guarantee that no one shall access the laptop in an effort to gain access to attorney client privileged materials.  The only people who shall have access to the computer shall be undersigned counsel (and their employees, agents and experts) and the defendant.

Dated:  August 23rd, 2021

_Martin Tankleff_

MARTIN H. TANKLEFF, ESQ.
STEVEN A. METCALF, ESQ.
**Metcalf & Metcalf, P.C.**
*Attorneys for Defendant*
99 Park Avenue, 25th Floor
New York, NY 10016
*Phone* 646.253.0514
*Fax* 646.219.2012
mtankleff@metcalflawnyc.com
metcalflawnyc@gmail.com

Page **27** of **27**
*United States v. Edward Jacob Lang* - **No. 1:21-cr-00053**
Defendant Lang's Motion for Bail to Place Defendant on
Conditional Release Pending Trial