IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

EDWARD JACOB LANG,

*Defendant*.

No. 21-CR-53 (CJN)

**DEFENDANT EDWARD JACOB LANG'S REPLY
TO DISMISS HIS
<u>18 U.S.C. § 1512 COUNT</u>**

The Federal Rules of Criminal Procedure state that an indictment must state the essential facts constituting the charged offense so an accused may prepare a defense. *U.S. v. Espy*, 23 F. Supp. 2d 1 (D.D.C. 1998); *See also* FED. R. CRIM. P. 7(c)(stating that an indictment must be written in "a plain, concise, and definite written statement of the essential facts constituting the offense charged."). Thus, an indictment will be found sufficient where it fairly informs with reasonable certainty the nature of the accusations and all elements constituting the offense so that the defendant is aware of the charges and may plead an acquittal or conviction in bar of future prosecutions. *Espy*, 23 F. Supp.2d at 1; *See also* FED. R. CRIM. P. 12(b)(3)(B) (highlighting a motion to dismiss may challenge "a defect in the indictment" if "the basis of the motion is then reasonably available and the motion can be determined without a trial on the merits.").

## I. OVERVIEW

Here, Count Nine of the Superseding Indictment charges Mr. Lang under 18 U.S.C. § 1512 (c)(2) with, "*attempted to*, and *did*, corruptly obstruct, influence, and impede an official proceeding, that is, a proceeding before Congress, specifically, Congress's certification of the Electoral College vote . . . ." (*See* Superseding Indictment at ECF Doc. #: 36).

Because the indictment fails to "state an offense", as to enable the accused to know the nature and cause of the charge and to make defense to it – Lang hereby moves to dismiss this Count. FED. R. CRIM. P. 12(b)(3)(B)(v). It is well settled that the allegations in the indictment are accepted as true[1], but rather here the issue is whether "the allegations, if proven, would be sufficient to permit a jury to find that the crimes charged were committed." *United States v. Bowdoin*, 770 F. Supp. 2d 142, 146 (D.D.C. 2011).

It is respectfully submitted that the government's opposition falls short on this precise point. While the government seeks to have this motion held in abeyance, as to allow it to present its case-in-chief to this Court first, we respectfully request that such position be rejected in its entirely.

The government's apparent focus is on a separate January 6th matter, which has already resulted in a conviction after trial. (*See* Government Opposition **Exhibits**

---

[1] *United States v. Sunia*, 643 F. Supp. 2d 51, 59-60 (D.D.C. 2009).

**A - B**). However, such case should not apply because the facts in such matter are wholly distinguishable from the allegations in this case.

Overall, the case of *Reffit* is inapplicable to Jake Lang's case because most, if not all, of the factors that applied in *Reffit's* § 1512 charge do not apply to this case. A cursory review of the minutes the Government attached as exhibits leads to the conclusion that *Reffit* was found guilty of a § 1512 charge primarily based on his preparation.

*Reffit* was alleged to have had zip ties, walkie talkies, body armor, and a handgun when he arrived at the capital on January 6th. Simply put, *Reffit* was alleged to have had a pre-meditated plan to stop what he thought was a stolen election.

For these reasons, and many more, it is respectfully submitted to this Court that the case primarily cited by the government in its opposition papers is wholly inapplicable to the case at hand.

## II. LAW AND ARGUMENT

### POINT ONE:

### THE GOVERNMENT IS EXCEEDING THE SCOPE OF THE CONGRESSIONAL INTENT OF THE 1512 STATUTE

18 U.S.C. § 1512 was neither enacted, nor has it applied to similar circumstances to this case that I can find.

The DOJ Manual, Tile 9, Number 1729 and the DOJ Achieves both state the exact same congressional intent, as follows:

> Section 1512 of Title 18 constitutes a broad prohibition against tampering with a witness, victim or informant. It proscribes conduct intended to illegitimately affect the presentation of evidence in Federal proceedings or the communication of information to Federal law enforcement officers. It applies to proceedings before Congress, executive departments, and administrative agencies, and to civil and criminal judicial proceedings, including grand jury proceedings. *See* 18 U.S.C. § 1515(a)(1). In addition, the section provides extraterritorial Federal jurisdiction over the offenses created therein. *See* 18 U.S.C. § 1512(g); 128 Cong. Rec. H8469 (daily ed. Oct. 1, 1980); H. R. Rep. No. 1369, 96th Cong., 2d Sess. 20-22 (1980).

(*See* DOJML Resource Manual TI9, § 1729, entitled "Protection of Government Processes –Tampering With Victims, Witness, or Informants—18 U.S.C. 1512"; (*See also* Department of Justice Achieves, available at, https://www.justice.gov/archives/jm/criminal-resource-manual- 1729-protection-government-processes-tampering-victims-witnesses-or (last visited April 28, 2022)).

Specifically, 18 U.S.C. § 1512 states:

(c) Whoever corruptly—

  (1) alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding; or

  (2) otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so.[2]

Again, § 1512(c)(2) does not make criminal the alleged actions against Lang on January 6, even if accepted as true.

