# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | |
| | : | **Case Number 1:21-cr-00053-CJN** |
| **EDWARD JACOB LANG,** | : | |
| | : | |
| **Defendant.** | : | |

## UNITED STATES' RESPONSE IN OPPOSITION
## TO DEFENDANT LANG'S MOTION FOR A HYBRID DEFENSE

The United States of America, by and through its attorney, the United States Attorney for

the District of Columbia, respectfully submits that this Court should deny defendant Edward Jacob

Lang's untimely Motion For A Hybrid Defense, ECF 112.  His motion incorrectly asserts that

Lang may, as a matter of right, assume the role of co-counsel for select portions of his trial and

other unspecified proceedings, when in fact this disfavored practice is entirely a matter within this

Court's discretion to grant or deny.  Lang provides no valid reason for an exercise of discretion

allowing for what is known as a hybrid representation, and his motion does not consider or address

multiple factors that provide compelling reasons to reject his application.

### RELEVANT PROCEDURAL HISTORY

Federal agents arrested defendant Lang on January 16, 2021 for his role in the January 6,

2021 attack on the United States Capitol.  A  superseding indictment, ECF 36, charges Lang with

serious felonies, including several assaults on federal officers.[1]  This Court has scheduled Lang's

---

[1] The charges currently include Assaulting, Resisting, or Impeding Certain Officers with a Deadly
or Dangerous Weapon, in violation of 18 U.S.C. § 111(a) and (b);  Assaulting, Resisting, or
Impeding Certain Officers, in violation of 18 U.S.C. § 111(a); Civil Disorder, in violation of 18
U.S.C. § 231(a)(3); Obstruction of an Official Proceeding, in violation of 18 U.S.C. § 1512(c)(2);
Disorderly and Disruptive Conduct in a Restricted Building or Grounds, with a Deadly or

trial for October 10, 2023.  ECF 111.

Lang now moves for leave to assume the role of co-counsel for unspecified pretrial proceedings and for his trial. ECF 112 at 1 (Lang seeks representation by "both himself and counsel in this instant proceedings [*sic*], especially during his upcoming trial"), at 4 (Lang "is unambiguously requesting to give the opening statement and closing argument, to conduct certain witness examinations and to address this Court in legal arguments" while "co-counsels conduct specific portions of these activities").  As explained below, his arguments for permitting a disfavored hybrid representation are contrary to law and otherwise ill-advised.  They do not support an exercise of this Court's discretion granting the relief Lang requests.

## LEGAL STANDARD

A defendant's right to conduct his own defense does not require a judge to permit hybrid representation.  *United States v. Sanders*, 778 F.3d 1042, 1046-47 (D.C. Cir. 2015) (citing *McKaskle v. Wiggins*, 465 U.S. 168, 183 1984)) (other internal citations omitted).  The practice is disfavored.  *See United States v. Nivica*, 887 F.2d 1110, 1121 (1st Cir. 1989) ("hybrid representation is to be employed sparingly"); *United States v. Vizcarra-Millan*, 15 F.4th 473, 488 (7th Cir. 2021) (hybrid representation is "generally to be avoided"), *cert. denied sub nom. Grundy v. United States*, 142 S.Ct. 838 (2022); *United States v. Kosmel*, 272 F.3d 501, 506 (7th Cir. 2001) ("this Circuit clearly disfavors any form of hybrid representation"); *United States v. Miller*, 561 Fed.Appx. 485, 488 (6th Cir. 2014) (explaining that hybrid representation is generally prohibited).  Whether or not to permit a defendant to act as co-counsel is a decision subject to the trial judge's

---

Dangerous Weapon, in violation of Title 18 U.S.C. § 1752(a)(2) and (b)(1)(A); Engaging in Physical Violence in a Restricted Building or Grounds, with a Deadly or Dangerous Weapon, in violation of Title 18 U.S.C. § 1752(a)(4) and (b)(1)(A); Disorderly Conduct in a Capitol Building, in violation of Title 40 U.S.C. § 5104(e)(2)(D); Physical Violence in the Capitol Grounds or Buildings, in violation of Title 40 U.S.C. § 5104(e)(2)(F).

discretion.  *United States v. Tarantino*, 846 F.2d 1384, 1420 (D.C. Cir. 1988) (citing *United States v. Mosely*, 810 F.2d 93, 97 (6th Cir.), *cert. denied,* 484 U.S. 841 (1987)); *United States v. Edwards*, 101 F.3d 17, 19 (2d Cir. 1996) ("The decision to grant or deny 'hybrid representation' lies solely within the discretion of the trial court") (internal citation omitted); *United States v. Lamm*, 5 F.4th 942, 950 (8th Cir. 2021) (it is "well within" the district court's discretion not to allow hybrid representation);  *United States v. Williams*, 791 F.2d 1383, 1389 (9th Cir.) ("Whether to allow hybrid representation, where the accused assumes some of the lawyer's functions, is within the sound discretion of the judge"), *cert. denied*, 479 U.S. 869 (1986); *United States v. LaChance*, 817 F.2d 1491, 1498 (11th Cir. 1987) ("the decision to permit a defendant to proceed in a hybrid fashion rests in the sound discretion of the trial court").

