

# EXHIBIT A

Metcalf & Metcalf, P.C.
99 Park Avenue, 6th Floor
New York, NY 10016
646.253.0514 (*Phone*)
646.219.2012 (*Fax*)

# NYF

## NEW YORK FORENSIC

N.G. BERRILL, PH.D.

DIRECTOR

DRBERRILL@GMAIL.COM

December 22, 2023

Steven A. Metcalf II, Esq.
Metcalf & Metcalf, PC
99 Park Avenue, 6th floor
New York, NY  10016

Re:   **LANG, Edward Jacob**

Dear Mr. Metcalf:

I have had the opportunity to review the documents sent to the United States District Court for the District of Columbia, The United States of America versus Edward Jacob Lang, Defendant.  It is my understanding that the clinical question at hand relates to how Mr. Lang's incarceration and the conditions he has confronted while incarcerated interfere with his ability to adequately prepare for trial.

I had the opportunity to interview Mr. Lang by telephone on 11/14/23.

The following information was provided: Mr. Lang is 28-years old, born 4/7/95.  He indicated that he has spent 36 months incarcerated in connection to the instant offense.  He spent 23 months in solitary confinement and was

26 Court Street, Suite 1711, Brooklyn, NY 11242 (718) 237-2127 / Mobile: (516) 448-5969 / Fax: (718) 228-7341
45 North Station Plaza, Suite 404, Great Neck, NY 11021 (516) 448-5969
139 Manhattan Avenue, 1st Floor, New York, NY 10025 (516) 448-5969
www.nyforensic.com

in the SHU, where he spent 4 months in solitary consisted of 23 hours in a cell a day, 14 months in solitary consisted of 22 hours in a cell a day, and 4 months in solitary consisted of 20 hours in a cell a day.

Mr. Lang stated that he has not been outside for six months, has no fresh air in his cell, nor does he have exposure to sunlight.

Mr. Lang complained that he suffered sleep deprivation, pointing out that a corrections officer knocks on his door every half hour, making it difficult to sleep. He reported that there is no place, other than his bed, to sit in his cell and thus, he often lies on the floor and also eats his meals on the floor.

Mr. Lang reported that his cell is freezing at night and that the walls "sweat," noting that it is approximately 60 degrees in his cell. He stated that he sleeps with four layers on top of him in bed because he is terribly cold at night. Mr. Lang noted that he does not want to get out of bed and feels as though he is "hibernating."

Generally speaking, he is permitted 15-minute phone calls when the jail permits him to speak to someone.

He reported that his cell is filled with black mold and that he needs to scrub the vents in his cell in order to avoid becoming ill. Apparently, Mr. Lang's cell is located in the basement of the jail/ground level. He reported that there are rats, mice and cockroaches that often enter his cell. As such, he indicated that he needs to cover his food to avoid having mice crawl into his food.

Mr. Lang stated that he eats his food on the cold floor and characterized his conditions as "inhumane."

Since his incarceration, Mr. Lang reported that he has been sent to 13 different prisons and believes that he is treated poorly in order to convince him to take a "plea deal."

Further, he indicated that his cell is often "tossed" by corrections officers and that evidence he has accrued on his behalf often goes missing.

Mr. Lang noted that he has a voluminous number of videos related to the instant offense which he has tried to review, pointing out that he needs to access the internet in order to take notes and look carefully at the videos. He reported that he has been provided with an outdated laptop computer, the circumstances make it difficult to collaborate and assist his legal team in an adequate manner.

Socially, Mr. Lang stated that he has no opportunity for social interaction, is not able to practice his religion and is not visited by a chaplain.

Given his "bleak" environment, he reported that he is not capable of mounting a strong and capable defense with his attorney. He indicated that it is his hope that he will be provided with a bond or bail in order to return home so he can visit with his attorney and access "modern technology" so he can work on his defense with his attorney.

Mr. Lang reported that he believes he is at a severe disadvantage, given the circumstances in which he is currently being incarcerated and as such, cannot adequately prepare for trial which, he indicated, he intends to do but wants to have a "fair and speedy trial."

In essence, Mr. Lang reiterated that he wants to be able to review all relevant legal documents on a good, working laptop, not have his notes "disappear" from his cell and noted that he is afforded no privacy.

He stated that he is petitioning the Court to release him on bail and has no problem with home confinement and wearing an ankle monitor. He noted that he would like to meet with his attorney regularly and attend religious

3

services.

Mr. Lang reported that if the Court would send him to live with his father in upstate New York or his mother, in West Palm Beach, that would be a workable solution.

He indicated that his psychological burden reflects the conditions under which he is being incarcerated and feels as though he is not getting a "fair shot" on building a defense with his attorney.

Mr. Lang reiterated that by law, he remains "innocent until proven guilty."

He reported that given the terrible conditions in which he is being incarcerated, there is significant tension in the jail.

Given the tension that exists at the jail, the hostility and the deplorable conditions, it is this clinician's professional opinion that Mr. Lang is unable to effectively assist his attorney in working on his defense. In essence, Mr. Lang can most effectively assist his attorney if he is permitted by the Court to be released from incarceration in order to work on his case.

In conclusion, with these conditions of confinement, anyone subjected to this environment cannot possibly adequately assist in his own defense or contribute in a meaningful manner. A combination of the psychological treatment at the jail in conjunction with the jail infrastructure creates an environment not-conducive to being able to prepare for a complex criminal case. In order to prepare a defense in a high profile, complicated, criminal case - such requires an environment conducive to, high level, intelligent thinking and processing. Once these conditions have changed Mr. Lang, who is intelligent and articulate, and computer savvy, will be in environment much more effective to be able to assist in his legal defense.

Sincerely,

_____
N.G. Berrill, Ph.D.
Consulting Forensic Psychologist

NGB/jp

5