## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____  )
                                         )
UNITED STATES OF AMERICA,                )
                                         )
    *v.*                       )  No. 21-CR-53 (CJN)
                                         )
EDWARD JACOB LANG,                       )
                                         )
    *Defendant.*              )
_____  )

### LANG'S EMERGENCY SUPPLEMENTAL BOND APPLICATION ON AN EXPEDIATED BASIS BASED ON NEW FACTS AS OF FEBURARY 6, 2024

Now comes EDWARD JACOB LANG, by and through his undersigned counsel, and moves this Court to consider Lang's motion to reopen his bond application on an expedited basis because of the following:

(1) Lang was unexpectedly transferred on February 6, 2024;

(2) Lang was transferred from CTF (central treatment facility) to CDF (central detention facility), a higher security unit of the jail, which places him in a hostile environment and exposes him to safety concerns in serious danger;

(3) Lang's computer privileges were taken away which hinders his ability to view and review his discovery;

(4) Lang has continued to be denied his Sixth Amendment right to participate in and conduct his own defense;

(5) During such transfer, all of Lang's legal documents have disappeared or been destroyed including but not limited to his

laptop, the flash drives I provided him, and all of his detailed legal notes and records;

(6)     Upon information and belief, Lang has been disconnected from his tablet and is not able to speak to any family members or loved ones; and

(7)     The D.C. jail and the Marshall's office are not providing information regarding the reason for such transfer and to date the only information counsel has been able to obtain was that Lang was removed for a "security or separation issue".

For no articulable reason, Lang was removed from CTF to CDF, a completely different and more tumultuous environment where he is exposed to a more vast and dangerous group of inmates. Upon information and belief, others in this new unit, including the guards make false allegations against J6 defendants in an effort to have them verbally and physically attacked.

In light of such concerns, on February 7, 2024, I emailed the jail at dcd-pc@usdoj.gov, inquiring as to why Lang was transferred and informed the jail that Lang was placed in a hostile environment, where I have potential safety concerns for his well-being. Supervisory Deputy L. Brown responded to the email I sent, and did not give any reasoning why Lang was transferred. (*See* **Exhibit A**: Email Correspondence with Supervisory Deputy L. Brown). Simply put, Mr. Lang does not feel safe where he is currently housed. All calls and messages left to Supervisory Deputy L. Brown have not been returned.

Mr. Lang's identity, in of itself, places him in harm's way of other inmates who affiliate those arrested on January 6th with being racists, bigots or just Trump supporters in general.

Today, I was also informed by Lang's significant other that she and his family have been unable to reach him as his name has been removed from the "tablet program". In effect, he is unable to be reached by his family members.

In general, Lang should not be cut off from the outside world and his attorneys. Additionally, all of his legal work should not be destroyed and stripped from him. We have made it abundantly clear that Lang is a vital part of his own defense and under these circumstances we are not able to progress or proceed appropriately.

Respectfully, months and months of legal work has literally just been destroyed.

Thus, Lang's inability or the limited ability to access trial materials constitutes a Sixth Amendment violation. *United States v. Darden*, 2017 U.S. Dist. LEXIS 137942, at 6 (M.D. Tenn. Aug. 28, 2017) (holding that defendant's inability to access discovery in jail, if uncorrected, would create Sixth Amendment problem). Lang needs to be a more active member in his own defense under the Sixth Amendment, which cannot be stressed enough.[1]

---

[1] Again, as stressed in our most recent Bond application, Mr. Lang needs to be able to assist in his defense in obtaining all his trial witnesses and trial exhibits, while also being able to make edits to

For the aforementioned reasons, this Court should hear Lang's Motion to Reopen his Bond an expedited and emergency basis.

Wherefore, he respectfully requests that this Honorable Court order his bond application be reopened on an expedited basis.

Dated:  February 8, 2024

Respectfully Submitted,

*/s/ Steven Alan Metcalf II*

STEVEN A. METCALF II, ESQ.
Metcalf & Metcalf, P.C.
99 Park Avenue, Suite 810
New York, NY 10016
(*Office*) 646.253.0514
(*Fax*) 646.219.2012

---

certain video evidence that is going to be used against him in trial. For example, the Government is able to place red boxes around individuals and play the clips in slow motion. Lang has been integral in doing the same for potential Defense exhibits. Lang is in a unique position to substantially assist in each of these factors, which are examples and an non-exhaustive list of him being an asset to his own defense.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing has been served upon counsel for all parties to this proceeding as identified below through the court's electronic filing system as follows:

/s/

_____

STEVEN A. METCALF II
*Attorney for Edward Jacob Lang*

Dated: 2/8/2024