UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>　v.<br><br>EDWARD JACOB LANG,<br><br>　Defendant. | Case No. 1:21-cr-00053-CJN |

**SUPPLEMENT TO UNITED STATES' OMNIBUS
RESPONSE IN OPPOSITION TO DEFENDANT LANG'S
MOTION TO RENEW AND RECONSIDER HIS REQUEST
FOR IMMEDIATE TEMPORARY RELEASE AND
SUPPLEMENTAL BOND APPLICATION**

The United States of America, through undersigned counsel, respectfully supplements its Omnibus Response, ECF 127, in Opposition to Defendant Lang's Motion to Renew and Reconsider His Request for Immediate Temporary Release, ECF 125, and his Supplemental Bond Application, ECF 126, as follows. This supplement provides information the United States has acquired since the February 21, 2024 filing of its Omnibus Response that: 1) Defendant Lang has falsely claimed his discovery materials have been destroyed or lost, and 2) with respect to his assaults on police officers defending an entrance to the U.S. Capitol, Lang has made recent public statements such as "we'll do it again if our Constitutional Republic ever needs her Defenders of Liberty us" [sic].

　I.　Lang's False Claims Regarding The Supposed Loss Or Destruction Of His Discovery Materials Are Sufficient Reason To Deny His Pending Motions

In his most recent motion for release, Lang contended, among other claims the United States will not review here, that when he has been transferred from or within detention facilities, including the Washington, D.C. Department of Corrections ("DOC"), his copies of discovery

materials have been destroyed by his custodians or lost. *See* ECF 125 at 8 (arguing that release "eliminates the possibility of him losing all of his paperwork and notes each time he is transferred jails or moved in and out of 'the hole'" and claiming he has been "transported to - and from - several jails and has had his discovery documents mishandled, lost, and destroyed").

Lang then filed a supplement to his motion. ECF 126. In that supplement, Lang claimed that when he was transferred to another unit within the DOC, "all of Lang's legal documents have disappeared or been destroyed including but not limited to his laptop, the flash drives [counsel] provided him, and all of his detailed legal notes and records[.]" ECF 126 at 1-2. The supplement claimed that "months and months of legal work has literally just been destroyed." *Id*. at 3. The allegation in the supplement was consistent with a February 6, 2024 tweet from Lang's account stating, "the worst they took my discovery laptop and my hard drives I've been using to build exhibits for my trial!!!" Portions of the tweet appear below:



*Image 1: Excerpted Portions of February 6, 2024 Tweet*

Although Lang claimed in his supplement filed on February 8, 2024, that his discovery and other materials had "just" been destroyed, on February 19, 2024, Lang caused a tweet to be issued from his account predicting that the United States Marshals Service was about to move him from the DOC to another facility and further anticipating that he "will also be losing ALL his legal documents, discovery evidence material and & video motions to exonerate him--that he has been working on for years to gather."



Image 2: Excerpts from February 19, 2024 Tweet

On February 29, 2024, Lang issued a tweet that announced his arrival at the Bureau of Prisons Metropolitan Detention Center in Brooklyn, New York, and included a statement that "All my trial preparations have been destroyed and I no longer have my video discovery hard drive!"

He added, "This is trial interference by the Biden regime against the January 6 political prisoners!!!" (capitalization omitted).



*Image 3: Excerpts from February 29, 2024 Tweet*

On March 4, 2024, Lang tweeted what appeared to be the contents of a letter sent from his attorney to this Court.[1] Ostensibly quoting defense counsel, the tweet stated that "Mr. Lang was unexpectedly transferred from the DC jail. During such transfer, all of his legal documents, including but not limited to, his court ordered laptop and hard drives filled with discovery have been lost or destroyed."

---

[1] There is no docket entry for the letter and defense counsel confirmed that the letter has not in fact been sent to this Court.



Image 4: Excerpt from March 4, 2024 Tweet

In fact, all of Lang's claims are false. Neither the discovery laptop provided to Lang in response to a request from this Court nor his drives have been lost or destroyed. Instead, without informing DOC staff and apparently without advising his own attorney, Lang gave his drives and the DOC laptop to another DOC inmate named Zachary Alam.[2] *See* attached Declaration.

