```
               IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,
                                           Criminal Action
                                           No. 1:21-447

       vs.                                 Washington, DC
                                           January 25, 2023
JOSEPH HUTCHINSON - 2,
JOSHUA CHRISTOPHER DOOLIN - 3
MICHAEL STEVEN PERKINS - 4
OLIVIA MICHELE POLLOCK -5,                 3:55 p.m.
             Defendants.


             TRANSCRIPT OF VIDEO STATUS CONFERENCE
             BEFORE THE HONORABLE CARL J. NICHOLS
                 UNITED STATES DISTRICT JUDGE


APPEARANCES:

For the U.S.:           Benet Kearney
                           DOJ-USAO
                           One Saint Andrew's Plaza
                           New York, NY 10007
                           212-637-2260

                        Brendan Ballou
                           DOJ-OIG
                           950 Constitution Avenue NW
                           Washington, DC 20530
                           917-684-3900


                        MATTHEW MOEDER
                           DOJ-USAO
                           400 E. 9th Street, Suite 5510
                           Kansas City, MO 64106
                           816-426-3122

For Deft. Doolin:       Allen H. Orenberg
                           THE ORENBERG LAW FIRM, P.C.
                           12505 Park Potomac Ave., 6th Floor
                           Potomac, MD 20854
                           301-984-8005
```

APPEARANCES CONTINUED:


**For Deft. Hutchinson:**     **Joseph Daniel Hutchinson, Pro Se**

                                       **Timothy R. Saviello, standby counsel**
                                       FEDERAL DEFENDERS OF THE MDGA
                                         440 MLK, Junior Boulevard, Ste 400
                                         Macon, GA 31201
                                         478-743-4747

**For Deft. Perkins:**        **Nancy Clare MacEoin**
                                         FEDERAL COMMUNITY DEFENDER - EDPA
                                         601 Walnut Street, Ste 540 West
                                         Philadelphia, PA 19106
                                         215-928-1100

**For Deft. O. Pollock:**     **Elita C. Amato**
                                         ATTORNEY AT LAW
                                         2111 Wilson Blvd., Ste. 8th Floor
                                         Arlington, VA 22201
                                         703-522-5900


**Reported By:**              **Lorraine T. Herman, RPR, CRC**
                                         Official Court Reporter
                                         U.S. District & Bankruptcy Courts
                                         333 Constitution Avenue, NW
                                         Room 6720
                                         Washington, DC 20001
                                         202-354-3196


\*\*\* Proceedings recorded by stenotype shorthand.
\*\*\* Transcript produced by computer-aided transcription.

**P R O C E E D I N G S**

**DEPUTY CLERK:** Good afternoon, Your Honor. This is criminal case year 2021-447, *United States of America versus Joseph Daniel Hutchinson, III, Defendant No. 2, who is appearing as pro se; Joshua Christopher Doolin, Defendant No. 3; Michael Steven Perkins, Defendant No. 4; and Olivia Michele Pollock, Defendant No. 5*; all of whom are present by video.

Counsel, please introduce yourselves for the record beginning with the government.

**MS. KEARNEY:** Good afternoon, Your Honor. Benet Kearney, Matthew Moeder and Brendan Ballou for the United States.

**THE COURT:** Good afternoon.

**MR. ORENBERG:** Good afternoon, Your Honor. Allen Orenberg on behalf of Joshua Christopher Doolin, who is appearing virtually and he is consenting to doing so.

**THE COURT:** Thank you, Mr. Orenberg.

**MS. MacEOIN:** Good afternoon, Your Honor. Nancy MacEoin on behalf of Michael Steven Perkins. He's also appearing by video and consents to do so.

**THE COURT:** Thank you, Ms. MacEoin.

**DEFENDANT HUTCHINSON:** Good afternoon, Your Honor. Joseph Daniel Hutchinson, pro se, and I consent to the video meeting also.

