In the United States District Court
For the District of Columbia

_____
                                              )
UNITED STATES OF AMERICA,      )
                                              )
                    *v.*                      )        No. 21-CR-53 (CJN)
                                              )
EDWARD JACOB LANG,              )
                                              )
                    *Defendant.*             )
_____)


## **<u>DEFENSE PROPOSED JURY INSTRUCTIONS</u>**

        Mr. Lang, through counsel, respectfully moves this Court to permit these jury instructions to be filed in the above case.



                        Respectfully submitted,


                        **Metcalf & Metcalf, P.C.**


                        */s/ Steven Alan Metcalf II*
                        _____
                        STEVEN A. METCALF II, ESQ.
                        *Attorneys for Edward Lang*
                        99 Park Avenue, 6th Flr.
                        New York, NY 10016
                        (*Office*) 646.253.0514
                        (*Fax*) 646.219.2012
                        *metcalflawnyc@gmail.com*

**INSTRUCTION 1.105 - Notetaking By Jurors**
**(<u>Redbook 1.105</u>)**

During the trial, I permitted those jurors who wanted to do so to take notes. You may take your notebooks with you to the jury room and use them during your deliberations if you wish. As I told you at the beginning of the trial, your notes are only to be an aid to your memory. They are not evidence in the case, and they should not replace your own memory of the evidence. Those jurors who have not taken notes should rely on their own memory of the evidence. The notes are intended to be for the notetaker's own personal use.

Whether you took notes or not is entirely up to you. Many people find that taking notes helps them remember testimony and evidence; others find it distracts them from listening to the witnesses.

You will now be permitted to take your notebooks back with you into the jury room during deliberations. You should remember, however, that your notes are only an aid to your memory. They are not evidence in the case, and they should not replace your own memory of the evidence. Those jurors who do not take notes should rely on their own memory of the evidence and should not be influenced by another juror's notes.

**INSTRUCTION 1.107 - Where Identity of Alternates is Not Disclosed**
**(Redbook 1.107)**

You have probably noticed that there are [fourteen (14)] [insert number] of you sitting in the jury box. Only twelve (12) of you will retire to deliberate in this matter. Before any of you even entered the courtroom, we randomly selected the alternates' seats. I will not disclose who the alternate jurors are until the end of my final instructions just before you begin your deliberations. As any seat might turn out to be an alternate's seat, it is important that each of you think of yourselves as regular jurors during this trial, and that all of you give this case your fullest and most serious attention.

**INSTRUCTION 1.108 - Recognition of a Witness or Other Party Connected to the Case**
**(Redbook 1.108)**

At the beginning of the jury selection process, you were introduced to some witnesses in person. Others were identified to you only by name. If, at any time during this trial, you suddenly realize that you recognize or might know any witness, lawyer, someone who is mentioned in the testimony or evidence, or anyone else connected with this case in any way, you should raise your hand immediately and ask to speak with me.

Now let me explain briefly some of the procedures we will follow and some of the rules of law that will be important in this case. This is a criminal case that began when the [grand jury returned an indictment] [(United States Attorney) (Attorney General of the District of Columbia) filed a charging document called an information with the court].

**INSTRUCTION 2.102 – Function of the Jury**

**(<u>Redbook 1.102</u>)**

Your function, as the jury, is to determine what the facts are in this case. You are the sole judges of the facts. While it is my responsibility to decide what is admitted as evidence during the trial, you alone decide what weight, if any, to give to that evidence. You alone decide the credibility or believability of the witnesses. You should determine the facts without prejudice, fear, sympathy, or favoritism. You should not be improperly influenced by anyone's race, ethnic origin, or gender. Decide the case solely from a fair consideration of the evidence. You may not take anything I may have said or done as indicating how I think you should decide this case. If you believe that I have expressed or indicated any such opinion, you should ignore it. The verdict in this case is your sole and exclusive responsibility.

**INSTRUCTION 2.103 – Jury Recollection Controls**

**(Redbook 2.103)**

If any reference by me or the attorneys to the evidence is different from your own memory of the evidence, it is your memory that should control during your deliberations.

