## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 21-cr-53 (CJN)** |
| | : | |
| **EDWARD JACOB LANG** | : | |
| | : | |
| **Defendant.** | : | |

### PROPOSED VOIR DIRE

The parties respectfully submit the following proposed voir dire questions, first from the United States and then from the defense.  Text in bold, other than the reference to the anticipated length of the trial, reflects a defense objection to the government's proposal.  Text in italics reflects a government objection to a defense proposal.

Respectfully submitted,

FOR THE UNITED STATES:                           FOR THE DEFENSE:

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052
By:

    /s/                                                         /s/
Karen Rochlin                                       Steven A. Metcalf, II Esq.
DC Bar No. 394447                                Metcalf & Metcalf, P.C.
Capitol Riot Detailee                            99 Park Avenue, 6th Floor
99 N.E. 4th Street                                   New York, New York 10016
Miami, Florida 33132                            (646) 253-0514
karen.rochlin@usdoj.gov                      metcalflawnyc@gmail.com
(786) 972-9045

Craig Estes                                            Anthony Sabatini
Assistant U.S. Attorney Detailee           Attorney
John Joseph Moakley Federal Courthouse   Sabatini Law Firm P.A.
1 Courthouse Way                                  411 N Donnelly St
Boston, MA 02210                                 Suite #313
(617) 748-3100                                       Mount Dora, FL 32757
Email: craig.estes@usdoj.gov               (352)-455-2928
                                                              Anthony@SabatiniLegal.com

The government proposes the following voir dire questions:

1.  The United States is represented in this case by Assistant United States Attorneys Karen Rochlin and Craig Estes, with assistance from paralegal Derra McQuaig, and Federal Bureau of Investigation (FBI) Special Agents LaNard Taylor and John ("Jack") King. Each works for a component of the U.S. Department of Justice (DOJ), such as a United States Attorney's Office or the FBI. Could you each PLEASE STAND. Do you know or have you had any contact with these individuals? Do know or have you had contact with their colleagues from the DOJ, United States Attorney's Office, or the FBI?

2.  The defendant at trial is Edward Jacob Lang. PLEASE STAND. Do you know or have you had any contact with Edward Jacob Lang?

3.  Edward Jacob Lang is represented in this case by Steven A. Metcalf II, from the firm of Metcalf & Metcalf P.C., and Anthony Sabatini, from the Sabatini Law Firm, LLC. PLEASE STAND. Do you know or have you had any contact with these individuals, or any of their colleagues from their respective firms?

4.  During the course of the trial, you may hear testimony from or about a number of people. The attorneys will now identify for you the names of people who may testify or about whom you may hear testimony. Listen carefully to see if you recognize or know any of the people named. The Government's counsel may go first, and then the defendant may list any additional names. [Do you recognize any of the names?] [If you recognize any name, please mark that on the sheet provided at ____]

5.  Please look around you. Do you know or recognize any other member of the prospective jury panel, the courtroom staff, or me?

6.  The lawyers have predicted that the presentation of evidence in this trial should last about **two weeks**, but the trial could shorter or longer. The jury will sit Monday through Friday, generally from 9:00 a.m. to 5 p.m., although the starting and ending times may vary. The length of jury deliberations following the presentation of evidence at trial will be determined by the jury itself. Do you have an urgent or extremely important matter to attend to this week and next, such that you could be faced with a hardship if selected to serve on the jury in this case?

7.  Do you have any vision, language, or hearing problems, or any other physical or medical problems, that might interfere with your ability to hear or understand what the witnesses say in this case, to view exhibits and photographs, or to give your full attention to this case? Do any of you have difficulty understanding, speaking, reading or writing English?

8.  Do you have any personal beliefs, such as moral, religious, or ethical beliefs, that prevent you from sitting in judgment **of another person**?

    Government's Response: The defense has suggested substituting the language in bold with the words "of the government's case." The United States submits that the reference to judging another person is neutral and has been used in other criminal cases in this district, including cases arising

from the events of January 6, 2021.  Moreover, the issue the United States seeks to identify concerns specific beliefs against judging another person as opposed to judging other things or abstractions.  *Compare DeVorce v. Philips*, No. 04-CV-6155 KMK MDF, 2013 WL 4406008, at *15 (S.D.N.Y. Aug. 7, 2013), *aff'd*, 603 F. App'x 45 (2d Cir. 2015), a collateral attack against convictions for assault, weapons possession, and robbery, where the defendant challenged striking a prospective juror because she had expressed discomfort "sitting in judgment of another person" and explained that although she could consider evidence and act on it, she did not consider it her prerogative to judge.  The district court found that these responses were an appropriate basis for exercise of a peremptory strike.  *Id*. The defense's proposed revision does not address the specific belief the United States seeks to uncover.  Ultimately, the jury will determine the guilt or innocence of the defendant.  The United States therefore asks this Court to overrule the objection to question 8.

9.  Have you, any member of your family, or close friend ever studied law or been employed by a lawyer or a law firm, worked in a courthouse, worked as a paralegal or a legal secretary, or performed legal investigative work?

10. Have you, any member of your family, or close friend ever been employed by any local, state, or federal law enforcement agency or a private security company?  Law enforcement agencies include, for example, the Metropolitan Police Department, the United States Capitol Police, the United States Secret Service, or the Federal Bureau of Investigation (FBI).

11. Have you, any member of your family, or close friend had any experiences with any law enforcement agency, the government, or a private security company that might cause you to favor or disfavor the government or law enforcement or the defense?

12. Have you, any member of your family, or close friend ever worked in any other part of the criminal justice system, such as a Public Defender's Office, a firm or with an attorney practicing criminal defense, a private investigator's office, a probation office or a correctional facility?

13. Have you, any member of your family, or close friend had any experiences with any part of the criminal justice system that might cause you to favor or disfavor either party in this case?

14. If you ever served before as a juror in a civil or criminal trial, or on a grand jury, was there anything about your service that might affect your ability to serve fairly and impartially as a juror at this trial?