Respectfully, § 1512 is a gross overcharge, when, for example, there are similar federal statutes such as 18 U.S.C. § 1505, containing practically similar language such as:

> Whoever corruptly, or by threats or force, or by any threatening letter or communication influences, obstructs, or impedes or endeavors to influence, obstruct, or impede the due and proper administration of the law under which *any pending proceeding* is being had before any *department or agency of the United States*, or the due and proper exercise of the power of inquiry under which any inquiry or investigation is being had by either House, or any committee of either House or any joint committee of the Congress--

As always, with statutory construction, the first question is whether Congress has directly spoken to the precise question at issue. As the Barr Memo highlights:

---

[2] Of course, the higher charge is § 1512, where the punishment states if convicted, a Defendant "shall be fined under this title or imprisoned not more than 20 years, or both." *Compare to* 18 U.S.C. 1505, which states "Shall be fined under this title, imprisoned not more than 5 years or, if the offense involves international or domestic terrorism (as defined in section 2331), imprisoned not more than 8 years, or both."

"Not only is an all-encompassing reading of § 1512(c)(2) contrary to the language and manifest purpose of the statute, but it is precluded by a fundamental canon of statutory construction applicable to statutes of this sort. Statutes must be construed with reference to the constitutional framework within which they operate." (*See* "the Muller Memo" at p. 6 attached as **Exhibit B** to our initial motion)(*citing Gregory v. Ashcroft*, 501 U.S. 452, 460 (1991)).

Here, the Congressional intent of § 1512 in light of the January 6 cases has led to the conclusion that such statute is quite ambiguous, and can be interpreted various ways. But, in stepping back and looking at the purpose of the statute, the DOJ archives, and DOJ manuals clearly state that purpose of § 1512 was to apply to cases there are allegations of "tampering with a witness, victim or informant." (*See* DOJML Resource Manual TI9, § 1729, *supra*). Or, as Senator Lott explained "the amendment's "purpose" was "[t]o deter fraud and abuse by corporate executives"— in line with the *Enron concern.*" *US v. Miller*, 1:21-cr-00119 (CJN) at p. 26 (ECF Doc. 72)(*citing* 148 Cong. Rec. S6542 (daily ed. July 10, 2002).

Next, if Congresses intent "is clear, that is the end of the matter, for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Young v. Community Nutrition Institute*, 476 U.S. 974, 980 (1986) (*quoting Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 842-44, 104 S. Ct. 2778, 2781-82 (1984)).

"If, however, the court determines Congress has not directly addressed the precise question at issue, the court does not simply impose its own construction on the statute, as would be necessary in the absence of an administrative interpretation." *Id.* Addressing this point, § 1512 is neither silent nor ambiguous with respect to the specific issue." *Id.* Therefore, there is no need for this Court "substitute its own construction of a statutory provision for a reasonable interpretation made by the administrator of an agency." *Id.*

Absent a "clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive." *Albernaz et al. v. United States*, 450 U.S. 333, 336 (1981) (*quoting Consumers Product Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980)).

Again, the Barr memo explains "Even if the statute's plain meaning, fortified by the "clear statement' rule, were not dispositive, the fact that § 1512 is a criminal statute dictates a narrower reading than Mueller's all encompassing interpretation." (*See* "the Muller Memo" at p. 8 attached as **Exhibit B** to our initial motion).

This means that if the scope of § 1512(c)(2) were to be found "ambiguous", under the "rule of lenity", such "ambiguity must be resolved against the Government's broader reading." (*See* "the Muller Memo" at p. 8 attached as **Exhibit B** to our initial motion)(*citing United States v. Granderson*, 511 U.S. 39, 54 (1994) (holding that "In these circumstances - where text, structure, and history fail to

establish that the Government's position is unambiguously correct - we apply the rule of lenity and resolve the ambiguity in [the defendant's] favor.")

Here, the "structure and scope of § 1512 also suggest that subsection (c)(2) has a narrow focus." *US v. Miller*, 1:21-cr-00119 (CJN) at p. 20 (ECF Doc. 72). Because there is a narrow focus on subsection (c)(2), the superseding indictment in this case is facially insufficient because it is not sufficiently clear and complete to show a violation of law, to enable the accused to know the nature and cause of the charge, and to make a defense to it. *U.S. v. Jackson*, 344 F.2d 158 (3d Cir. 1965) (indictment sufficient); *U.S. v. Smith*, 232 F.2d 570 (3d Cir. 1956); *U.S. v. Strauss*, 285 F.2d 953 (5th Cir. 1960) (indictment insufficient).

Under the narrow reading, "the scope of subsection (c)(2) is not limited by subsection (c)(1)—if "otherwise" either signals a clean break or means subsection (c)(1) is only an example fitting within (c)(2)'s scope . . . ." *US v. Miller*, 1:21-cr-00119 (CJN) at p. 21 (ECF Doc. 72)(*citing* § 1512(b)(1)). Regardless which purpose is applied, what is also clear is that "the weight of this legislative history is inconsistent with the government's position here" in the case against Jake Lang, and the allegations do not fit within § 1512 (c)(2). *Id.* at 26-27.