## ARGUMENT

### I.    Lang Has No Constitutional Or Statutory Right To Hybrid Representation

#### A.  There Is No Constitutional Right To Hybrid Representation

Lang maintains that he has an "absolute constitutional right to a hybrid defense."  ECF 112 at 5 (capitalization omitted).  He does not under the law of this jurisdiction, *e.g. Sanders*, 778 F.3d at 1046-47, or any other.  *Nivica*, 887 F.2d at 1121 (a defendant has a sixth amendment right to counsel and a corresponding right to proceed without counsel, but these two rights are mutually exclusive, and a defendant has no right to hybrid representation); *Edwards*, 101 F.3d at 19 (defendant had no right to hybrid representation and "there is no such right" for a defendant to conduct arguments and have counsel examine him when he testifies); *United States v. Moro*, 505 Fed.Appx. 113, 115 (3d Cir. 2012) ("A criminal defendant has no right to "hybrid" representation") (quoting *McKaskle v. Wiggins*, 465 U.S. 165, 183 (1984)); *see also United States v. Turner*, 677 F.3d 570, 578 (3d Cir. 2012) (notwithstanding prohibition in local appellate rule,

*pro se* defendants had no right to hybrid representation); *United States v. Moore*, 586 Fed.Appx. 129, 130 (4th Cir. 2014) (citing *McKaskle* and *United States v. Singleton*, 107 F.3d 1091, 1100-03 (4th Cir. 1997)); *United States v. Bowdach*, 561 F.2d 1160, 1176 (5th Cir. 1977) (rejecting argument that right to self-representation necessarily comprehends the right to act as co-counsel); *Mosely*, 810 F. 2d at 97-98; *United States v. Patterson*, 576 F.3d 431, 436 (7th Cir. 2009) (a defendant does not have a right to hybrid representation), *cert. denied*, 559 U.S. 906 (2011); *Lamm*, 942 F.4th at 950 (a defendant does not have a constitutional right to hybrid representation); *Williams*, 791 F.2d at 1389 (a criminal defendant does not have an absolute right to serve as co-counsel); *United States v. Hill*, 526 F.2d 1019, 1025 (10th Cir. 1975) (there is no indication of a constitutional right to hybrid representation); *LaChance*, 817 F.2d at 1498 (right to counsel and right to self-representation exist in the alternative).

Lang's attempt to address *McKaskle v. Wiggins*, 465 U.S. 168 (1984), uncovers no support for a constitutional right to hybrid representation.  In *McKaskle*, a *pro se* defendant filed a post-conviction challenge objecting that the appointment of stand-by counsel deprived him of his right to self-representation.  The Court rejected the view that the right to appear *pro se* barred the unsolicited participation of stand-by counsel.  Additionally, *McKaskle* outlined limits on the role of stand-by counsel, explaining that self-representation rights under *Faretta v. California*, 422 U.S. 806 (1975) would be eroded when stand-by counsel made or substantially interfered with a *pro se* defendant's significant tactical decisions, controlled the questioning of witnesses, or spoke instead of the defendant on any matter of importance.  465 U.S. at 178.  As these limitations demonstrate, stand-by counsel for a *pro se* defendant does not perform in the same capacity as co-counsel.[2]

---

[2] Under *McKaskle*, the proper scope of stand-by counsel's activity includes providing aid to a defendant when requested, assuming representation of a defendant if the right to self-representation must be terminated, *id*. at 176, assisting with procedural or evidentiary obstacles,

Lang's efforts to equate stand-by counsel with co-counsel are not supported under *McKaskle*'s description of the former. His argument that hybrid representation should be accepted because it mirrors the practice of appointing stand-by counsel for self-represented defendants is unfounded.