---

[2] *See United States v. Alam*, Case No. 21-cr-190 (DLF). On September 12, 2023, a jury convicted defendant Alam for various felonies and misdemeanors arising from his role in the attack on the U.S. Capitol on January 6, 2021. *Id*. at ECF 109 (Verdict Form).

On or about February 20, 2024, Lang was transferred from DOC custody to the Metropolitan Detention Center.  On February 26, 2024, a Program Coordinator in DOC's Litigation Support Unit needed the DOC discovery laptop issued to Lang for routine maintenance, learned that Lang had been transferred, and requested a search for the discovery laptop. *Id*.  A search of the unit where Lang had been housed revealed that the laptop and Lang's drives were in the possession of inmate Alam, who explained that Lang had asked him to keep Lang's discovery materials. *Id*.

Based on the attached Declaration, Lang appears to have provided materially false information to the Court regarding the loss or destruction of his discovery materials and to have done so knowingly.  Accordingly, this Court should not credit such claims as a basis for release or any other relief.

Lang's apparent lack of candor with this Court[3] and his persistent public falsehoods undermine any claim that Lang was not the source of his discovery misrepresentations or that they happened unintentionally.  His lack of candor generally and in particular to this Court undermines any argument that Lang is an appropriate candidate for release.  *See* 18 U.S.C. 3142(g)(3)(A) (directing consideration of the person's character when assessing whether release conditions can assure the person's appearance or the safety of the community); *United States v. Ali*, 793 F.Supp.2d 386, 390-91 (D.D.C. 2011) (defendant's past acts of deception supported presumption that the defendant was a flight risk) (citing *United States v. Khanu*, 370 Fed.Appx. 121, 122 (D.C. Cir. 2010)); *United States v. Vang*, 779 Fed.Appx. 426, 427 (8th Cir. 2019) (affirming defendant's detention as a danger based on factors including his lack of candor during his interview with

---

[3] The source of any misrepresentation appears to be the defendant himself.  The United States is not attributing a lack of candor to defense counsel.

Pretrial Services); *United States v. Maxwell*, 510 F.Supp.3d 165, 175 (S.D.N.Y. 2020) (defendant's lack of candor to the court was a factor causing her history and characteristics to weigh in favor of continued detention and created "significant concerns … as to the defendant's willingness to abide by any set of conditions of release"); *United States v. Cincinelli*, No. 19-cr-0245 (JS), 2021 WL 2530711 at *2 (E.D.N.Y. June 18, 2021) (defendant's lack of candor towards presiding court and family court supported prior orders finding she was a danger to the community and that her release presented further risks of obstruction); *United States v. Ojo*, No. SAG-20-0369, 2020 WL 7707341 at *2 (D.Md. Dec. 29, 2020) ("A lack of candor with those who would be supervising his release conditions weighs heavily against [the defendant's] release").

Lang maintained that his discovery was lost or destroyed, when in fact Lang either had possession of the drives containing discovery, or when, without notification to the DOC, he placed his discovery and the laptop belonging to the DOC in the possession of another inmate. He reinforced the misrepresentation through multiple public statements. In short, Lang has not been candid with this Court. If Lang were released, this Court would need to set and, with the assistance of the U.S. Probation Office, supervise Lang's ongoing compliance with release conditions. His conduct and lack of candor to the Court demonstrates that he is unlikely to abide by whatever conditions of release this Court might impose. Most significantly for present purposes, Lang's claimed basis for relief is utterly without any basis in fact. This Court should deny Lang's request for release.

> II. Lang's Public Statements That He Would Repeat His Actions During The Capitol Riot Demonstrate That He Remains A Danger To The Community And Merit His Continued Detention

On March 7, 2024, a former United States Capitol Police sergeant posted a tweet that contained a re-tweeted image of Lang beneath text stating, "He fought me in the tunnel. I hope other inmates find out They wanted to fight antifa."