| | |
|---|---|
| 1 | **THE COURT:** Thank you, Mr. Hutchinson. |
| 2 | **MS. AMATO:** Good afternoon, Your Honor. Elita |
| 3 | Amato on behalf of Olivia Pollock, who is also present, |
| 4 | although I'm not seeing her video feed right now, but she is |
| 5 | present and we also agree to handling this via video. |
| 6 | **THE COURT:** Yes, I see her name on the Zoom, and I |
| 7 | agree, as everyone else does, that it's appropriate to |
| 8 | proceed with this hearing by video. Um, here are the topics |
| 9 | I would like to address today, but I'm happy to hear from |
| 10 | others on other topics. |
| 11 | I intend, first, to rule on the pending Motion to |
| 12 | Transfer Venue since that applies to everyone. I then |
| 13 | intend to rule on the Motion to Sever Mr. Hutchinson from |
| 14 | his codefendants with respect to the trial. And third, to |
| 15 | address questions relating to Mr. Hutchinson's access to |
| 16 | discovery in light of his status as pro se defendant. |
| 17 | Before I get into those topics, let me just ask |
| 18 | the government, first. Ms. Kearney, do you have other |
| 19 | topics that you would like me to address today? |
| 20 | **MS. KEARNEY:** Your Honor, the government filed a |
| 21 | brief motion yesterday regarding Mr. Hutchinson's release |
| 22 | conditions simply seeking clarification of the Court's |
| 23 | December 14th order. I don't think it's entirely necessary |
| 24 | to address today but, as long as we're gathered, if the |
| 25 | Court could clarify that, that would be efficient. |

**THE COURT:** I recall that. Thank you. Sorry, I should have mentioned that as well. We'll take that up at the end. Okay?

So as to the Motion to Transfer Venue, that's ECF-110, I deny that motion for the following reasons: A presumption of prejudice warranting transfer attends only in the extreme case and, in my view, this is not such a case.

I look to the three factors identified by the Supreme Court in *Skilling*. The size and circumstances of the -- size and characteristics of the community is the first factor.

Here, D.C. has a population of more than 700,000. This is a much larger population than the ones in which the Supreme Court has found that a transfer was constitutionally required, and it's also a larger population than several that have passed constitutional scrutiny.

The political persuasion of the area, which clearly means Democrat, is also not a reason to transfer venue. That argument has been rejected multiple times by the Court of Appeals, including when members of the Nixon administration were on trial. Those are cases like *Haldeman* and *Chapin*.

And perhaps, most important, just as in the *Skilling* case, the process of engaging in voir dire -- and I've held this in other cases -- is well-suited to the task

```
1    of identifying jurors who can't serve on the jury
2    impartially, either because they are impacted by the events
3    of January 6th or for some other bias.
4              The second factor I need to look at is the type of
5    information in the media coverage.  Defendants here, unlike
6    some other defendants who have been in this court -- in the
7    courthouse generally who have sought transfer, do not point
8    to any news coverage of them as individuals, only January 6
9    defendants and rioters in general.
10             The media coverage also has been national.  It's
11   not specific to D.C.  The January 6 Select Committee, which
12   did generate some news coverage, obviously has ended its
13   investigation, no longer exists, I think, and so the
14   corresponding news coverage has slowed.
15             And juror impartiality, of course, does not
16   require complete ignorance.  And again, to the extent that
17   any juror is biased as a result of information that he or
18   she gleaned from media coverage and the like, my view is
19   that the proper thing to do is to have a rigorous and robust
20   voir dire.
21             Finally, the Supreme Court looked at -- in
22   *Skilling* at the time period between the arrest and the
23   trial.  Here, it's been more than two years since January
24   6th.  And as I said before, media coverage has waned and, to
25   some extent, other issues have taken the spotlight.
```

1              I think, most importantly, and this goes to every
2    factor, in my view, here and that's why I've denied other
3    transfer motions in January 6th cases and also, frankly, in
4    the *Steve Bannon* case, is because, in my experience and in
5    the experience that I am aware of in other trials, the Court
6    has had no issues impaneling a jury of impartial jurors.
7              And my view is that, while I'm denying this motion
8    now, if we are unable to select an appropriate number of
9    impartial jurors because of the concerns that have been
10   raised by the defendants here, at that point I will take up
11   again the Motion to Transfer Venue.
12             But my experience to date and my observed
13   experience of other judges has been that judges have been
14   successful and I personally have been successful in
15   selecting, as a result of, again, a rigorous and robust voir
16   dire, a panel of impartial, unbiased jurors.  So for that
17   reason the Motion to Transfer, 110, is denied.
18             As to the Motion to Sever Mr. Hutchinson, as I
19   flagged to some extent in the prior hearing and as now
20   reflected in that motion, my concern was and the concern has
21   now been articulated by those defendants, there's a
22   potential prejudice to them, that is to Defendants Pollock,
23   Doolin and Perkins, if they were to proceed to trial
24   alongside Mr. Hutchinson representing himself pro se.
25             I have concluded and my view is, I think