**INSTRUCTION 2.104 – Evidence in the Case**

**(Redbook 2.104)**

During your deliberations, you may consider only the evidence properly admitted in this trial. The evidence in this case consists of the sworn testimony of the witnesses, the exhibits that were admitted into evidence, and the facts and testimony stipulated to by the parties. During the trial, you were told that the parties had stipulated—that is, agreed—to certain facts. You should consider any stipulation of fact to be undisputed evidence. When you consider the evidence, you are permitted to draw, from the facts that you find have been proven, such reasonable inferences as you feel are justified in the light of your experience. You should give any evidence such weight as in your judgment it is fairly entitled to receive.

**INSTRUCTION 2.105 – Statements of Counsel**

**(Redbook 2.105)**

The statements and arguments of the lawyers are not evidence. They are only intended to assist you in understanding the evidence.  Similarly, the questions of the lawyers are not evidence.

**INSTRUCTION 2.107 – Burden of Proof-Presumption of Innocence**

**(Redbook 2.107)**

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until the government has proven that he is guilty beyond a reasonable doubt. This burden never shifts throughout the trial. The law does not require the defendant to prove his innocence or to produce any evidence at all. If you find that the government has proven beyond a reasonable doubt every element of a particular offense with which the defendant is charged, it is your duty to find him guilty of that offense. On the other hand, if you find the government has failed to prove any element of a particular offense beyond a reasonable doubt, it is your duty to find the defendant not guilty of that offense.

**INSTRUCTION 2.108 – Reasonable Doubt**

**(Redbook 2.108)**

The government has the burden of proving Mr. Sheppard guilty beyond a reasonable doubt. In civil cases, it is only necessary to prove that a fact is more likely true than not, or, in some cases, that its truth is highly probable. In criminal cases such as this one, the government's proof must be more powerful than that.  It must be beyond a reasonable doubt. Reasonable doubt, as the name implies, is a doubt based on reason—a doubt for which you have a reason based upon the evidence or lack of evidence in the case. If, after careful, honest, and impartial consideration of all the evidence, you cannot say that you are firmly convinced of the defendant's guilt, then you have a reasonable doubt. Reasonable doubt is the kind of doubt that would cause a reasonable person, after careful and thoughtful reflection, to hesitate to act in the graver or more important matters in life. However, it is not an imaginary doubt, nor a doubt based on speculation or guesswork; it is a doubt based on reason. The government is not required to prove guilt beyond all doubt, or to a mathematical or scientific certainty.  Its burden is to prove guilt beyond a reasonable doubt.

**INSTRUCTION 2.109 – Direct and Circumstantial Evidence**

**(<u>Redbook 2.109</u>)**

There are two types of evidence from which you may determine what the facts are in this case: direct evidence and circumstantial evidence. When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence.  On the other hand, evidence of facts and circumstances from which reasonable inferences may be drawn is circumstantial evidence. Let me give you an example. Assume a person looked out a window and saw that snow was falling. If he later testified in court about what he had seen, his testimony would be direct evidence that snow was falling at the time he saw it happen. Assume, however, that he looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground after he woke up. His testimony about what he had seen would be circumstantial evidence that it had snowed while he was asleep. The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact. The law does not favor one form of evidence over another. It is for you to decide how much weight to give to any particular evidence, whether it is direct or circumstantial. You are permitted to give equal weight to both. Circumstantial evidence does not require a greater degree of certainty than direct evidence.  In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

**INSTRUCTION 2.110 – Nature of Charges Not to Be Considered**

**(<u>Redbook 2.110</u>)**

One of the questions you were asked when we were selecting this jury was whether the nature of the charges would affect your ability to reach a fair and impartial verdict. We asked you that question because you must not allow the nature of a charge to affect your verdict. You must consider only the evidence that has been presented in this case in reaching a fair and impartial verdict.

**INSTRUCTION 2.111 – Number of Witnesses**

**(<u>Redbook 2.111</u>)**

The weight of the evidence is not necessarily determined by the number of witnesses testifying for each side. Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses you believe. You might find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side or you might find the opposite. Please keep in mind that defendants in criminal cases have no obligation whatsoever to produce any evidence or testimony.

## INSTRUCTION 2.112 – Inadmissible and Stricken Evidence

### (<u>Redbook 2.112</u>)

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper. You must not hold such objections against the lawyer who made them or the party she or he represents. It is the lawyers' responsibility to object to evidence that they believe is not admissible. If, during the course of the trial, I sustained an objection to a lawyer's question, you should ignore the question, and you must not speculate as to what the answer would have been. If, after a witness answered a question, I ruled that the answer should be stricken, you should ignore both the question and the answer and they should play no part in your deliberations. Likewise, exhibits as to which I have sustained an objection or that I ordered stricken are not evidence, and you must not consider them in your deliberations.