15. If you ever served before as a juror in a civil or criminal trial where the jury began deliberations, was that jury able to reach a verdict?

16. Have you ever filed a complaint against a police officer or anyone in law enforcement?  Have you ever filed a complaint against an attorney or a private investigator?

17. Have you, any member of your family, or close friend ever been the subject of a criminal investigation, been accused of criminal conduct, been arrested or convicted of a crime, been a

victim of a crime, been a witness to a crime, testified in court or before a grand jury as a witness to a crime, or been required to appear in court for any reason?  Is there anything about that experience which would make you favor or disfavor either party in this case?

18. Do you have any opinions about prosecutors or defense attorneys that might affect your ability to serve fairly and impartially in this trial?

19. Do you, any member of your family, or any close friend belong to a group or organization that is active in law enforcement or crime victim prevention matters? Some examples of such organizations include the Fraternal Order of Police, Crime Watch, Crime Stoppers, Orange Hats, or other organizations, including any groups on the Internet, which monitor or discuss neighborhood crime issues.

20. Do you believe that merely because a defendant has been arrested and charged with a crime that he is guilty of something?

21. In this case, law enforcement officers will be witnesses. Would you tend to believe or not believe the testimony of a law enforcement officer simply because he or she is a law enforcement officer? In other words, would you tend to give more or lesser weight to the testimony of a law enforcement officer than to the testimony of other witnesses?

22. The prosecution has the burden of proof. This means that the jury cannot return a guilty verdict against a defendant unless the prosecution has proven beyond a reasonable doubt that the defendant is guilty of the crime charged. Would you have any difficulty accepting and applying this legal instruction?

23. The defendant in this case, just as every defendant in a criminal trial, is presumed innocent and, therefore, has no obligation to testify or present any evidence in the case. Would you have any difficulty accepting and applying this legal instruction?

24. To reach a verdict on a particular charge, every juror must agree on the verdict. That is, any verdict must be unanimous. In deliberations you must consider the opinions and points of your fellow jurors, but you must also follow your own conscience and be personally satisfied with any verdict. Would you have difficulty expressing your own opinions and thoughts about this case to your fellow jurors?

**25.** This case involves evidence recovered during the execution of a court-approved search warrant. Do you have such strong feelings about the execution of **court-approved** search warrants that would make it difficult for you to be fair and judge this case on the evidence presented in court? **We object to this paragraph. introducing the concept of "court approval" of a warrant is close to vouching for parts of the government's proof.**

Government's Response: The wording of this question is standard and is similar to language used in various contexts.  *E.g.*, Eleventh Circuit Pattern Jury Instruction No. S1.2 (March, 2022) (concerning the credibility of a witness with a plea bargain and noting that "Plea bargaining is lawful and proper, and the rules of this court expressly provide for it").  The search warrants executed in this case were in fact court-approved and the defense has never moved to suppress evidence obtained from any warrant.  The purpose of the question is to detect bias arising from the

use of a law enforcement technique employed in this case even in spite of its propriety. The disputed language addresses the means to secure evidence rather than the evidence itself. The United States therefore asks this Court to overrule the objection.

26. Do you know of any reason, or has anything occurred to you during this questioning, that might in any way prevent you from following my instructions on the law and being completely fair and impartial as a juror in this case?

### *January 6, 2021- Specific Questions*

27. During the course of this trial, you will hear about the events at the United States Capitol on January 6, 2021. Do you, any member of your family, or close friends live, work near, or have any special familiarity with the United States Capitol or its grounds?

28. Have you watched video of what happened at the U.S. Capitol on January 6, 2021, on the news or on the Internet?

      a. Approximately how many times have you seen video or news programs depicting these events?

      b. From what source—that is, what news or other program, website, or social media platform—did you view those videos?

29. Have you learned about the events on January 6, 2021 at the U.S. Capitol from other sources, such as podcasts, books, or other or written publications? If so, which ones, and how often do you review them?

30. Do you or someone you know have any direct or indirect connection to events at the U.S. Capitol on January 6, 2021?

31. Have you been following the investigation of the events of January 6, 2021, at the United States Capitol in the news media or on the internet?

32. Apart from what you may have learned generally about the events of January 6, 2021, and having now heard a brief description of this case, do you have any reason to believe that you have already learned about this specific case or this specific defendant from any source?

33. No matter what you have heard or seen about events at the U.S. Capitol on January 6, 2021, and no matter what opinions you may have formed, can you put all of that aside and decide this case only on the evidence you receive in court, follow the law, and decide the case in a fair and impartial manner?

34. Do any of you have such strong personal feelings or opinions about the outcome of the 2020 presidential election that this would affect your ability to be fair and impartial in this case? Would such opinions or feelings prevent you, or make it difficult for you, to follow the Court's instructions on the law?

35. Jurors are the sole judges of the facts, but they must follow the Court's instructions on the law. The jury may not choose to follow some instructions but not others, and even if a juror dislikes, disagrees, with, or does not understand the reasons for some of the rules, it is the jury's duty to follow those instructions.  Will any of you have any difficulty following the Court's legal instructions?

36. There have been a number of prosecutions, trials, and verdicts in this District involving those accused of crimes involving events on January 6, 2021. Have you read or heard anything about other cases? Would what you have heard affect your evaluation of this case? Could you put aside anything you have heard and decide this case based solely on the evidence you hear in this courtroom?

37. If you are selected as a juror in this case, I will continue to instruct you to avoid all media coverage relating to this case, including radio, television, books, podcasts, social media, and other Internet sources.  That is, you will be forbidden from reading any newspaper articles about this case, listening to any radio or podcast stories about this case, or watching any TV news about this case. You will also be forbidden from Googling this case, or blogging, Tweeting, reading, or posting comments about this case on social media sites or anywhere else on the Internet.  Do you have any reservations or concerns about your ability or your willingness to follow this instruction?