## POINT TWO:

### MR. LANG'S ALLEGED CONDUCT FALLS OUTSIDE THE SCOPE OF § 1512 (C )(2)

Applying the principles this Court applied in *Miller* establishes how an indictment must "give[] citizens fair warning of what conduct is illegal, ensuring that [an] ambiguous statute[] do[es] not reach beyond [its] clear scope." *US v. Miller*, 1:21-cr-00119 (CJN) at p. 21 (ECF Doc. 72)(*citing* Nasir, 17 F.4th at 473 (Bibas, J., concurring)).

### A. NO PRE-PLANNING, LANG WENT BY HIMSELF TO THE CAPITOL

Lang was wearing a dress shirt under his black jacket on J6 because he was looking for job opportunities in Washington, D.C.

The record is devoid a showing that Lang communicated with others or a group of others prior to J6 about going to the Capitol that day. The record is also devoid a showing that Lang went to the Capitol with a single other person. Simply stated, there is not a single showing that Lang acted in a pre-planned manner. Rather, he was at a place in time, where officers got extremely violent, and Lang reacted, in a manner to save other citizen's lives.

The cases the government cites, involve cases where the defendant actually entered the building with an alleged specific plan. Lang, however, is not alleged to have had a plan and attempted to take action on it. Lang walked right into a situation where police brutality was being inflicted on peaceful protesters. Lang was right

were bodies were be trampled on, an was attempting to get people out of the mess. For over two and a half hours, Lang never even bothered to enter the building, let alone with a pre-planned purpose. Most importantly, the superseding indictment does not state or allege conduct that Lang took a single action with respect to a document or record that "otherwise" obstructed or influenced Congress's certification of the electoral vote.

### A. EDWARD JACOB LANG DID NOT BRING ANY WEAPONS TO THE CAPITOL AND DID NOT TAKE ANY ACTION WITH RESPECT TO ANY DOCUMENTS OR RECORDS.

Overall, § 1512(c)(2) must be interpreted "as limited by subsection (c)(1), and thus requires that the defendant have taken some action with respect to a document, record, or other object in order to corruptly obstruct, impede or influence an official proceeding." *US v. Miller*, 1:21-cr-00119 (CJN) at p. 28 (ECF Doc. 72).

Here, nothing in Count Nine of the superseding indictment alleges, or implies, that Lang took any action, or some action with respect to a document, record, or other object to "otherwise" obstruct, impede or "influence Congress's certification of the electoral vote. The indictment allegations rather allege situations where Mr. Lang assaulted or attempted to assault officers, by means of using a shield (which was at the capitol), a baseball bat (which was brought to the capitol by another), and by means of kicking with his feet.

The point is the record here is devoid a single showing the Lang brought any weapons with him to the Capitol on January 6th, or that he took any action with respect to a document, record, or other object that "otherwise" obstructed, impeded or influenced an official proceeding. In light of this, such allegations fall outside the scope of a 1512 charge.

### B. THE UNLAWFUL CONDUCT AND EXCESSIVE FORCE OF LAW ENFORCEMENT, AGAIN MUST BE TAKEN INTO CONSIDERATION

Yet again, if Lang's actions are to be considered in a vacuum, and his alleged attempted assaults are going to be used against him in every single stage of this process, then it must also be considered that he has a valid "justification" defense. Mr. Lang's actions actually saved other people's lives. He was caught in a vicious circle of violence, where officers were actually beating people to death. Lang acted in a manner where at least two other US citizen's credit Lang with saving their lives. The important part of this statements is that these other citizens believed at the time that the Capitol Police were actually going to kill them.

The conduct of law enforcement on January 6, 2021, needs to be taken into consideration when one considers the actions of individuals at The Capitol that day, and the specific allegations against a particular defendant. Not everyone intended to act the way the government has portrayed them. Some responded, not out of wanting to harm officers, but in an effort to save lives. Lang showed up as an

American with no plan. Upon being beat by police and seeing others physically attacked, Lang was forced into action.

Lang never planned any action other to have his voice be heard. He never planned or is alleged to have planned to obstruct, manipulate, or have taken any action with respect to a document or record that influenced an official proceeding.

## CONCLUSION

The government's argument in opposition to dismiss the 1512 count is devoid merit, and therefore must not even be considered by this court, especially in light o this Court's decision in *Miller*.

**WHEREFORE**, for the foregoing reasons, and any others which may appear at a full hearing on this matter, and any others this Court deems just and proper, defendant, Jake, through counsel, respectfully requests that Count Nine of the Superseding Indictment be dismissed with prejudice.

Dated: April 29, 2022

Respectfully Submitted,

*/s/ Steven A. Metcalf II, Esq.*
_____
STEVEN A. METCALF II, ESQ.
**Metcalf & Metcalf, P.C.**
*Attorneys for Lang*
99 Park Avenue, 6th Floor
New York, NY 10016
*Phone* 646.253.0514
*Fax* 646.219.2012
metcalflawnyc@gmail.com