Indeed, the *McKaskle* opinion explained that *Faretta*'s determination of a sixth amendment right to self-representation "does not require a trial judge to permit 'hybrid' representation" and cautioned that a "defendant does not have a constitutional right to choreograph special appearances by counsel." *Id*. at 183. Thus, as reflected in the cases cited above, *McKaskle* is typically referenced to establish the absence of any right to hybrid representation and contradicts the assertion of any such right in Lang's motion. In this case, Lang is not representing himself. He has made no request to represent himself without counsel. The right to control a defense that *McKaskle* and *Faretta* afford to *pro se* defendants therefore does not apply to Lang. Under its explicit terms, *McKaskle* refutes Lang's claim of a constitutional right to hybrid representation. This Court should reject his argument that such a right exists.

## B. No Statutory Right To Hybrid Representation Exists

In passing, and without analysis, Lang mentions 28 U.S.C. § 1654. ECF 112 at 1. That statute provides:

> In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.

28 U.S.C. § 1654. The statute makes no reference to hybrid representation. It states disjunctively that parties may conduct their own cases "personally or by counsel". Accordingly, courts have rejected arguments that Section 1654 supports a right to hybrid representation. *United States v.*

---

and helping a *pro se* defendant comply with courtroom protocol and procedure, *id*. at 183-84. Such functions, however, are not equal to the tasks performed or authority exercised by an attorney in the role of co-counsel.

*Shea*, 508 F.2d 82, 86 (5th Cir. 1975); *United States v. Rohner*, 634 Fed. Appx. 495, 505 (6th Cir. 2015); *United States v. Halbert*, 640 F.2d 1000, 1009 (9th Cir. 1981); *United States v. Hill*, 526 F.2d 1019, 1025 (10th Cir. 1975); *United States v. Zielie*, 734 F.2d 1447, 1454 (11th Cir. 1984), *abrogated in part on other grounds by Bourjaily v. United States* 483 U.S. 171 (1987) (addressing co-conspirator exception to hearsay rule).

Lang offers no authority supporting any claim that Section 1654 creates a right to hybrid representation, and the United States has found none. The text of the statute does not support such a claim. Accordingly, this Court should reject Lang's claim to hybrid representation as a matter of right.

## II.      This Court Should Decline To Exercise Its Discretion To Permit Hybrid Representation

Inconsistently with his claim of an absolute constitutional right to hybrid representation, Lang's motion also appears to acknowledge that such representation is subject to this Court's discretion. ECF 112 at 6  ("It is undisputed that the ultimate decision concerning whether to allow such an arrangement is within the discretion of the presiding judge"). Any agreement, however accurate, that resolution of Lang's application is a matter for this Court's discretion only begins the analysis of his motion for hybrid representation. The Court must still determine how to exercise its discretion. Lang's motion fails to offer any valid reason for this Court to grant his request.

At most, Lang invokes reasons why hybrid representation might ameliorate problems which apply to *pro se* defendants, but not to represented defendants like himself. *See* ECF 112 at 1-2 (referencing the right of *pro se* litigants to control their own defense) at 5 (hybrid representation alleviates 'frustration' with *pro se*  representation) at 6 (hybrid representation has allegedly developed as a means of addressing problems associated with *pro se*  defendants).   Lang  is not

before this Court as a *pro se* litigant, and he has not made any request, unequivocal or otherwise, for that status.  Until he makes an unequivocal request for self-representation and this Court makes the findings *Faretta* requires, he does not have *pro se* status and is not entitled to the control of his defense afforded to *pro se* defendants.  *Faretta*, 422 U.S. at 820 (when a defendant chooses to have a lawyer manage and present his case, law and tradition may allocate to counsel the power to make binding decisions of trial strategy in many areas); *United States v. Reynoso*, 38 F.4th 1083, 1095 (D.C. Cir. 2022) ("The invocation of the right to counsel involves a delegation of decision-making responsibility from the accused to his lawyer").  Lang, who has invoked the right to counsel and is represented by two attorneys, cannot persuasively justify hybrid representation by claiming the control over his defense afforded to those representing themselves.

Apart from his inapplicable analogy to *pro se* defendants, Lang offers no reason for this Court to permit hybrid representation, which itself provides sufficient grounds to deny his motion. *See, e.g., United States v. Olano*, 62 F.3d 1180, 1193 (9th Cir. 1995).   The defendant in *Olano* was charged with bank fraud and kickback schemes and wanted to conduct portions of his trial because he believed he had greater expertise than his counsel in banking and real estate law. *Id*. at 1193.  Olano was chairman of a financial institution and had his own law office.  *Id*. at 1186.  The trial judge denied the request, because Olano did not demonstrate why he could not communicate his expertise to counsel and thus he had no special need for hybrid representation. *Id*. at 1193.  *See also Mosely*, 810 F.2d at 98 (no abuse of discretion denying hybrid representation which defendant sought because he was an attorney and a judge with state and federal bar memberships); *United States v. Sacco*, 571 F.2d 791, 793 (4th Cir. 1978) (a district court need not permit a defendant to appear as co-counsel absent a showing of special need; defendant's claim that his greater familiarity with the facts of his case did not show special need); *United States v. Tutino*, 883 F.2d