On March 8, 2024, describing the post as a "veiled threat" Lang responded on Instagram as follows:



Image 5: Beginning of Lang's Instagram Post from March 8, 2024

Lang's response consisted of an Instagram reel, or short video, which shows an image from January 6, 2021 of Lang at the Capitol carrying a riot shield and wielding a baseball bat against a line of police officers defending an entrance to the Capitol. The image appears to the tune of "I Won't Back Down"[4] with a transcription of that lyric superimposed above Lang and the bat, and

---

[4] Tom Petty, *I Won't Back Down* on Full Moon Fever (MCA Records 1989).

contains captions identifying Lang as himself and the officers as "Tyrants" while displaying the words "Liberty or Death." Next to the words "Liberty or Death" and the image of Lang preparing to strike officers, Lang posted, "we'll do it again if our Constitutional Republic ever needs her Defenders of Liberty us."  As these posts illustrate, Lang not only remains willing to engage in additional acts of violence whenever he deems such violence necessary, but continues to believe that such violence is justified.

Three days later, on March 11, 2024, Lang issued a tweet describing January 6, 2021, as "the most important revolutionary event of the 21st century" (capitalization and boldface omitted). Apart from an image of Lang on the inaugural stage on January 6, the tweet concluded with the statements:

> We stood up, SUCCESSFULLY - as a United force of Free Men & Women against the head of the snake.
>
> WE SHOWED THE WORLD AMERICAN PATRIOTS ARE STILL READY, WILLING & ABLE TO DEFEND THIS CONSTITUTIONAL REPUBLIC - FROM ANY ENEMY
>
> FOREIGN OR DOMESTIC
>
> I'm proud to be a January 6 Patriot. 1776. Liberty or Death 🗽🇺🇸

*Image 6: Excerpt from March 6, 2024 Tweet*

On March 13, 2024, Lang tweeted:



Image 7: Text of March 13, 2024 Tweet

Even as Lang seeks to convince this Court that he is a viable candidate for release, he is issuing public statements referencing "the blood of patriots and tyrants," "1776," and "Liberty or Death." He is also telling inteviewers, "I don't care if they were constitutionally elected, the second our elected officials turn against the American people and sell us down the river . . . they are not duly elected anymore, they are target practice.  That is what our Second Amendment is set up for." Steve Baker Interview with Jake Lang, March 15-16, 2024, available at https://rumble.com/v4jhcsc-exclusive-steve-baker-interviews-jan-6er-jake-lang.html at 46:10:46-37.  He does not hesitate to endorse the attack on the Capitol or to state that he "would do it again"; indeed, Lang continues to insist that his violent conduct on January was justified: "I don't play the watered down version of January 6, the, 'there was mistakes made that day,' no, no, I think that was well within our rights and constitutional duty to overthrow the chains of tyranny." Baker Interview with Jake Lang, 11:16-11:27; *see also id*. at 36:11-36:15 ("you know, the Second Amendment isn't for deer-hunting, brother").  For Lang, little has changed since January 6, 2021 or the days that followed when according to Lang, the next step was "guns" and he tried to form and armed militia.  It appears to take no more than a post on social media to cause Lang to recommit to the same violence he is charged with inflicting on officers.

Although Lang has misrepresented the destruction of his discovery materials, it appears that this Court can take him at his word when, even while applying for release, Lang proclaims

10

that he will not "back down" and stands ready to repeat the violence for which he is indicted. The United States submits that is reason enough to deny his motion for release.

                Respectfully submitted,

                MATTHEW M. GRAVES
                UNITED STATES ATTORNEY
                D.C. Bar No. 481052

                /s/ *Karen Rochlin*
                KAREN ROCHLIN
                DC Bar No. 394447
                Assistant United States Attorney Detailee
                U.S. Attorney's Office
                Southern District of Florida
                99 N.E. 4th Street
                Miami, Florida  33132
                (786) 972-9045
                Karen.Rochlin@usdoj.gov


                Craig Estes
                Assistant U.S. Attorney Detailee
                John Joseph Moakley Federal Courthouse
                1 Courthouse Way
                Boston, MA 02210
                (617) 748-3100
                Email: craig.estes@usdoj.gov