**INSTRUCTION 2.200 – Credibility of Witnesses**

**(Redbook 2.200)**

In determining whether the government has proved the charges against the defendants beyond a reasonable doubt, you must consider the testimony of all the witnesses who have testified.

You are the sole judges of the credibility of the witnesses. You alone determine whether to believe any witness and the extent to which a witness should be believed. Judging a witness's credibility means evaluating whether the witness has testified truthfully and also whether the witness accurately observed, recalled, and described the matters about which the witness testified. You may consider anything that in your judgment affects the credibility of any witness.

For example, you may consider the demeanor and the behavior of the witness on the witness stand; the witness's manner of testifying; whether the witness impresses you as a truthful person; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether the witness had a full opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, or friendship or hostility toward other people concerned with this case.

In evaluating the accuracy of a witness's memory, you may consider the circumstances surrounding the event, including any circumstances that would impair or improve the witness's ability to remember the event, the time that elapsed between the event and any later recollections of the event, and the circumstances under which the witness was asked to recall details of the event.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons

witnessing an incident or transaction may see or hear it differently; an innocent mis- recollection, like a failure of recollection, is not an uncommon experience. In weighing the effect of the inconsistency or discrepancy, always consider whether it pertains to a matter of important or unimportant detail, and whether the inconsistency or discrepancy results from innocent error or intentional falsehood.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or supported by other evidence that you credit.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

**INSTRUCTION 2.207 – Police or Law Enforcement Officer's Testimony**

**(Redbook 2.207)**

A police or law enforcement officer's testimony should be evaluated by you just as any other evidence in the case. In evaluating the officer's credibility, you should use the same guidelines that you apply to the testimony of any witness. In no event should you give either greater or lesser weight to the testimony of any witness merely because she or he is a police or law enforcement officer.

**INSTRUCTION 2.208 – Right of Defendant Not to Testify**

**(Redbook 2.208)**

**(if applicable and if desired by defendant)**

Every defendant in a criminal case has an absolute right not to testify. Alexander Sheppard has chosen to exercise this right. You must not hold this decision against him, and it would be improper for you to speculate as to the reason or reasons for his decision. You must not assume the defendant is guilty because he chose not to testify.

**INSTRUCTION 2.209 – Defendant as Witness**

**(<u>Redbook 2.209</u>)**

A defendant has a right to become a witness in his own behalf. His testimony should not be disbelieved merely because he is the defendant. In evaluating his testimony, however, you may consider the fact that the defendant has an interest in the outcome of this trial. As with the testimony of any other witness, you should give the defendant's testimony as much weight as in your judgment it deserves.

## INSTRUCTION 3.101 – Proof of State of Mind

### (<u>Redbook 3.101</u>)

Someone's intent or knowledge ordinarily cannot be proved directly, because there is no way of knowing what a person is actually thinking, but you may infer someone's intent or knowledge from the surrounding circumstances. You may consider any statement made or acts done or omitted by a defendant, and all other facts and circumstances received in evidence which indicate his intent or knowledge.

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts he intentionally did or intentionally did not do. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that the defendant acted with the necessary state of mind.

**INSTRUCTION 2.402 – Multiple Counts – One Defendant**

**(Redbook 2.402)**

Each count of the indictment charges a separate offense. You should consider each offense, and the evidence which applies to it, separately, and you should return separate verdicts as to each count [unless I instruct you to do otherwise]. The fact that you may find the defendant guilty or not guilty on any one count of the indictment should not influence your verdict with respect to any other count of the indictment.

**INSTRUCTION 2.106 – Indictment Not Evidence**

**(<u>Redbook 2.106</u>)**

The indictment is merely the formal way of accusing a person of a crime. You must not consider the indictment as evidence of any kind – you may not consider it as any evidence of Alexander Sheppard's guilt or draw any inference of guilt from it.