### *Background Questions*

38. [The following individual questions would be asked separately of each juror.]  Please provide the following information:

    a.    How long have you lived in the District of Columbia?

    b.    What is your marital status?

    c.    Do you have children or step-children?  If so, how many, and what are their ages?

    d.    What is the highest level of school you completed?

    e.    What is your current occupation?

        i.    How long have you been at this job?

        ii.    What is your current role at work?

        iii.    Does your role include supervisory duties?

    f.    If you are married, what is your spouse's occupation?

    g.    Have you served on a jury before?  If so:

        i.    Was it a criminal or a civil case?

        ii.    Did you reach a verdict?

   iii. Was there anything about your experience as a juror which would make you not want to serve again?

  h. Have you been a party to a lawsuit or a witness who testified in court?  If so:

   i. What was the nature of the lawsuit?

   ii. What was your role in the case?

   iii. What was the result?

 i. What social media platforms do you use, how often do you use them, and what do you use them for?

 j. What source or sources do you rely on to get your news?

 k. Are there any other reasons that I have not asked about, that might make it difficult for you to sit fairly, impartially, and attentively as a juror in this case?

The defense proposes the following voir dire questions:

*I. TO THE PROSPECTIVE JUROR:*

 *You have been selected to serve as a potential juror for a trial that is scheduled to begin with jury selection on October 10, 2023 at 9:30 a.m.  The trial will concern the events that occurred at the U.S. Capitol Building on January 6, 2021.  You are here today only for one purpose: to fill out a juror questionnaire.  The trial and jury selection process will **not** start today.  Once you have completed the questionnaire, you are done for the day.  You will be given additional instructions before you leave the courtroom about when to return for jury service for this case.*

 *The purpose of this questionnaire is to help the Court and the lawyers determine whether you can serve as a fair and impartial juror.  A fair and impartial juror is one who can decide the case based solely on the evidence presented at trial and the instructions about the law that will be given by the Court.  The information you provide in response to these questions will be given to the Court and the parties.  When you return for the trial itself, you likely will be asked follow-up questions about your responses.  Filling out the questionnaire now will speed up the process of jury selection.*

It is important that you understand that the Court is sensitive to your privacy. The information contained in your answers will be used only by the Court and the parties to select a fair and impartial jury. No other prospective jurors will hear or see your answers. After a jury has been selected, all copies of your responses to this questionnaire will be returned to the Clerk of the Court and kept in confidence. It will only be disclosed, if at all, with names and other identifying information removed. The parties are under Court order to maintain the confidentiality of any information they learn in the course of reviewing this questionnaire.

You are expected to sign the questionnaire with your juror number only. Your answers will have the effect of a statement under oath.

Please follow the instructions below when answering the questionnaire:

1. Please answer each question below as candidly and completely as you reasonably can.

2. Please keep in mind that there are no "right" or "wrong" answers, only complete and truthful answers, or incomplete and untruthful answers.

3. Please fill out the entire questionnaire.

4. Please write your juror number in the upper right corner of each page of the questionnaire. We ask you to do this in case a page becomes detached from the questionnaire, and we need to match it with the other pages.

5. Do not leave any questions blank. If a question does not apply to you in any way, write "N/A," or "not applicable," rather than leaving the form blank.

6. If you cannot answer a question because you do not understand it, write "Do not understand" in the space after the question.

7. If you cannot answer a question because you do not know the answer, write "Do not know" in the space after the question.

8. *Please use, if available, a pen with black or blue ink. If we cannot read an answer, you may be required to re-write the answer.*

9. *Do not write anything on the back of any page.*

10. *After you have completed the questionnaire, please "sign" the final page with your juror number and return to a member of the court staff.*

*In addition, now that you are a prospective juror, you **must** follow the instructions listed below. That means you must follow these instructions between today and when you appear for jury service in this case. The failure to follow these instructions can jeopardize the jury selection process and possibly the fairness of the trial.*

- *Do not read anything whatsoever about the events of January 6th or this case. Please avoid any social media accounts that may relate to January 6th or this case.*

- *Do not read or listen to any media accounts whether in a newspaper, on the internet, on television, on the radio, or on any electronic or social media of any kind concerning the events of January 6th or this case.*

- *Do not watch, listen to, or read about any hearing that has already taken place or might take place before Congress about the events of January 6th or this case.*

- *Do not watch, listen to, or read about any reports issued by Congress about the events of January 6th or this case.*

- *Do not watch, listen to, or read any media accounts of any kind concerning an individual by the name of "Edward Jacob Lang" or "Jake Lang".*

- *Do not discuss your service as a potential juror in this case with anyone, including your friends, family members, or employer, except to the extent logistically necessary to disclose your service.*

- *Do not conduct any research, including on the internet, about this case.*

- *Do not discuss or post anything about this case on any electronic or social media, including Facebook, Twitter, Snapchat, e-mail, text message, any blog, website, or chat forum, or any other media of any kind.*

- *Do not let anyone, including friends, family members, court personnel, parties in this case, or persons involved in the case talk to you about your views or any aspect of this case except officially in the courtroom.*

*Thank you for your cooperation with these instructions and for your careful and honest responses to the questionnaire. Your forthright and full cooperation is of vital importance to the administration of justice in this case.*

<u>Government Objection:</u>

The United States objects to all of Section I because it appears to contemplate the use of a questionnaire. Defense counsel has not previously discussed use of a jury questionnaire, and what the defense has proposed does not address how the questionnaire will be provided to prospective jurors or the circumstances in which the questionnaire would be completed. The United States respectfully submits that the use of a questionnaire, if any, requires further discussion and review to the extent this Court has not established its own standardized version of a questionnaire to be completed in the courthouse under supervision of the Court or its personnel. Otherwise, the United States objects because the questions proposed in Section I are adequately covered by other undisputed questions proposed for voir dire.

II.