1125, 1141 (2d Cir. 1989) (denying request where defendant offered no compelling reason to justify appearance as co-counsel); *United States v. Swinton*, 400 F.Supp. 805, 806-07 (S.D.N.Y. 1975) (denying hybrid representation where defendant failed to show compelling need to act as co-counsel); *United States v. Silvers,* No. 5:18-CR-00050-TBR, 2020 WL 6747317, at *2 (W.D. Ky. Nov. 17, 2020) (denying motion for hybrid representation where defendant did not claim to have expertise superior to that of counsel and showed no special need for his request).  Because Lang has failed to provide any reason, compelling or otherwise, for an exercise of discretion permitting him to act as co-counsel, his motion should be denied.

Moreover, courts disfavor hybrid representation for multiple reasons that weigh against permitting Lang to act as co-counsel in this case.  These reasons include the risk that a defendant will, in effect, testify without being subject to cross-examination.  *United States v. Washington*, 353 F.3d 42, 46 (D.C. Cir. 2004) (denying defendant's request to conduct closing argument); *United States v. Tucker*, 12 F.4th 804, 815 (D.C. Cir. 2021) (evasion of cross-examination was one, but not the only, reason, to reject defendant's request to make his own closing argument), *cert. denied*, 142 S.Ct. 2823 (2022); *United States v. Crozier*, 640 Fed.Appx. 100, 102 (2d Cir. 2016) (summary order affirming denial of defendant-attorney's request to act as co-counsel because defendant could use role as co-counsel to make statements to jury while avoiding cross-examination); *United States v. Chavin*, 316 F.3d 666, 672 (7th Cir. 2002) (primary concern with hybrid representation was defendant's ability to address jury without being cross-examined; rejecting argument that defendant's assurances that he would testify allayed these concerns because defendant could change his mind and court had no way to compel the defendant's testimony); *United States v. Persico*, 441 F.Supp.2d 213, 220 (E.D.N.Y. 2006) (noting "real risk" of jury confusion in distinguishing when defendant is an advocate and when he is a witness);

*United States v. Shakur*, No. SSS82 Cr. 312-CSH, 1987 WL 15127 at *1 (S.D.N.Y. July 29, 1987) (although understandable, "paramount importance [the defendant] attaches to his 'desire to impress upon the Court and the jury his innocence'" increased temptation arising from the role of co-counsel to relate his story through questions or summations without the necessity of undergoing cross-examination).[3]   Lang's motion does not address concern with evasion of cross-examination even as it "unambiguously" states Lang's request to address the jury in both opening statement and closing arguments.   ECF 112 at 4.

Lang claims that hybrid representation will provide greater efficiency and reduce the need to address arguments during trial.   *See* ECF 112 at 1.   Courts have reached the opposite conclusion. *See  Bowdach*, 561 F.2d at 1176 ("A district court cannot act with efficiency where witnesses are questioned by both attorneys and by defendants"); *Mosely*, 810 F.2d at 97 (noting potential for undue delay, jury confusion, and almost inevitable possibility of disputes and trial conflicts); *United States v. Oreye*, 263 F.3d 669, 673 (7th Cir. 2001) (observing that even during an appeal, where time for cross-examination has long passed, "hybrid representation confuses and extends matters"); *United States v. Kosmel*, 272 F.3d 501, 506 (7th Cir. 2001) (referencing "systemic problems" with hybrid representation that include "prolongation of the trial"); *United States v. Durden*, 673 F.Supp. 308, 309-10 (N.D. Ind. 1987) (denying hybrid representation prior to trial because of the presumption that counsel is competent, the deference provided to counsel's selection of motions to be filed, and the burden of hybrid representation on judicial resources). Considerations of efficiency and conservation of judicial resources weigh against Lang's application to serve as his own co-counsel.

---

[3] In *Shakur*, the district court also found reason for concern in the highly charged nature of that case and the defendant's perception that the case was political in nature.   Such concerns are applicable here, as substantiated by further discussion below.