### Count One: 18 U.S.C. § 111(a)(1) and 2

### (Assaulting, Resisting, Opposing, Impeding, Intimidating, <u>or Interfering with Any Person Assisting Officers of the United States</u>)

**DEFENSE OBJECTION**:

Fourth element to Count One states: Fourth, Sergeant J.M., the person assaulted, resisted, opposed, impeded, intimidated, or interfered with, was assisting officers of the United States who were then engaged in the performance of their official duties.

Specifically, the defense objects to the use of the words "the person assaulted, resisted, opposed, impeded, intimidated, or interfered with, . . .".

**DEFENSE ADDITION**:

### Lesser-Included Offense:

### (Assaulting, Resisting, or Impeding Sergeant J.M. with Acts that <u>Constitute Only Simple Assault</u>)

To find Defendant guilty of the Lesser-included offense of Count One, that is, assaulting, resisting, or impeding Sergeant J.M. with acts that constitute only simple assault, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the Defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with Sergeant J.M.;

Second, the defendant did such acts forcibly;

Third, the defendant did such acts voluntarily and intentionally.

Fourth, Sergeant J.M. was assisting officers of the United States who were then engaged in the performance of their official duties.

## ORDER OF DELIBERATIONS

Now I am going to instruct you as to the order in which you should consider the above offenses. First, consider whether the Defendant is guilty of assaulting, resisting, or impeding Sergeant J.M.

Second, if you find Defendant guilty of that offense, do not go on to the lesser-included offense. However, if you find Defendant not guilty, go on to consider whether the Defendant is guilty of assaulting, resisting, or impeding Sergeant J.M. with acts that constitute only simple assault.

And if, after making all reasonable efforts to reach a verdict on the first charge, you are not able to do so, you are allowed to consider this lesser-included charge.

## DEFENSE SELF-DEFENSE BASED ON DEFENDANT'S THEORY OF CASE

### INSTRUCTION 9.100 – Defendant's Theory of the Case

### (Redbook 9.100)

*Notes*. A defendant is generally entitled to an instruction on "his theory of the case". As the District of Columbia Court of Appeals has noted, citing the U.S. Court of Appeals for this Circuit, which, in turn, had quoted from an 80-year-old Supreme Court case:

> [A]n accused is entitled to an instruction … if there is "any evidence fairly tending to bear upon the issue …", however weak, and … the Court may not intrude on the province of the jury which may find credibility in testimony that the judge may consider completely overborne by the "simply overwhelming" evidence of the prosecutor … .

*Rhodes v. U.S.*, 354 A.2d 863, 864 (D.C. 1976) (*citing Belton v. U.S.*, 382 F.2d 150, 155 (D.C. Cir. 1967) (*quoting Stevenson v. U.S.*, 162 U.S. 313, 315, 323 (1896)))[1].

     *Case law on this fundamental principle.*  When a defendant requests an instruction on a theory of the case that negates his guilt of the crime charged, and that instruction is supported by any evidence, however weak, the court must give an instruction stating the substance of the defendant's theory. *Gray v. U.S.*, 549 A.2d 347, 349 (D.C. 1988). On the district court history, "Where there is evidentiary support for special facts sustaining a rational defensive theory, to which the court's attention is specifically directed, the defendant is entitled to have the jury charged on that theory[;] however weak the evidence, however implausible the theory may appear to be, the matter is for the jury's determination." *Brooke v. U.S.*, 385 F.2d 279, 284 (D.C. Cir. 1967) (*cited with approval in Fleming*, 310 A.2d at 218); *U.S. v. Glover*, 153 F.3d 749, 754–55 (D.C. Cir. 1998) (district court properly refused to give an entrapment instruction where defendant produced insufficient evidence of inducement).

     Standard instructions in such instances likely will be insufficient and may, if confined merely to what the prosecution needs to prove, be unbalanced. See, e.g., id. (instruction on general denial, self-defense and proximate cause did not adequately express defense theory of independent cause); *Levine v. U.S.*, 261 F.2d 747, 748–51 (D.C. Cir. 1958) (error not to give requested instruction on criminal intent in prosecution for impersonating a police officer). An instruction need not, however, be given in the exact language requested. *Stack*, 519 A.2d at 154. Nor need the court summarize the evidence for the defendant, particularly where the effect would be to give