*1. Did the hundreds of businesses being boarded up in preparation for January 6 effect your business, regular shopping or dining - of you or ANYONE YOU KNOW?.*

*2. For months after boarding up business? The financial heart of Washington DC being a ghost town, did this impact your shopping, your business, your job?*

*3. Lack of Tourists - Capitol fence, armed military, Humvees - destroying local economy. Did this effect you or anyone you know?*

*4. Did armed military on your streets irritate you? Frighten? Cause your job or company to lose business?*

*5. The roads being closed, normal commerce and traffic being effect, did this have any effect on you or anyone you know?*

*6. Question connecting Trump to Jan 6ers Trying to tie the bias that ALL DC residents have against Trump to the Jan 6ers In logical steps1. Do believe Trump asked his supporters to go down to the Capitol on Jan 6? (He did do this)2. Do you believe Trump failed to tell all the protestors to go home when things got rowdy?3. Do you believe this make Trump partly responsible for the events of January 6?*

*Then we go into the criminal prosecution of Trump, whether they have heard of news media coverage on him, they agree he should have been indicted, want to see him serve some prison time... believe he has ever said a racist comment, should be allowed to run for president? If you believe Trump is the horrible racist, criminal, etc. and you believe he is responsible for January 6, how can you judge one of his so to speak co-defendants fairly? You seem to already have your mind made up!1. A part of a political org, volunteered for one, donated to one? Including lobbyist, politicians, close personal relationships*

*2. Are January 6ers racist, antisemitic?*

Government Objection

The United States objects to all of the proposed questions in Section II because they are argumentative and in some cases inject disputed or unproven facts into the voir dire process. *See*, for example, what follows question 1 asserting that hundreds of businesses in the heart of Washington, D.C. remained boarded up for months because of the events of January 6, 2021; *see also* the statement contained in question 6 confronting any prospective jurors holding certain beliefs with an argument from the questioner that "you seem to already have your mind made up!" Insofar as the defense seeks to uncover potential bias among members of the venire, the United States submits that other proposed questions adequately serve this purpose.

III.

## EMPLOYMENT AND EDUCATION

1. *What is your work status? (Check all that apply.)*

   *Employed full time*                           _____
   *Employed part time*                           _____
   *Full- or part-time volunteer*                 _____
   *Unemployed*                                   _____
   *Full- or part-time student*                   _____
   *Retired*                                      _____
   *Unable to work due to disability*             _____
   *Other (please specify)*                       _____

2. *If you currently work, please list your current occupation and employer.*

   _____

   _____

3. *Have you or a close friend or family member ever been employed at the United States Capitol in any capacity?*
   *Yes* \_\_\_\_ *No* \_\_\_\_

4. *Have you or a close friend or family member ever been employed by the Federal Government?*
   *Yes* \_\_\_\_ *No* \_\_\_\_

5. *Have you or a close friend or family member ever served in the armed forces?*
   *Yes* \_\_\_\_ *No* \_\_\_\_

*6. If you have a spouse or significant other, please list their current occupation and employer.*

_____

_____

*7. Do you have strong feelings about firearms or the laws concerning firearms that would make it difficult to be a fair and impartial juror in this case? Yes _____ No _____*

<u>Government Objection</u>: The United States objects to the extent that the preceding questions are already covered in proposed voir dire.

*8. Do you or anyone in your family possess firearms? Yes _____ No _____*

*9. Someone in this case was previously arrested while unlawfully possessing a magazine for a firearm in Washington, D.C. Would that affect your ability to be a fair and impartial juror in this case? Yes _____ No _____*

*10. Would you be able to separate the fact that they brought a magazine for a firearm into Washington, D.C. from the facts in this case? Yes _____ No ___*

<u>Government Objection</u>: Questions 8 through 10 in this section concern firearms. The United States is not aware of any evidence in this case concerning firearms or unlawful possession of a magazine for a firearm. These questions do not appear to have any relevance to this case.

### ORGANIZATIONAL AFFILIATIONS AND ACTIVITIES

*11. Have you or a close friend or family member in the last five (5) years attended a rally, protest, demonstration, or march of any type? Yes _____ No _____*

*12. If so, what was the cause? Where and when did it take place? Was any violence, destruction of property or disorderly conduct take place during the event?*

<u>Government Objection</u>: Questions 11 and 12 appear somewhat intrusive and do not have any direct relevance to the facts of this case. The United States has taken the position that the First Amendment does not provide a defense in this case; insofar as these questions may suggest otherwise, the United States objects. Even if a prospective juror attended a rally, demonstration, or march, the cause addressed by such activity is irrelevant. *See, e.g., Connors v. United States*, 158 U.S. 408, 414 (1895) ("We are of the opinion that the court correctly rejected the question put to the juror Stewart as to his political affiliations. The law assumes that every citizen is equally interested in the enforcement of the statute enacted to guard the integrity of national elections, and that his political opinions or affiliations will not stand in the way of an honest discharge of his duty as a juror in cases arising under that statute. So, also, active participation in politics cannot be said, as matter of law, to imply either unwillingness to enforce the statutes designed to insure honest elections and due returns of the votes cast, or inability to do justice to those charged with violating

13

the provisions of those statutes. Strong political convictions are by no means inconsistent with a desire to protect the freedom and purity of elections."); *United States v. Ballenger*, 640 F.Supp. 3d 34, 38 (D.D.C. 2022) (citing *Connors* when addressing a poll offered to support a challenge to venue in the District of Columbia for a January 6 prosecution).