In addition, considerations specific to Lang weigh against permitting him to act as co-counsel. In such a role, a defendant must adhere to legal rules as well as courtroom protocol and procedure. This Court has well-documented reasons to doubt that Lang will do so. For example, Lang has refused to comply with this Court's order regulating discovery, ECF 18, by signing an acknowledgment that order's requirements. He has abused Bureau of Prisons regulations meant to facilitate his access to counsel and compromised the security of one BOP facility. ECF 92-1 (Declaration of Jennifer Knepper). Despite receiving notice that his calls from detention violate the policy of the United States Marshals Service (USMS), Lang continues to violate this policy. Lang has openly acknowledged that his public statements to various media outlets may cause him to be disciplined but remains undeterred and defiant. *See, e.g.,* ECF 71 at 25, n. 12 (providing examples). None of these facts promote confidence in his ability to follow rules during his trial or any other context.

In his public statements, Lang has repeatedly expressed his position that this Court lacks legitimacy. In May, 2022, he broadcast his opinion that he and other January 6 defendants confronted "incredibly biased jury pools in Washington, D.C., corrupt federal judges that are bent, um, paid, bought and paid for by the Democrat party, the regime, Joe Biden's incredibly tyrannical regime that has all these judges throwing heinous sentences at January Sixers ..."[4] In a recorded and publicly available interview from July 27, 2022, Lang stated his intention to win his trial "by whatever means possible," including "jury nullification".[5] *Compare United States v. Childress*,

---

[4] https://rumble.com/v2y6hgq-dr-stella-discuss-her-plandemic-preparedness-kits-and-silk-play-j6-jake-lan.html at timecode 7:50 (last checked July 10, 2023).
[5] The interview, which appears to have occurred in violation of Marshal's Service policy, is currently available at https://www.ivoox.com/exclusive-interview-with-j6-prisoner-currently-held-in-audios-mp3_rf_90363407_1.html at timecode 28:26 (last checked July 10, 2023). The United States can provide a copy of the recorded interview if requested.

746 F.Supp. 1122, 1140 (D.D.C. 1990) (counsel may not argue jury nullification in closing argument); *United States v. Navarro*, 22-cr-200 (APM), ---F.Supp.3d ---, 2023 WL 371968 at *16 (D.D.C. Jan. 19, 2023) (same); *United States v. Washington*, 705 F.2d 489, 494 (D.C. Cir. 1983) (defendant has no right to have the court instruct the jury on its power to nullify).   On July 6, 2023, in another publicly available interview given in apparent violation of USMS policy and just days after his attorneys filed the instant motion, Lang stated: "These federal judges are no good. They are just as biased as the DC liberal jury pool"; that the Department of Justice was feeding January 6 defendants to "the most biased and wicked judges, prosecutors, and jury pools that America has to offer"; "we all know we'll be wrangled up and herded into fake show trials and sentenced to decades in prison" and "we go into these courtrooms and we have no semblance of justice.  We are being found guilty before we even walk into the courtroom".[6]

Lang is entitled to his opinions.  But his belief in this Court's illegitimacy and bias hardly make him a good candidate to assume a role that includes behaving as an officer of the court whose fairness and authority he disputes.  His statements do not forecast compliance with courtroom procedure and protocols.  They do not inspire confidence that Lang will adhere to this Court's evidentiary rulings or refrain from communicating prejudicial information to a jury.  The importance of this case to Lang, his belief that his prosecution is political, and the charged nature of the case for Lang are even stronger than they were for the defendant in *Shakur*, cited above.  All of these factors weigh against any exercise of discretion allowing Lang to function as co-counsel.

## CONCLUSION

Lang's claim of a constitutional right to hybrid representation is contrary to well-settled

---

[6] https://rumble.com/v2p5pcc-ep19-confirmation-of-the-adminstative-state-coup-and-fbi-violence-on-j6-wit.html at timecode 41:10-42:48 (last checked July 10, 2023).

precedent.  Although this Court may exercise discretion to permit Lang to act as co-counsel with

the attorneys who represent him, such hybrid representation is disfavored.  Lang provides no valid

reason and identifies no special need for hybrid representation in his case, and Lang himself has

provided multiple reasons to conclude he is not a good candidate to overcome the "systemic

problems" of combining self-representation with representation by counsel.  Accordingly, his

motion to permit hybrid representation should be denied

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

By:      *s/Karen Rochlin*
Karen Rochlin
Assistant United States Attorney Detailee
DC Bar No. 394447
99 N.E. 4th Street
Miami, Florida 33132
(786) 972-9045
Karen.Rochlin@usdoj.gov

Craig Estes
Assistant U.S. Attorney Detailee
John Joseph Moakley Federal Courthouse
1 Courthouse Way
Boston, MA 02210
(617) 748-3100
Email: craig.estes@usdoj.gov