---

[1] The standard in District Court, quoting a more recent Supreme Court case, is phrased slightly differently: "A theory-of-defense instruction is in order if there is 'sufficient evidence from which a reasonable jury could find' for the defendant on his theory." *U.S. v. Hurt*, 527 F.3d 1347, 1351 (D.C. Cir. 2008) (*citing U.S. v. Glover*, 153 F.3d 749, 754 (D.C. Cir. 1998) (*quoting Matthews v. U.S.*, 485 U.S. 58, 63 (1988)).

special emphasis to the defendant's testimony. *Durham*, 743 A.2d at 200 n.5 ("Appellant was not entitled to an instruction that does no more than rehearse or summarize the defense evidence, because this would give special emphasis to the defendant's testimony."); *see also Montgomery*, 384 A.2d at 660; *U.S. v. Mathis*, 535 F.2d 1303, 1305–06 (D.C. Cir. 1976); *U.S. v. Boone*, 543 F.2d 412, 413–415 (D.C. Cir. 1976) (defendant entitled to entrapment instruction where evidence considered in light most favorable to him showed government inducement and tended to negate predisposition); *U.S. v. Forbes*, 515 F.2d 676, 684 (D.C. Cir. 1975) (defendant entitled to instruction on "agency" theory where he claimed he was returning a controlled substance, which had been dispensed pursuant to a prescription issued to another, to the pharmacist on behalf of the person to whom it was prescribed); *Levine, supra. But see U.S. v. Hurt*, 527 F.3d 1347, 1351–52 (D.C. Cir. 2008) (" 'As a general rule, the refusal to give an instruction requested by a defendant is reversible error only if the instruction was not substantially covered in the charge actually delivered to the jury … .' *U.S. v. Taylor*, 997 F.2d 1551, 1558 (D.C. Cir. 1993)"); *See also Laughlin v. U.S.*, 474 F.2d 444, 454–455 (D.C. Cir. 1972) (claim that jury should be instructed to acquit defendant if defense testimony of denying guilt is believed cannot be elevated to the status of defense "theory" of the case).

**Count Two: 18 U.S.C. § 111(a)(1) and 2**
**(Assaulting, Resisting, Opposing, Impeding, Intimidating,**
<u>**or Interfering with Any Person Assisting Officers of the United States**</u>**)**

**DEFENSE OBJECTION/LESSER INCLUDED OFFENSE/SELF-DEFENSE**:

Same defense objection, addition, and self-defense proposals as in Count One, but pertaining to "an officer or an employee of the United States". *See* Count One *supra*.

**Count Three: 18 U.S.C. § 111(a)(1)**

**Assaulting, Resisting, Opposing, Impeding, Intimidating,
<u>or Interfering with Any Person Assisting Officers of the United States</u>**

**DEFENSE OBJECTION/LESSER INCLUDED OFFENSE/SELF-DEFENSE**:

Same defense objection, addition, and self-defense proposals as in Count One, but pertaining to "Officer M.M.". *See* Count One *supra*.

**Count Four: 18 U.S.C. § 111(a)(1)**

**(Assaulting, Resisting, Opposing, Impeding, Intimidating,
<u>or Interfering with Any Person Assisting Officers of the United States</u>)**

**DEFENSE OBJECTION/LESSER INCLUDED OFFENSE/SELF-DEFENSE**:

Same defense objection, addition, and self-defense proposals as in Count One, but pertaining to "Detective W.M.". *See* Count One *supra*.

**Count Five: 18 U.S.C. § 111(a)(1)**

**(Assaulting, Resisting, Opposing, Impeding, Intimidating,**
**<u>or Interfering with Any Person Assisting Officers of the United States</u>)**

**DEFENSE OBJECTION/LESSER INCLUDED OFFENSE/SELF-DEFENSE**:

Same defense objection, addition, and self-defense proposals as in Count One, but pertaining to "Detective P.N.". *See* Count One *supra*.

**Count Six: 18 U.S.C. § 111(a)(1) and (b)**

**(Assaulting, Resisting, Opposing, Impeding, Intimidating, or Interfering With Any Person Assisting Officers Using a Deadly or Dangerous Weapon)**

**DEFENSE OBJECTION/LESSER INCLUDED OFFENSE/SELF-DEFENSE**:

Same defense objection, addition, and self-defense proposals as in Count One, but pertaining to "Officer T.C. ". *See* Count One *supra*.