## PROXIMITY TO EVENTS OF JANUARY 6TH

13. Have you ever been on the Capitol grounds or inside the Capitol building?
    Yes _____ No _____

14. Were you or a close friend or family member living or working on Capitol Hill on January 6, 2021?
    Yes _____ No _____

15. Were you or a close friend or family member at the Capitol on January 6, 2021?
    Yes _____ No _____

16. Did you have a concern for the safety of yourself or a close friend or family member on January 6, 2021, due to your or their proximity to the Capitol?
    Yes _____ No _____

### *PRIOR JURY SERVICE*

*17. Have you ever served on a grand jury?  Yes _____ No _____*

*18. Have you ever served on a jury in a trial?*

*Yes _____ No _____*

*a.  For each jury service, please indicate:*

| *Approx. Year* | *Civil or Criminal* | *Verdict Reached?* |
|---|---|---|
| _____ | _____ | *YES   NO* |
| _____ | _____ | *YES   NO* |
| _____ | _____ | *YES   NO* |

*19. Have you ever served as a jury foreperson?  Yes _____ No _____*

*20. Was there anything about your jury service that left you disappointed or dissatisfied with the court or criminal justice system?  Yes _____ No _____ Not applicable _____*

*21. Was there anything about your jury service that would affect your ability to be a fair and impartial juror in this case?  Yes _____ No _____*

*22. Have you or a close friend or family member previously been called for jury service for a trial related to the events of January 6th? Yes _____ No _____*

<u>Government Objection</u>: The United States objects insofar as the questions are duplicative and adequately addressed in other proposed questions.

### MEDIA EXPOSURE

23. What are your primary sources for local and national news? (Check all that apply)

| | |
|---|---|
| Blogs/websites | _____ |
| Internet | _____ |
| News magazines | _____ |
| Newspapers (including online) | _____ |
| Podcasts | _____ |
| Radio | _____ |
| Social Media | _____ |
| TV/cable | _____ |
| Word of mouth/conversations | _____ |
| Other sources (specify) | _____ |
| Do not follow the news | _____ |

24. Do you have subscriptions to or regularly read, listen to or watch any of the following media outlets?

a.  New York Times                    Yes _____    No _____

b.  The Washington Post               Yes _____    No _____

c.  Los Angeles Times                 Yes _____    No _____

d.  InfoWars                          Yes _____    No _____

e.  CensoredTV                        Yes _____    No _____

f.  Compound Media                    Yes _____    No _____

g.  Empty Wheel (Marcy Wheeler)  Yes _____    No _____

h.  Sedition Hunters                  Yes _____    No _____

15

i.  Joe Rogan                      Yes _____  No _____

j.  MSNBC                          Yes _____  No _____

k.  Fox News                       Yes _____  No _____

l.  NBC                            Yes _____  No _____

m.  CNN                            Yes _____  No _____

n.  NPR                            Yes _____  No _____
    (National Public Radio-WETA)

25. List in order the news sources that you read or watch most frequently (e.g., by naming the specific newspaper, channel, website, etc.)

    a.  _____

    b.  _____

    c.  _____

26. Please check the sites on which you have accounts or profiles (check all that apply):

| | | | | | |
|---|---|---|---|---|---|
| Facebook | _____ | Reddit | _____ | Twitter | _____ |
| Instagram | _____ | Rumble | _____ | YouTube | _____ |
| Gab | _____ | Signal | _____ | WhatsApp | _____ |
| LinkedIn | _____ | Snapchat | _____ | 4Chan/8Chan | _____ |
| MeWe | _____ | Telegram | _____ | | |
| Parler | _____ | TikTok | _____ | | |
| | | Truth Social | _____ | | |
| Periscope | _____ | Tumblr | _____ | | |

27. *There is likely to be media coverage of this case.*  To assure that the jury's decision in this case is not based upon influences outside the courtroom, the Court instructs that you must avoid reading about the case in the newspapers or listening to any radio or television reports concerning this case including news coverage or communications on the internet or social media.  You may not discuss or communicate about this case with your family, friends or co-workers or anyone else including on the internet or social media.  Also, until you begin deliberations after the close of all evidence, you may not communicate about this case with your fellow jurors.  Are you able to follow these instructions?

    Yes _____  No _____

<u>Government Objection</u>: The likelihood of media coverage for this case is, at best, uncertain.  The United States objects to this specific portion of the question because it may be inaccurate and alienate or concern members of the jury pool without cause.  Otherwise, the United States submits that this entire question is covered adequately elsewhere in the proposed voir dire.

28. Have you participated in discussions with family members, friends and coworkers about the events at the Capitol on January 6, 2021?

Yes _____   No _____

29. How frequently?

Often _____   Occasionally _____   Not that often _____

30. Where did the discussions occur? (Check all that apply.)

Home _____   Workplace _____   Social gatherings _____   Chat rooms _____   Over the phone _____   Other _____

31. *Did you vote in the last presidential election?  (Neither the Court nor the parties will ask you to identify for whom you cast your vote if you, in fact, voted.)  Yes _____  No _____*

32. *What are your feelings regarding the last presidential election?*

_____

_____

33. *What are your thoughts about Donald Trump?*

_____

_____

34. *Do you believe voter fraud might have affected the last presidential election to any degree?*

<u>Government Objection</u>: The United States submits that these questions are adequately addressed in the government's proposed question number 34.  For the same reasons the government objects to the defendant's proposed question about demonstrations, marches and rallies, the government objects to this series of questions about voting, election fraud, and thoughts about the former president. *See Connors*, cited above.

*35. Do you believe that people have the right to nonviolently protest the actions of Congress?*

Government Objection:  The United States objects to the relevance of this question in the context of the present case.  The question is also argumentative insofar as it implies that the First Amendment provides a defense to the charges in this case.

*36. About how many videos have you seen from the events that occurred at the United States Capitol on January 6, 2021?*

    *No videos \_\_\_\_      Some videos \_\_\_\_     A lot of videos \_\_\_\_*

*37. Did you watch live news coverage of the events at the United States Capitol on January 6, 2021?  Yes \_\_\_\_ No \_\_\_\_*

*If so, what was your reaction to what you watched?  Has your opinion changed or remained the same about those events since January 2021?*

*38. Have you watched or read news coverage of the events at the United States Capitol after January 6, 2021?  Yes \_\_\_\_ No \_\_\_\_*
*If "yes," how much?*

    *Little news coverage \_\_\_\_     Some news coverage \_\_\_\_     A lot of news coverage \_\_\_\_*

*39. Do you follow anyone on any social media platform who regularly reports or comments on the events of January 6, 2021?  Yes \_\_\_\_ No \_\_\_\_*

Government Objection:  The United States objects because these questions are duplicative and adequately covered elsewhere.