**Count Seven: 18 U.S.C. § 111(a)(1) and (b)**

**(Assaulting, Resisting, Opposing, Impeding, Intimidating, or Interfering
With Any Person Assisting Officers Using a Deadly or Dangerous Weapon)**

**DEFENSE OBJECTION/LESSER INCLUDED OFFENSE/SELF-DEFENSE**:

Same defense objection, addition, and self-defense proposals as in Count One, but pertaining to "Officer I.F.". *See* Count One *supra*.

**Count Eight: 18 U.S.C. § 111(a)(1) and (b)**

**(Assaulting, Resisting, Opposing, Impeding, Intimidating, or Interfering
with Any Person Assisting Officers Using a Deadly or
<u>Dangerous Weapon *Inflicting Bodily Injury*</u>)**

The second superseding indictment, in Count Eight, charges Defendant with using a deadly or dangerous weapon: a bat; all while, assaulting, resisting, opposing, impeding, intimidating or interfering with **<u>Officer H.S. of the Metropolitan Police Department</u>** at approximately **<u>4:54-5:00</u>** p.m.

**DEFENSE OBJECTION/LESSER INCLUDED OFFENSE/SELF-DEFENSE**:

Same defense objection, addition, and self-defense proposals as in Count One, but pertaining to "Officer H.S.". *See* Count One *supra*.

## Count Nine: 18 U.S.C. § 231(a)(3)

### (Obstructing Officers During a Civil Disorder)

Count Nine charges the defendant with obstructing, impeding or interfering with a law enforcement officer **during a civil disorder** or **with attempting to do so**.

Under the "Definitions" section, the government drafted the following paragraph:

> The term "department" includes one of the departments of the executive branch (such as the Department of Homeland Security, which includes the United States Secret Service) or the legislative branch. The term "agency" includes any department, independent establishment, commission, administration, authority, board, or bureau of the United States. The term "instrumentality" includes any other formal entity through which the government operates, such as **Congress or** the United Sates Capitol Police.

**DEFENDANT'S OBJECTIONS**:

First, Defendant objects to the last sentence which states: "The term "instrumentality" includes any other formal entity through which the government operates, such as **Congress or** the United Sates Capitol Police."

Defendants proposed language is: "The term "instrumentality" includes any other formal entity through which the government operates, such as the United States Capitol Police." *See U.S. v. Tryon-Castro, et.al.*, Case 1:23-cr-00035-RC at ECF Doc.#: 220, p. 23-65 (D.C. Cir., June 14, 2024).

In sum, Defendant objects to the words "Congress or".

**Count Ten: 18 U.S.C. § 1752(a)(2) and (b)(1)(A)**
**(Disorderly and Disruptive Conduct in a Restricted Building or**
**Grounds with a Deadly and Dangerous Weapon)[2]**

## DEFENSE PROPOSAL:[3]

To find the defendant guilty of Counts Ten, you must find beyond a reasonable doubt that:

1. The defendant knowingly entered, or entered the proximity of, a restricted area;
2. The defendant knew at the time of entry that the area was restricted;
3. The defendant knew at the time of entry that a person protected by the Secret Service was present within, or in proximity to, that restricted area;
4. The defendant engaged in disorderly and disruptive conduct
5. The defendant did so with the intent to disrupt government business or official functions; and
6. The defendant knowingly used or carried a deadly or dangerous weapon during and in relation to the offense.

It is not enough that Defendant merely knew he was entering a restricted area. The government must prove that the defendant specifically knew a Secret Service protectee was present in that restricted area at the time he entered. General knowledge that protectees might be in the Capitol is not sufficient.

## LESSER-INCLUDED OFFENSE:

In order to find the defendant guilty of the lesser offense of Count Ten, that is, disorderly or disruptive conduct in a restricted building or grounds, you must find the following elements beyond a reasonable doubt:

1. The defendant knowingly entered, or entered the proximity

---

[2] 18 U.S.C. § 1752; *United States v. Eicher*, 22-cr-38 (BAH) (ECF No. 82 at 6-7); *United States v. Lesperance, et al.*, 21-cr-575 (JDB) (ECF No. 96 at 27); *United States v. Chwiesiuk, et al.*, 21-cr-536 (ACR) (ECF No. 103 at 9); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 32); *United States v. Horn*, 21-cr-301 (TJK) (ECF No. 82 at 13).