40. Have you or a close friend or family member been employed or had any association or connection with the Congress of the United States or a member of Congress, or the House Select Committee to Investigate the January 6th events at the United States Capitol?  Yes \_\_\_\_ No \_\_\_\_

41. Did you attend, view, or listen to any portion of any Congressional hearings related to the events that occurred at the United States Capitol on January 6, 2021?  Yes \_\_\_\_ No \_\_\_\_

    a.  What did you come away with after watching the January 6, 2021, Committee Hearings? _____

_____

42. *Did the fact that businesses were boarded up in preparation for January 6, 2021 affect your business, regular shopping or dining ?  Yes _____ No _____*

    *a. If no, did such affect anyone you know or close to, or family?    Yes        No*

43. *Did you view the Capitol fence, and armed military outside of the United States Capitol on or after January 6, 2021?*

    *a.  If so, what did you come away with after viewing such events after January 6, 2021?*
    _____

44. *Did you view any roads being closed, normal commerce and traffic being in effect as a result associated with January 6, 2021?*

    *b.  If so, what did you come away with after viewing such events after January 6, 2021?*
    _____

43. *Do you have such a strong opinion about any aspect of the events that occurred at the United States Capitol on January 6, 2021, that would affect your ability to be a fair and impartial juror in this case?  Yes _____ No _____*

<u>Government Objection</u>:  The United States submits that these questions duplicate other proposed questions, and other questions adequately serve the purpose for proposing them.

44. *Have you read, seen, or heard anything about Donald Trump's indictment in Washington, DC?  Yes _____ No _____*

    *a.  If yes, how do you feel about their stance?  _____*

    *b.  If yes, when did you learn about them?  _____*

    *c.  How would you describe the Donald Trump being indicted?_____*

    *d.  Do believe Donald Trump asked his supporters to go to the United States Capitol on January 6, 2021_____*

    *e.  Do believe Donald Trump failed to tell his supporters to leave the United States Capitol on January 6, 2021 when the event got rowdy or physical?_____*

    *f.  Do believe Donald Trump is responsible for the events that took place at the United States Capitol on January 6, 2021?*_____

    *g.  Do believe Donald Trump should serve prison time for the events that took place at the United States Capitol on January 6, 2021?*_____

*45. Have you read, seen, or heard anything about Donald Trump that would affect your ability to be a fair and impartial juror in this case?  Yes _____ No _____*

Government Objection: The United States objects to the relevance of these questions.  *See Connors*, cited above.  The United States does not object to a question designed to elicit whether a juror has beliefs about the former president making the juror biased; however, questions about beliefs concerning another indictment and its consequences and generalized questions about another person's responsibility and role in the events on January 6, 2021 are irrelevant and inappropriate.  The former president is not charged or on trial in this case; moreover, jurors will be instructed not to consider punishment when deciding the facts of this case, and a question that seeks speculation about a third-party's possible sentence is inconsistent with the instruction this Court will ask seated jurors to apply.

*46. Can you separate those thoughts, listen to the evidence in this case and make a finding based on the rule of law and the evidence presented in this case? Yes _____ No _____*

Government Objection: The United States objects because this question is duplicative.

Additional Defense Propose Voir Dire Questions (filed on October 10, 2024)

    *1.  To reach a verdict on a particular charge, every juror must agree on the verdict. In other words, every verdict must be unanimous. In deliberations, you must consider the opinions and points of view of you fellow jurors, but you must also follow your own conscience and be personally satisfied that the verdict on any charge is the right one. Would you be able to express your opinions to other jurors even if they disagree with you?*

Government Objection: The United States objects because this question is duplicative with Question 24.

    *2.  You are to decide this case based only on the evidence presented in court and not based on anything you may have learned about the events of January 6 from outside sources such as the news or social media. Can you put aside what you may have already learned about the events of January 6 and any opinions you may have already formed about the people involved in those events when considering the evidence in this case?*

Government Objection: The United States objects because this question is duplicative with Question 33.

>   *3. What social media platforms do you use, how often do you use them, and what do you use them for?*

>   *4. What sources do you rely on for your news?*

Government Objection: The United States objects because these questions are duplicative with Defendant's questions above 23-26.

>   *5. Without telling us your address, in what neighborhood do you live? (e.g. Capitol Hill, Penn Quarter, Georgetown, Adams Morgan, etc.)?*

>>   *A. How long have you lived there?*

>>   *B. Are you a native of D.C.? If not, where did you live previously?*

Government Objection: The United States objects insofar as the questions are duplicative and adequately addressed in other proposed questions (*see, e.g.*, 38(a)) or are irrelevant and inappropriate.

>   *6. Do you think that, if a person entered the U.S. Capitol on January 6 as part of the group of people who stormed the building, that person likely did so because he was trying to stop, delay, or interfere with the certification of Electoral College votes for Joseph Biden as President?*

>   *7. Do you think that people who participated in the events at the U.S. Capitol on January 6 are likely guilty of criminal wrongdoing?*

Government Objection: The United States objects insofar as the questions are duplicative and adequately addressed in other proposed questions (*see, e.g.*, 20, 31-34) or are irrelevant and inappropriate.

>   *8. If you are selected as a juror in this case, the judge will instruct you to avoid and not seek out media coverage about this case or Mr. Lang. The judge will instruct you not to google or search for information about this case or Mr. Lang on the internet. Do you have any questions or concerns about your ability to follow such instructions?*

Government Objection: The United States objects because this question is duplicative with Question 37.

>   *9. Do you, any member of your family, or any close friend belong to a group or organization that is active in law enforcement or crime prevention?*

10. For example, are you, any member of your family, or any close friend belong to Fraternal Order of Police, Crime Watch, Neighborhood Watch, Crime Stoppers, and online groups that monitor and discuss neighborhood crime issues.

<u>Government Objection</u>: The United States objects because these questions are duplicative with Question 19.

11. What do you do for a living?
    A.    How long have you been doing that?
    B.    If you are retired, please tell us what you did before you retired.