[3] *U.S. v. Joseph Vaglica*, 23-cr-429 (CKK) (ECF 62 at 11).

of, a restricted area;

2.    The defendant knew at the time of entry that the area was restricted;

3.    The defendant knew at the time of entry that a person protected by the Secret Service was present within, or in proximity to, that restricted area;

4.    The defendant engaged in disorderly and disruptive conduct, and

5.    The defendant did so with the intent to disrupt government business or official functions.

### Count Eleven: 18 U.S.C. § 1752(a)(4) and (b)(1)(A)

### (Engaging in Physical Violence in a Restricted Building or Grounds with a Deadly and Dangerous Weapon)[4] [5] [6]

**DEFENSE PROPOSAL:**

To find Defendant guilty of Count Eleven, you must find beyond a reasonable doubt that Defendant:

(1) Knowingly entered a restricted area;

(2) Knew at the time of entry that the area was restricted;

(3) Knew at the time of entry that a person protected by the Secret Service was present within that restricted area;

(4) Engaged in an act of physical violence against a person or property;

(5) Did so with the intent to disrupt government business or official functions; and

(6) Knowingly used or carried a deadly or dangerous weapon during and in relation to the offense.

It is not enough that Defendant merely knew he was entering a restricted area. The government must prove that the defendant specifically knew a Secret Service protectee was present in that restricted area at the time he entered. General knowledge that protectees might be in the Capitol is not sufficient.

---

[4] *United States v. Schwartz, et al.*, 21-cr-178 (APM) (ECF No. 172 at 30); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 34); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 40); *United States v. Christensen*, 21-cr-455 (RCL) (ECF No. 72 at 18); *United States v. McAbee*, 21-cr-35 (RC) (ECF No. 376, at 40-41).
[5] *United States of America v. Joseph Vaglica*, 23-cr-429 (CKK) (ECF 62 at 11).
[6] *Fischer v. United States*, 598 U.S. ___ (2024).

**LESSER-INCLUDED OFFENSE:**

In order to find the defendant guilty of the lesser offense of Count Eleven, that is, engaging in physical violence in a restricted building or grounds, you must find the following elements beyond a reasonable doubt:

1.    The defendant knowingly entered a restricted area;
2.    The defendant knew at the time of entry that the area was restricted;
3.    The defendant knew at the time of entry that a person protected by the Secret Service was present within that restricted area;
4.    The defendant engaged in an act of physical violence against a person or property, and
5.    The defendant did so with the intent to disrupt government business or official functions.

## <u>SECOND DEFENSE PROPOSED INSTRUCTION: SELF-DEFENSE</u>

To establish self-defense, the defendant must prove by a preponderance of the evidence that:

1.  The defendant actually believed that he/she was in imminent danger of bodily harm;
2.  The defendant actually believed that the use of force was necessary to defend against that danger; and
3.  The defendant used no more force than was reasonably necessary to defend against the danger.

In determining whether the defendant acted in self-defense, you should consider all the evidence in the case, including the circumstances surrounding the event. You may consider the nature of the threat perceived by the defendant, the amount of force used, and whether that force was reasonable under the circumstances.

A person is allowed to use force to defend themselves if they reasonably believe that they are in danger of bodily harm. The danger does not need to be actual, but the belief in danger must be honest and reasonable. The force used must also be proportional to the danger the defendant believed they faced.

The question is not whether looking back on the incident you believe that the use of force was necessary. The question is whether Mr. Lang, under the circumstances as they appeared to him at the time of the incident, actually believed he was in imminent danger of death or serious bodily harm and could reasonably hold that belief.

Self-defense is a defense to the Assault counts at Counts One through Eight in the Indictment. Mr. Lang is not required to prove that he acted in self-defense. Where evidence of self-defense is present, the government must prove beyond a reasonable doubt that Mr. Lang did not act in self-defense. If the government has failed to do so, you must find Mr. Lang not guilty.

Dated: New York, NY
        October 4, 2024

                                        Respectfully Submitted,

                                        /s/ *Steven Metcalf*

                                        _____
                                        STEVEN A. METCALF II, ESQ.
                                        **Metcalf & Metcalf, P.C.**
                                        99 Park Avenue, Suite 810
                                        New York, NY 10016
                                        *Phone* 646.253.0514
                                        *Fax* 646.219.2012
                                        *metcalflawnyc@gmail.com*