12.    Who is your current employer?
    A.    How large is your current employer/company?
    B.    Are you self-employed or own your own business?

        i.    If self-employed, will your income and livelihood be affected by serving on a jury for longer than two weeks.

    C.    Who was your prior employer?

13. What is your educational background?
    Do you have a high school diploma or GED?
    If you enrolled in college, what is your highest level of completion?

14. What is your martial status?
    A.    Have you ever been married?
    B.    Do you have any children?

15.    If you are married, or living with another adult, what does that person do for a living?
    A.    If you have adult children, what do they do?

<u>Government Objection</u>: The United States objects because these questions are duplicative with or otherwise adequately addressed by Question 38.

16.    What do you like to do in your spare time?

    A.    Do you have any interests or hobbies?

17.    Do you participate in any organizations or advocacy groups?

    A.    If so, which ones?

18. Have you ever donated or attended a gathering with a specific political party?

    a.    Ever donate to any organization or individual affiliated with January 6th?

      *b.*   *Ever donate to a social media campaign related to January 6?*

      *c.*   *Ever support an organization or cause associated with January 6th?*

*19.*     *Have you, any member of your family, or any close friend ever attended a political demonstration?*

*20.*     *Have you, any member of your family, or any close friend ever attended a fundraiser or charitable event?*

*21.*     *Have you, any member of your family, or any close friend ever donated to a specific cause such as abortion, or a movement such as feminism?*

<u>Government Objection</u>: Questions 16, 17, 19, 20, and 21 appear somewhat intrusive and do not have any direct relevance to the facts of this case. Question 18 is duplicative or otherwise covered by Questions 30-33 above. Furthermore, the United States has taken the position that the First Amendment does not provide a defense in this case; insofar as these questions may suggest otherwise, the United States objects.

*22. Which of the following print publications, cable and or network programs, or online media such as websites, blogs, or social media platforms do you visit, read, or watch? (e.g., New York Times – Wall Street Journal - USA Today - New York Post - New York Daily News - Newsday - Huffington Post - Washinton Post - CNN - Fox News - MSNBC - Newsmax - MSN - Google - Yahoo - Facebook -  or Tik Tok ).*

*23.*     *Do you listen to or watch podcasts?*

      *A.*   *If so, which podcasts do you view?*

*24.*     *Have you every listened to a podcast that was based on January 6 events?*

*25.*     *Have you ever listened to or watched a documentary based on January 6 events?*

*26.*     *Do you listen to talk radio? If so, which programs?*

<u>Government Objection</u>: The United States objects because these questions are duplicative with or otherwise adequately addressed by Question 38(i) and 38(j), as well as Defendant's questions above 23-26, 28-30

*27. Have you, a relative, or a close friend ever been the victim of a crime?*

      *A.*   *If so, please briefly tell us what happened?*

28.    *Have you, a relative, or a close friend ever been employed by a federal, state, or*

*local government?*

29.    *Have you, a relative, or a close friend ever been employed by a law enforcement agency? For example, the police, FBI, U.S. Attorney's Office, Department of Correction, etc.*

30.    *Have you, a relative, or close friend ever been employed in the intelligence field?*

31.    *Have you, a relative or close friend ever had any education, training, or work experience in the legal field, including but not limited to practicing criminal or civil law?*

32.    *Have you, a relative, or close friend had any experience or interaction with the*

*criminal justice system?*

33.    *Have you, a relative, or close friend had any experience or interaction with a police officer or other type of law enforcement agent, which caused you to form an opinion, whether positive or negative, about law enforcement or our criminal justice system?*

Government Objection: The United States objects because these questions are duplicative with or otherwise adequately addressed by Questions 9-13 and 16-18.

34. *Have you ever served on a jury before?*

A.    *If so, please tell us how long ago*

B.    *Whether that was in Criminal Court, Civil Court, or Grand Jury.*

C.    *Without telling us the verdict, please tell us whether the jury reached a verdict.*

D.    *If so, what was that experience?*

E.    *Would that experience prevent you from being a fair and impartial Juror in this case?*

Government Objection: The United States objects because these questions are duplicative with or otherwise adequately addressed by Questions 14-15.

35. *Have you, a relative, or close friend ever attended a march, rally, gathering or participated in a form of civil disobedience?*

Government Objection: The United States objects because these questions are duplicative with or otherwise adequately addressed by previous questions. Furthermore, The United States objects to the relevance of this question in the context of the present case. The question is also argumentative insofar as it implies that the First Amendment provides a defense to the charges in this case.

36. *Have you, a relative, or a close friend ever been accused or convicted of committing a crime?*
37. *Do you, a relative, or a close friend have a pending criminal case?*

Government Objection: The United States objects because these questions are duplicative with or otherwise adequately addressed by previous questions.

38. *Do you have any political, moral, intellectual, or religious beliefs or opinions, which might prevent you from following the Court's instructions on the law or which might slant your approach to this case?*
    a. *Do you have any political, moral, intellectual, or religious beliefs that would interfere with your ability to render a verdict in this criminal case?*
    b. *Do you have any strong opinions that would interfere with your ability to render a verdict in this criminal case?*
39. *Do you have a health condition that might interfere with your ability to be here on the appointed days and times or otherwise prevent you from serving as a juror?*
40. *Do you have any close family with a health condition that might interfere with your ability to be here on the appointed days and times or otherwise prevent you from serving as a juror?*
41. *Without telling us the name, do you take any medication that would prevent you from being able to concentrate or pay attention during the proceedings or during the deliberations.*
42. *Court proceedings normally end around 5:00 in the afternoon though on rare occasions, we might work beyond that. Would your schedule and responsibilities permit you to work later if it were absolutely necessary to complete that day's work?*
43. *Do you practice a religion that would prevent you from sitting as a juror on any particular weekday or weeknight?*

Government Objection: The United States objects insofar as the questions are duplicative and adequately addressed in other proposed questions (*see, e.g.*, 6-8) or are irrelevant and inappropriate.

44. *Can you give us an assurance that you will be fair and impartial and not base your decision in this case upon a bias or prejudice in favor of or against a person who may appear in this trial, on account of that person's race, color, national origin, ancestry,*

*gender, gender identity or expression, religion, religious practice, age, disability, sexual orientation, or political views?*

45. *Can you promise to guard against allowing stereotypes or attitudes about individuals or about groups of people, referred to as an implicit bias, influence your decision?*

<u>Government Objection</u>: The United States objects insofar as the questions are duplicative and adequately addressed in other proposed questions (*see, e.g.*, 26) or are irrelevant and inappropriate. Furthermore, the United States generally objects to posing questions of potential jurors as a demand for an "assurance."

46. *Have you, a relative, or a close friend ever worked for any Company of organization that is owned or run by Donald Trump of anyone in his family?*

47. *Have you, a relative, or a close friend ever attended a rally of campaign event for Donald Trump?*

48. *Do you currently follow Donald Trump on any social media site or have you done, so in the past?*

49. *Have you ever attended a rally or campaign event for any anti-Trump group or organization?*

50. *Do you currently follow any anti-Trump group or organization on any social media site, or have you done so in the past?*

51. *Have you ever considered yourself a supporter of or belonged to any of the following: (A) the QAnon movement, (B) Proud Boys, (C) Oathkeepers, (D) Three Percenters, (E) Boogaloo Boys, (F) Antifa, and (G) Black Lives Matter.*

52. *Do you have any strong opinions or firmly held beliefs about what occurred on January 6, 2021, at the US Capitol?*

53. *Do you have any feelings of opinions about how January 6 protestors are being treated in the court system?*

54. *Were you, a relative, or a close friend financially effected based on January 6, 2024?*

55. *Do you have any strong opinions or firmly held beliefs about former President Donald Trump, or the fact that many January 6 protestors supported him in his challenges to the 2020 presidential election?*

56. *Would those opinions or beliefs interfere with your ability to be a fair and impartial juror?*

57. *Have you read (or listened to audio) of any of the following books, articles or podcasts by Ryan Reilly, Roger Parloff or Jordan Fischer? If so, please let us know if what you have heard or read affects your ability to be a fair and impartial juror in this case?*

58. *Do you believe there were irregularities in the 2020 presidential election?*

59. *Do people, such as American citizens, have the right to believe the election was stolen, tampered with, or involved irregularities?*

60. *Do people have the right to challenge a presidential election that they believe was stolen or rigged?*

61. *What are your thoughts on people who do believe the 2020 presidential election was stolen or rigged?*

62. *Do you have any opinions about people who felt so strongly and sincerely about the 2020 election that they travelled from all parts of the country to attend a "Stop the Steal" rally?*

<u>Government Objection</u>: The United States objects insofar as the questions are duplicative and adequately addressed in other proposed questions or are irrelevant and inappropriate in the context of the present case.  The questions are also argumentative insofar as it implies that the First Amendment provides a defense to the charges in this case.

63. *Are you aware of any individual who passed away on January 6, 2021, at the United States Capitol?*
64. *If so, do you know the name of such person[s]?*
    A.  *If not, are you aware of their gender?*
    B.  *If not, are you aware if the individual was a protestor or officer?*
    C.  *Do you know how many people died as a result of January 6, 2021?*
65. *During the course of the trial, you may hear testimony from or about a number of people. We will now identify for you the names of people who may testify or about whom you may hear testimony. Listen carefully to see if you recognize or know any of the people named.*
    A.  *[Do you recognize any of these names?] Kevin D. Greeson, Roseanne Boyland, Benjamin Phillips, Ryan Sicknick, Jeffrey Smith, Howard Liebengood, Ashli Babbitt, Paul McKenna, Reggie Tyson, or Micheal Byrd?*
    B.  *If you heard any of these names, have you watched any videos or read any articles regarding such person in relation to January 6, 2021?*

<u>Government Objection</u>: The United States objects insofar as the questions are duplicative and adequately addressed in other proposed questions or are irrelevant and inappropriate in the context of the present case.

66. *Have you learned about the events on January 6th surrounding a person's life from other sources, such as podcasts or written publications?  If so, which ones, and how often do you review them?*
67. *Have you seen any vigil in Washington, DC relating to January 6, 2021?*
68. *Have you been following the investigation of the events of January 6, 2021, at the United States Capitol in the news media or on the internet?*
69. *Have you heard about the January 6th Committee?*

<u>Government Objection</u>: The United States objects insofar as the questions are duplicative and adequately addressed in other proposed questions or are irrelevant and inappropriate in the context of the present case.

70. *Jurors are the sole judges of the facts, but they must follow the Court's instructions on the law.  The jury may not choose to follow some instructions but not others, and even if a juror dislikes, disagrees, with, or does not understand the reasons for some of the rules, it is the jury's duty to follow those instructions.  Will any of you have any difficulty following the Court's legal instructions?*

71. *Can you promise to set aside anything you may have heard or read about this case and render your verdict based solely on the evidence presented in this courtroom and the law as given to you by the judge?*

72. *Can you give us your absolute assurance that you will refrain from discussing this case with anyone in any manner and from watching, reading, or listening to any accounts of this case during the pendency of the trial?*

73. *Can you assure us that you will follow the judge's instructions on the law, including instructions on the definition of reasonable doubt and the presumption of innocence?*

74. *The United States Constitution provides that a defendant has no burden to introduce any evidence or to testify in a criminal case. If Mr. Lang chooses not to testify, or to introduce any evidence, can you give us your assurance that you will not hold that against him?*

75. *Is there any reason, whether it be a bias or something else, that would prevent you from being fair and impartial if you are selected as a juror for this case?*

<u>Government Objection</u>: The United States objects insofar as the questions are duplicative and adequately addressed in other proposed questions or are irrelevant and inappropriate in the context of the present case. Furthermore, the United States generally objects to posing questions of potential jurors as a demand for "assurances" or an "absolute assurance."