**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **Case No. 1:21-CR-53 (CJN)** |
| | **:** | |
| **EDWARD JACOB LANG,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

**JOINT PROPOSED JURY INSTRUCTIONS AND OBJECTIONS**

The enclosed proposed jury instructions are drawn from Criminal Jury Instructions for the District of Columbia (Fifth Edition, 2021 Release) (the "Redbook"), unless otherwise noted. Where the defense objected to language in the proposed instructions, text appears in bold typeface. Where the government objected, text appears in italics. The parties respectfully request leave to submit supplemental proposed jury instructions as may be necessary to conform to the evidence introduced at trial. Bracketed text indicates alternative or optional language or language that depends on information not yet available.

## LIST OF STANDARD INSTRUCTIONS
### Criminal Jury Instructions for the District of Columbia

1.102 Preliminary Instruction Before Trial
1.105 Notetaking Insert
1.107 Identity of Alternates Insert
1.108 Recognition of a Witness or Other Party Connected to the Case
2.100 Furnishing the Jury with a Copy of the Instructions
2.101 Function of the Court
2.102 Function of the Jury
2.103 Jury's Recollection Controls
2.104 Evidence in the Case—Judicial Notice & Stipulations
2.105 Statements of Counsel
2.106 Criminal Indictment Not Evidence
2.107 Burden of Proof-Presumption of Innocence
2.108 Reasonable Doubt
2.109 Direct and Circumstantial Evidence
2.110 Nature of Charges Not to Be Considered
2.111 Number of Witnesses
2.112 Inadmissible and Stricken Evidence
2.200 Credibility of Witnesses
2.207 Police Officer's Testimony
2.208 Right of Defendant Not to Testify (if applicable)
2.209 Defendant as Witness (if applicable)
2.210 False or Inconsistent Statement By Defendant (if applicable)
2.213 Character of Defendant (if applicable)
2.214 Cross-Examination of Character Witness (if applicable)
2.215 Specialized Opinion Testimony (if applicable)
2.230 Identification
Introduction to Offense Instructions
 Count One, 18 U.S.C. § 111(a)(1) and 2
 Defense Proposed Instruction Number 1
 Count Two, 18 U.S.C. § 111(a)(1) and 2
 Count Three, 18 U.S.C. § 111(a)(1)
 Count Four, 18 U.S.C. § 111(a)(1)
 Count Five, 18 U.S.C. § 111(a)(1) and (b)
 Count Six, 18 U.S.C. § 111(a)(1) and (b)
 Count Seven, 18 U.S.C. § 111(a)(1) and (b)
 Count Eight, 18 U.S.C. § 231(a)(3) and (b)
 Count Nine, 18 U.S.C. § 1512(c)(2) and (2)
 Count Ten, 18 U.S.C. § 1752(a)(2) and (b)(1)(A)
 Count Eleven, 18 U.S.C. § 1752(a)(4) and (b)(1)(A)
 Count Twelve, 40 U.S.C. § 5104(e)(2)(D)
 Count Thirteen, 40 U.S.C. § 5104(e)(2)(D)
3.101 Proof of State of Mind

Government's Proposed Self Defense Instruction
Defense Proposed Instruction Number 2: Self Defense
2.402 Multiple Counts – One Defendant
2.405 Unanimity
2.407 Verdict Form Explanation
2.500 Redacted Exhibits (if applicable)
2.501 Exhibits During Deliberations
2.502 Selection of Foreperson
2.505 Possible Punishment Not Relevant
2.508 Cautionary Instruction on Publicity, Communication, and Research
2.509 Communication Between Court and Jury During Jury's Deliberations
2.510 Attitude and Conduct of Jurors in Deliberations
2.511 Excusing Alternate Jurors

## INSTRUCTIONS BEFORE TRIAL
### 1.102
### Preliminary Instruction Before Trial

Before we begin the trial, I want to explain some of the legal rules that will be important in this trial. I want to emphasize that these remarks are not meant to be a substitute for the detailed instructions that I will give at the end of the trial just before you start your deliberations. These preliminary instructions are intended to give you a sense of what will be going on in the courtroom and what your responsibilities as jurors will be.

**Notetaking Insert (Redbook 1.105)**

**Identity of Alternates Insert (Redbook 1.107)**

Now let me explain briefly some of the procedures we will follow and some of the rules of law that will be important in this case. This is a criminal case that began when the United States Attorney filed a charging document called an Indictment with the court. The defendant in this case, Edward Jacob Lang (also known as "Jake Lang") is charged in a second superseding indictment with 13 crimes relating to his alleged conduct at the United States Capitol Building on January 6, 2021. Count One charges the defendant with assaulting, resisting, opposing, impeding, intimidating or interfering with Sgt. J.M. of the Metropolitan Police Department at approximately 2:57 p.m. or with aiding and abetting that offense; Count Two charges the defendant with assaulting, resisting, opposing, impeding, intimidating or interfering with unspecified officers between 3:08 and 3:13 p.m., or with aiding and abetting that offense; Count Three charges the defendant with assaulting, resisting, opposing, impeding, intimidating or interfering with Officer M.M. of the United States Capitol Police Department at approximately 3:18-3:21 p.m., or with aiding and abetting that offense; Count Four charges the defendant with assaulting, resisting, opposing, impeding, intimidating or interfering with Det. W.M. of the

Metropolitan Police Department at approximately 4:01-4:02 p.m., or with aiding and abetting that offense; Count Five charges the defendant with assaulting, resisting, opposing, impeding, intimidating or interfering with Detective P.N of the Metropolitan Police Department at approximately 4:10-4:13 p.m., or with aiding and abetting that offense; Count Six charges the defendant with using a deadly or dangerous weapon, a shield, while assaulting, resisting, opposing, impeding, intimidating or interfering with Officer T.C. of the Metropolitan Police Department at approximately 4:44-4:46 p.m.;  Count Seven charges the defendant with using a deadly or dangerous weapon, a bat, while assaulting, resisting, opposing, impeding, intimidating or interfering with Officer I.F. of the Metropolitan Police Department at approximately 4:54-5:00 p.m.; Count Eight charges the defendant with using a deadly or dangerous weapon, a bat, while assaulting, resisting, opposing, impeding, intimidating or interfering with Officer H.S. of the Metropolitan Police Department at approximately 4:54-5:00 p.m.; Count Nine charges the defendant with obstructing, impeding or interfering with a law enforcement officer during a civil disorder or with attempting to do so; Count Ten charges the defendant with disruptive or disorderly conduct in and within such proximity to a restricted building and grounds while using or carrying a deadly or dangerous weapon, that is, a bat or a shield; Count Eleven charges the defendant with engaging in an act of violence against any person or property in a restricted building or grounds while using or carrying a deadly or dangerous weapon, that is, a bat or a shield; Count Twelve charges the defendant with disorderly or disruptive conduct within the United States Capitol grounds or in any of the Capitol Buildings; and Count Thirteen charges the defendant with willfully and knowingly engaging in an act of physical violence within the United States Capitol grounds or in any of the Capitol Buildings.  The defendant has pleaded not guilty to all charges.

You should understand clearly that the second superseding indictment that I just summarized is not evidence. An indictment is just a formal way of charging a person with a crime in order to bring him to trial. You must not think of the second superseding indictment as any evidence of the guilt of the defendant, or draw any conclusion about the guilt of the defendant just because an indictment has been filed against him.

At the end of the trial, you will have to decide whether or not the evidence presented has convinced you beyond a reasonable doubt that the defendant committed the offenses with which he has been charged. For each offense, the government must prove beyond a reasonable doubt each of the elements of that offense as to the defendant. These elements will be explained to you at the end of the trial.

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until he is proven guilty beyond a reasonable doubt. The burden is on the government to prove the defendant guilty beyond a reasonable doubt, and that burden of proof never shifts throughout the trial. The law does not require a defendant to prove his innocence or to produce any evidence. If you find that the government has proven beyond a reasonable doubt every element of a particular offense with which the defendant is charged, it is your duty to find him guilty of that offense. On the other hand, if you find that the government has failed to prove any element of a particular offense beyond a reasonable doubt, you must find the defendant not guilty of that offense.

As I explain how the trial will proceed, I will refer to the "government" and to "defendant Edward Jacob Lang," and the "defendant." When I mention the "government," I am referring to Assistant U.S. Attorneys Karen Rochlin and Craig Estes who represent the United States of

America. When I mention a defendant, I am referring to that defendant or his attorneys, Steven A. Metcalf and Anthony Sabatini.

As the first step in this trial, the government and the defendant will have an opportunity to make opening statements. A defendant may make an opening statement immediately after the government's opening statement, or he may wait until the beginning of the defendant's case, or he may choose not to make an opening statement at all. You should understand that the opening statements are not evidence. They are only intended to help you understand the evidence that the lawyers expect will be introduced.

After the opening statement or statements, the government will put on what is called its case-in-chief. This means that the government will call witnesses to the witness stand and ask them questions. This is called direct examination. When the government is finished, the defendants may ask questions. This is called cross-examination. When the defense is finished, the government may have brief re-direct examination. After the government presents its evidence, the defendants may present evidence, but they are not required to do so. The law does not require a defendant to prove his innocence or to produce any evidence. If the defense does put on evidence, the defense will call witnesses to the stand and ask questions on direct examination, the government will cross-examine, and the defense may have brief re-direct examination. When the defense is finished, the government may offer a rebuttal case, which would operate along the same lines as its case-in-chief.

[*Option 1*

At the end of all of the evidence, each side will have an opportunity to make a closing argument in support of its case. The lawyers' closing arguments, just like their opening statements, are not evidence in this case. They are only intended to help you understand the evidence.

Finally, at the end of the evidence and after both sides have finished closing arguments, I will tell you in detail about the rules of law that you must follow when you consider what your verdicts shall be. Your verdicts must be unanimous; that is, all twelve jurors must agree on the verdicts.]

[*Option 2*

At the end of all the evidence, I will instruct you once more on the rules of law that you are to apply in your deliberations when you retire to consider your verdict in this case. Then each side will have a chance to present closing arguments in support of its case. The statements of the lawyers in their closing arguments, just as in their questions and in their opening statements, are not evidence in this case. They are intended only to help you understand the evidence and what each side claims the evidence shows. Finally, at the end of the closing arguments, I will have a few additional instructions for you before you begin your deliberations.]

I want to briefly describe my responsibilities as the judge and your responsibilities as the jury. My responsibility is to conduct this trial in an orderly, fair, and efficient manner, to rule on legal questions that come up in the course of the trial, and to instruct you about the law that applies to this case. It is your sworn duty as jurors to accept and apply the law as I state it to you.

Your responsibility as jurors is to determine the facts in the case. You—and only you—are the judges of the facts. You alone determine the weight, the effect, and the value of the evidence, as well as the credibility or believability of the witnesses. You must consider and weigh the testimony of all witnesses who appear before you. You alone must decide the extent to which you believe any witness.

You must pay very careful attention to the testimony of all of the witnesses because you will not have any transcripts or summaries of the testimony available to you during your

deliberations. You will have to rely entirely on your memory and your notes if you choose to take any.

During this trial, I may rule on motions and objections by the lawyers, make comments to lawyers, question the witnesses, and instruct you on the law. You should not take any of my statements or actions as any indication of my opinion about how you should decide the facts. If you think that somehow I have expressed or even hinted at any opinion as to the facts in this case, you should disregard it. The verdict in this case is your sole and exclusive responsibility.

You may consider only the evidence properly admitted in this case. That evidence includes the sworn testimony of witnesses and the exhibits admitted into evidence. Sometimes a lawyer's question suggests the existence of a fact, but the lawyer's question alone is not evidence. If the evidence includes anything other than testimony and exhibits, I will instruct you about these other types of evidence when they are admitted during the trial.

During the trial, if the court or a lawyer makes a statement or asks a question that refers to evidence that you remember differently, you should rely on your memory of the evidence during your deliberations.

The lawyers may object when the other side asks a question, makes an argument, or offers evidence that the objecting lawyer believes is not properly admissible. You must not hold such objections against the lawyer who makes them or the party he or she represents. It is the lawyer's responsibility to object to evidence that they believe is not admissible.

If I sustain an objection to a question asked by a lawyer, the question must be withdrawn, and you must not guess or speculate what the answer to the question would have been. If a question is asked and answered, and I then rule that the answer should be stricken from the record, you must

disregard both the question and the answer in your deliberations. You should follow this same rule if any of the exhibits are stricken.

You are not permitted to discuss this case with anyone until this case is submitted to you for your decision at the end of my final instructions. This means that, until the case is submitted to you, you may not talk about it even with your fellow jurors. This is because we don't want you making decisions until you've heard all the evidence and the instructions of law. In addition, you may not talk about the case with anyone else. It should go without saying that you also may not write about the case electronically through any blog, posting, or other communication, including "social networking" sites such as Facebook or Twitter until you have delivered your verdict and the case is over. This is because you must decide the case based on what happens here in the courtroom, not on what someone may or may not tell you outside the courtroom. I'm sure that, when we take our first recess, you will call home or work and tell them you have been selected for a jury. They will undoubtedly ask what kind of case you're sitting on. You may tell them it is a criminal case, but nothing else. Now, when the case is over, you may discuss any part of it with anyone you wish, but until then, you may not do so.

Although it is a natural human tendency to talk with people with whom you may come into contact, you must not talk to any of the parties, their attorneys, or any witnesses in this case during the time you serve on this jury. If you encounter anyone connected with the case outside the courtroom, you should avoid having any conversation with them, overhearing their conversation, or having any contact with them at all. For example, if you find yourself in a courthouse corridor, elevator, or any other location where the case is being discussed by attorneys, parties, witnesses, or anyone else, you should immediately leave the area to avoid hearing such discussions. If you do overhear a discussion about the case, you should report that to me as soon as you can. Finally,

if you see any of the attorneys or witnesses involved in the case and they turn and walk away from you, they are not being rude; they are merely following the same instruction that I gave to them.

It is very unlikely, but if someone tries to talk to you about the case, you should refuse to do so and immediately let me know by telling the clerk or the marshal. Don't tell the other jurors; just let me know, and I'll bring you in to discuss it.

Between now and when you are discharged from jury duty, you must not provide to or receive from anyone, including friends, co-workers, and family members, any information about your jury service. You may tell those who need to know where you are, that you have been picked for a jury, and how long the case may take. However, you must not give anyone any information about the case itself or the people involved in the case. You must also warn people not to try to say anything to you or write to you about your jury service or the case. This includes face-to-face, phone, or computer communications.

In this age of electronic communication, I want to stress that you must not use electronic devices or computers to talk about this case, including tweeting, texting, blogging, e-mailing, posting information on a website or chat room, or any other means at all. Do not send or accept messages, including email and text messages, about your jury service. You must not disclose your thoughts about your jury service or ask for advice on how to decide any case.

You must decide the facts based on the evidence presented in court and according to the legal principles about which I will instruct you. You are not permitted, during the course of the trial, to conduct any independent investigation or research about the case. That means, for example, you cannot use the Internet to do research about the facts or the law or the people involved in the case. Research includes something even as simple or seemingly harmless as using the Internet to look up a legal term or view a satellite photo of the scene of the alleged crime.

I want to explain the reasons why you should not conduct your own investigation. All parties have a right to have the case decided only on evidence and legal rules that they know about and that they have a chance to respond to. Relying on information you get outside this courtroom is unfair because the parties would not have a chance to refute, correct, or explain it. Unfortunately, information that we get over the Internet or from other sources may be incomplete or misleading or just plain wrong. It is up to you to decide whether to credit any evidence presented in court and only the evidence presented in court may be considered. If evidence or legal information has not been presented in court, you cannot rely on it.

Moreover, if any of you do your own research about the facts or the law, this may result in different jurors basing their decisions on different information. Each juror must make his or her decision based on the same evidence and under the same rules.

In some cases, there may be reports in the newspaper or on the radio, Internet, or television concerning the case while the trial is ongoing. If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it. You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial inadvertently comes to your attention during trial, do not discuss it with other jurors or anyone else. Just let me or my clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

After I submit the case to you, you may discuss it only when I instruct you to do so, and only in the jury room and only in the presence of all your fellow jurors. It is important that you keep an open mind and not decide any issue in the case until after I submit the entire case to you with my final instructions.

# FINAL INSTRUCTIONS

## 2.230
## Identification

The burden is on the government to prove beyond a reasonable doubt, not only that each offense was committed, but also that the defendant is the person who committed the offense or offenses.

In deciding whether the government has proved beyond a reasonable doubt that the defendant is the person who committed each offense, you may consider any evidence relating to the identity of that person.

A number of factors may affect the accuracy of an identification of the defendant by an alleged eyewitness:

1. The witness's opportunity to observe the criminal acts and the person committing them, including, but not limited to, the length of the encounter, the distance between the various parties, the lighting conditions at the time, and the witness's state of mind at the time of the offense;

2. Any subsequent identification and the circumstances surrounding that identification, including the length of time that elapsed between the crime and the identification, the witness's state of mind when making the identification, any suggestive circumstances that may have influenced the witness, [and any statements or actions by law enforcement officers concerning the identification]; [and]

[3. Any failure of the witness to identify Edward Jacob Lang as the person who committed the offense;] [and]

[4. An identification by the witness of another person as the person who committed the offense;] [and]

5. Any other factors that have been brought to your attention by [specialized opinion testimony and] the remaining evidence that you conclude bears upon the accuracy of the witness's in-court or out-of-court identification of the defendant.

Based upon any identification(s) by the witness(es) and all additional evidence you have heard, you must be satisfied beyond a reasonable doubt that the defendant is the person who committed this offense before you may convict him. If the evidence concerning the identification of the defendant is not convincing beyond a reasonable doubt, you must find the defendant not guilty.

**Introduction to Offense Instructions**[1]

The second superseding indictment charges 13 separate crimes, called "counts," against the Defendant.  Each count has a number.  I will explain the law governing each of these offenses.

---

[1] *See* Eleventh Circuit Criminal Pattern Jury Instruction No. B8 (Rev. Mar. 2022) (Preliminary Instruction) (available at: https://www.ca11.uscourts.gov/sites/default/files/courtdocs/clk/FormCriminalPatternJuryInstructionsRevisedMAR2022.pdf).

**Count One**
**18 U.S.C. § 111(a)(1) and 2**
**Assaulting, Resisting, Opposing, Impeding, Intimidating,**
**or Interfering With Any Person Assisting Officers of the United States**

Count One of the second superseding indictment charges the defendant with assaulting, resisting, opposing, impeding, intimidating or interfering with Sergeant J.M., a person assisting officers of the United States who are engaged in the performance of their official duties, which is a violation of federal law. I am going to instruct you on this charge and explain the various elements that you must consider.

Elements

To find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

**First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with**[2] Sergeant J.M., an officer from the Metropolitan Police Department.

Second, the defendant did such acts forcibly.

Third, the defendant did such acts voluntarily and intentionally.

Fourth, Sergeant J.M., **the person assaulted, resisted, opposed, impeded, intimidated, or interfered with**, was assisting officers of the United States who were then engaged in the performance of their official duties.

Fifth, the defendant made physical contact with Sergeant J.M., or acted with intent to commit another felony. For purposes of this element, "another felony" refers to any one of the offenses charged in Counts Two through Eleven.[3]

---

[2] *See* the proposed defense instruction that follows this proposed instruction for Count One.
[3] With respect to Count Nine, *see United States v. Stevens*, 105 F. 4th 473, 481 (D.C. Cir. 2024) (explaining that "Section 231(a)(3)'s distinct requirements qualify it as 'another felony' separate from Section 111(a)(1)").

<u>Definitions</u>

A person acts "forcibly" if he used force, attempted to use force, or threatened to use force against the officer. Physical force or contact is sufficient but actual physical contact is not required. You may also find that a person who has the present ability to inflict bodily harm upon another and who threatens or attempts to inflict bodily harm upon that person acts forcibly. In such case, the threat must be a present one.[4]

The term "assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so. To find that the defendant committed an "assault," you must find beyond a reasonable doubt that the defendant intended to inflict or to threaten injury. Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility.[5]

The terms "resist," "oppose," "impede," "intimidate," and "interfere with" carry their everyday, ordinary meanings.

---

[4] *United States v. Taylor*, 848 F.3d 476, 493 (1st Cir. 2017) (The element of 'forcible' action can be met by a showing of either physical contact with the federal agent, or by such a threat or display of physical aggression toward the officer as to inspire fear of pain, bodily harm, or death.") (quotation marks omitted) (citing cases).

[5] *United States v. Watts*, 798 F.3d 650, 654 (7th Cir. 2015) ("an assault may also be committed by a person who intends to threaten or attempt to make offensive rather than injurious physical contact with the victim"); *United States v. Acosta-Sierra*, 690 F.3d 1111, 1117 (9th Cir. 2012) ("Because Section 111 does not define assault, we have adopted the common law definition of assault as either (1) a willful attempt to inflict injury upon the person of another, or (2) a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm.") (quotation marks omitted); *Comber v. United States*, 584 A.2d 26, 50 (D.C. 1990) (en banc) (explaining that the crime of simple assault "is designed to protect not only against physical injury, but against all forms of offensive touching, . . . and even the mere threat of such touching"); Criminal Jury Instructions for the District of Columbia, No. 4.100 (2022 ed.) ("Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility."). *See also United States v. Jensen*, No. 21-cr-6 (TJK) (ECF No. 97 at 30) (similar instruction used for assault on January 6, 2021), and *United States v. Webster*, No. 21-cr-208 (APM) (ECF No. 101 at 14) (same).

It is not necessary to show that the defendant knew the person being forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with was, at that time, assisting federal officers in carrying out an official duty so long as it is established beyond a reasonable doubt that the officer was, in fact, assisting a federal officer acting in the course of his duty and that the defendant intentionally forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with that officer.[6]

<u>Aiding and Abetting</u>

In this case, the government further alleges that the defendant committed the offense charged in Count One, (that is, forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with Sergeant J.M. while making physical contact or acting with the intent to commit another felony), by aiding and abetting others in committing the offense.  Aiding and abetting is not a separate offense but merely another way in which the government alleges that the defendant committed this offense in Count One.

A person may be guilty of an offense if he aided and abetted another person in committing the offense.  A person who has aided and abetted another person in committing an offense is often called an accomplice.  The person whom the accomplice aids and abets is known as the principal. It is not necessary that all the people who committed the crime be caught or identified.  It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted that person in committing the crime.

In order to find the defendant guilty of forcibly assaulting, resisting, opposing, impeding,

---

[6] *United States v. Celentano*, No. 22-cr-186 (TJK) (ECF No. 64 at 12); *United States v. Thomas*, No. 21-cr-552 (DLF) (ECF No. 150 at 30).

intimidating, or interfering with Sergeant J.M. while making physical contact or acting with the intent to commit another felony because the defendant aided and abetted others in committing this offense, you must find that the government proved beyond a reasonable doubt the following elements:

First, that others committed the offense of forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with Sergeant J.M. while making physical contact or acting with the intent to commit another felony because the defendant aided and abetted others in doing so, by committing each of the elements of the offense charged, as I have explained above.

Second, that the defendant knew that the offense of forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with Sergeant J.M. while making physical contact or acting with the intent to commit another felony was going to be committed or was being committed by others.

Third, that the defendant performed an act or acts in furtherance of the offense.

Fourth, that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of.

Fifth, that the defendant did that act or acts with the intent that others commit the offense of forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with Sergeant J.M. while making physical contact or acting with the intent to commit another felony.

To show that the defendant performed an act or acts in furtherance of the offense charged, the government must prove some affirmative participation by the defendant which at least encouraged others to commit the offense. That is, you must find that the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense. The defendant's act or acts need not further aid, assist, facilitate, or encourage every part or phase of the offense

charged; it is enough if the defendant's act or acts further aided, assisted, facilitated, or encouraged only one or some parts or phases of the offense. Also, the defendant's acts need not themselves be against the law.

In deciding whether the defendant had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, you may consider both direct and circumstantial evidence, including the defendant's words and actions and other facts and circumstances. However, evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find the defendant guilty as an aider and abettor. If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate the defendant with the offense, you may not find the defendant guilty as an aider and abettor of forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with Sergeant J.M. while making physical contact or acting with the intent to commit another felony. The government must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by others as something the defendant wished to bring about and to make succeed.

### DEFENSE PROPOSED INSTRUCTION NUMBER 1: ASSAULT 18 USC 111(A)

It is respectfully submitted that the first element to count one encompass one of the following:

(1) *At the time, Mr. Lang had the apparent ability to injure [name of officer or various officers]; or*

(2) *Mr. Lang committed a threatening act that reasonably would create in another person a fear of immediate injury; or*

(3) *Mr. Lang with force or violence injured [name of officers].*

### *Definitions.*

*Injury means any physical injury, however small. Or, the government must prove a threatening act; mere words are not sufficient. The government need not prove the defendant intended to injure [name of officers].*

### *Authority.*

Under the Redbook comment section of Instruction 4.101, the following is stated:  The third element's reference to "apparent ability" focuses "upon the conduct of the accused rather than subjective perception of the victim." *Smith v. U. S.*, 593 A.2d 205, 206 (D.C. 1991) (*citing Anthony v. U.S.*, 361 A.2d 202, 206 (D.C. 1976)). Nevertheless, evidence that the defendant's conduct did actually produce fear in the victim is relevant. *Id.* Under the Redbook comment section of Instruction 4.102, the following is stated: For this offense, "significant bodily injury" means an injury that requires hospitalization or immediate medical treatment in order to preserve the health and well-being of the individual.

"Medical treatment" is then defined as "not merely a diagnosis and must be aimed at preventing long-term physical damage and other potentially permanent injuries, or abating severe pain."

The rest of the comment section highlights the following:

> "Treatment" is not medical if applied to lesser, short-term hurts. Remedies such as ice packs, bandages, and self-administered over-the-counter medications do not qualify as "medical treatment," whether or not they are administered by a medical professional. Medical treatment is not required unless the individual would suffer additional harm by failing to receive professional diagnosis and treatment [or unless the individual has suffered an injury that poses an obvious risk of long-term physical damage or severe pain and the injury requires diagnostic testing to evaluate the danger and need for treatment]. The fact that an individual who was injured did or did not seek immediate medical attention, was or was not transported by ambulance to a hospital, or did or did not receive treatment at a hospital is not determinative of whether hospitalization or immediate medical treatment was required. Instead, you must consider the nature of the alleged injury itself and the practical need in the ordinary course of events for hospitalization or prompt medical treatment in determining whether significant bodily injury occurred here.

Government Objection: The United States objects to this proposed instruction because it is based on instructions for offenses under the D.C. Code and not the federal statute, 18 U.S.C § 111, charged in this case. The defendant's proposed language appears to be covered by other portions of the government's proposed instruction, or adds requirements that are not part of the offense charged. For example, the defendant's instruction could reasonably be read to require that an assault involve violence, which is contrary to authority cited in support of the government's proposed instruction for Count One.

**DEFENSE ADDITION**

**Lesser-Included Offense:**

**(Assaulting, Resisting, or Impeding Sergeant J.M. with Acts that Constitute Only Simple Assault)**

To find Defendant guilty of the Lesser-included offense of Count One, that is, assaulting, resisting, or impeding Sergeant J.M. with acts that constitute only simple assault, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the Defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with Sergeant J.M., **[an officer from the Metropolitan Police Department]**;

Second, the defendant did such acts forcibly;

Third, the defendant did such acts voluntarily and intentionally.

Fourth, Sergeant J.M., **the person assaulted, resisted, opposed, impeded, intimidated, or interfered with**, was assisting officers of the United States who were then engaged in the performance of their official duties.


## ORDER OF DELIBERATIONS

Now I am going to instruct you as to the order in which you should consider the above offenses. First, consider whether the Defendant is guilty of assaulting, resisting, **opposing, [**or**]** impeding**, intimidating, or interfering with** Sergeant J.M.

Second, if you find Defendant guilty of that offense, do not go on to the lesser-included offense. However, if you find Defendant not guilty, go on to consider whether the Defendant is guilty of assaulting, resisting, **opposing,** [or] impeding, **intimidating, or interfering with** Sergeant J.M. with acts that constitute only simple assault.

And if, after making all reasonable efforts to reach a verdict on the first charge, you are not able to do so, you are allowed to consider this lesser-included charge.

## DEFENSE SELF-DEFENSE BASED ON DEFENDANT'S THEORY OF CASE

### INSTRUCTION 9.100 – Defendant's Theory of the Case

### (Redbook 9.100)

*Notes*. A defendant is generally entitled to an instruction on "his theory of the case". As the District of Columbia Court of Appeals has noted, citing the U.S. Court of Appeals for this Circuit, which, in turn, had quoted from an 80-year-old Supreme Court case:

> [A]n accused is entitled to an instruction … if there is "any evidence fairly tending to bear upon the issue …", however weak, and … the Court may not intrude on the province of the jury which may find credibility in testimony that the judge may consider completely overborne by the "simply overwhelming" evidence of the prosecutor … .

*Rhodes v. U.S.*, 354 A.2d 863, 864 (D.C. 1976) (*citing Belton v. U.S.*, 382 F.2d 150, 155 (D.C. Cir. 1967) (*quoting Stevenson v. U.S.*, 162 U.S. 313, 315, 323 (1896)))[7].

*Case law on this fundamental principle.*   When a defendant requests an instruction on a theory of the case that negates his guilt of the crime charged, and that instruction is supported by any evidence, however weak, the court must give an instruction stating the substance of the defendant's theory. *Gray v. U.S.*, 549 A.2d 347, 349 (D.C. 1988). On the district court history, "Where there is evidentiary support for special facts sustaining a rational defensive theory, to which the court's attention is specifically directed, the defendant is entitled to have the jury charged on that theory[;] however weak the evidence, however implausible the theory may appear to be, the matter is for the jury's determination." *Brooke v. U.S.*, 385 F.2d 279, 284 (D.C. Cir. 1967) (*cited with approval in Fleming*, 310 A.2d at 218); *U.S. v. Glover*, 153 F.3d 749, 754–55 (D.C. Cir. 1998)

---

[7] The standard in District Court, quoting a more recent Supreme Court case, is phrased slightly differently: "A theory-of-defense instruction is in order if there is 'sufficient evidence from which a reasonable jury could find' for the defendant on his theory." *U.S. v. Hurt*, 527 F.3d 1347, 1351 (D.C. Cir. 2008) (*citing U.S. v. Glover*, 153 F.3d 749, 754 (D.C. Cir. 1998) (*quoting Matthews v. U.S.*, 485 U.S. 58, 63 (1988)).

(district court properly refused to give an entrapment instruction where defendant produced insufficient evidence of inducement).

Standard instructions in such instances likely will be insufficient and may, if confined merely to what the prosecution needs to prove, be unbalanced. See, e.g., id. (instruction on general denial, self-defense and proximate cause did not adequately express defense theory of independent cause); *Levine v. U.S.*, 261 F.2d 747, 748–51 (D.C. Cir. 1958) (error not to give requested instruction on criminal intent in prosecution for impersonating a police officer). An instruction need not, however, be given in the exact language requested. *Stack*, 519 A.2d at 154. Nor need the court summarize the evidence for the defendant, particularly where the effect would be to give special emphasis to the defendant's testimony. Durham, 743 A.2d at 200 n.5 ("Appellant was not entitled to an instruction that does no more than rehearse or summarize the defense evidence, because this would give special emphasis to the defendant's testimony."); *see also Montgomery*, 384 A.2d at 660; *U.S. v. Mathis*, 535 F.2d 1303, 1305–06 (D.C. Cir. 1976); *U.S. v. Boone*, 543 F.2d 412, 413–415 (D.C. Cir. 1976) (defendant entitled to entrapment instruction where evidence considered in light most favorable to him showed government inducement and tended to negate predisposition); *U.S. v. Forbes*, 515 F.2d 676, 684 (D.C. Cir. 1975) (defendant entitled to instruction on "agency" theory where he claimed he was returning a controlled substance, which had been dispensed pursuant to a prescription issued to another, to the pharmacist on behalf of the person to whom it was prescribed); *Levine, supra. But see U.S. v. Hurt*, 527 F.3d 1347, 1351–52 (D.C. Cir. 2008) (" 'As a general rule, the refusal to give an instruction requested by a defendant is reversible error only if the instruction was not substantially covered in the charge actually delivered to the jury … .' *U.S. v. Taylor*, 997 F.2d 1551, 1558 (D.C. Cir. 1993)"); *See also Laughlin v. U.S.*, 474 F.2d 444, 454–455 (D.C. Cir. 1972) (claim that jury should be instructed to acquit

defendant if defense testimony of denying guilt is believed cannot be elevated to the status of defense "theory" of the case).

<u>Government Objection</u>: The United States objects to this proposed instruction because it is addressed to instructions for defenses available under the D.C. Code.  The United States additionallyobjects to this proposed instruction because defendant has not stated what "theory of the case" he now seeks instruction on, let alone provide the actual language for his proposed instruction. Furthermore, the defendant has not articulated, let alone proffered, what admissible evidence he will introduce at trial to support any such instruction.  Insofar as the defendant's theory of the case is self-defense, the substance of this proposed instruction is covered by other portions of the government's proposed instruction.  Finally, in the absence of any evidentiary proffer from the defense, the United States submits that this proposed instruction may be best addressed during a charge conference once all the evidence is before the Court, and the United States may seek to present additional arguments or objections at that time.

**Count Two**
**18 U.S.C. § 111(a)(1) and 2**
**Assaulting, Resisting, Opposing, Impeding, Intimidating,**
**or Interfering With Any Person Assisting Officers of the United States**

Count Two of the second superseding indictment charges the defendant with assaulting, resisting, opposing, impeding, intimidating or interfering with an officer or an employee of the United States who was then engaged in the performance of his official duties or any person assisting officers of the United States who are engaged in the performance of their official duties, which is a violation of federal law. I am going to instruct you on this charge and explain the various elements that you must consider.

<u>Elements</u>

To find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with, an officer or an employee of the United States who was then engaged in the performance of his official duties or any person assisting officers of the United States who was engaged in the performance of his or her official duties.

Second, the defendant did such acts forcibly.

Third, the defendant did such acts voluntarily and intentionally.

Fourth, the person assaulted, resisted, opposed, impeded, intimidated, or interfered with, was an officer or employee of the United States who was then engaged in the performance of his

or her official duties or who was a person assisting officers of the United States who were then engaged in the performance of their official duties.

Fifth, the defendant made physical contact with the person assaulted, resisted, opposed, impeded, intimidated, or interfered with, or acted with intent to commit another felony.  For purposes of this element, "another felony" refers to any one of the offenses charged in Counts Three through Eleven.

Definitions

A person acts "forcibly" if he used force, attempted to use force, or threatened to use force against the officer. Physical force or contact is sufficient but actual physical contact is not required. You may also find that a person who has the present ability to inflict bodily harm upon another and who threatens or attempts to inflict bodily harm upon that person acts forcibly. In such case, the threat must be a present one.[8]

The term "assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so. To find that the defendant committed an "assault," you must find beyond a reasonable doubt that the defendant intended to inflict or to threaten injury. Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility.[9]

---

[8] *United States v. Taylor*, 848 F.3d 476, 493 (1st Cir. 2017) (The element of 'forcible' action can be met by a showing of either physical contact with the federal agent, or by such a threat or display of physical aggression toward the officer as to inspire fear of pain, bodily harm, or death.") (quotation marks omitted) (citing cases).

[9] *United States v. Watts*, 798 F.3d 650, 654 (7th Cir. 2015) ("an assault may also be committed by a person who intends to threaten or attempt to make offensive rather than injurious physical contact with the victim"); *United States v. Acosta-Sierra*, 690 F.3d 1111, 1117 (9th Cir. 2012) ("Because Section 111 does not define assault, we have adopted the common law definition of assault as either (1) a willful attempt to inflict injury upon the person of another, or (2) a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a

The terms "resist," "oppose," "impede," "intimidate," and "interfere with" carry their everyday, ordinary meanings.

It is not necessary to show that the defendant knew the person being forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with was, at that time, either an officer or employee of the United States who was then engaged in the performance of his or her official duties or a person assisting federal officers in carrying out an official duty, so long as it is established beyond a reasonable doubt that the person was, in fact, an officer or employee of the United States who was then engaged in the performance of his or her official duties or assisting a federal officer acting in the course of his duty and that the defendant intentionally forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with that officer.[10]

<u>Aiding and Abetting</u>

In this case, the government further alleges that the defendant committed the offense charged in Count Two, (that is, forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with an officer or an employee of the United States who was then engaged in the performance of his official duties or any person assisting officers of the United States who are engaged in the performance of their official duties while making physical contact or acting with the intent to commit another felony), by aiding and abetting others in committing the offense.

---

reasonable apprehension of immediate bodily harm.") (quotation marks omitted); *Comber v. United States*, 584 A.2d 26, 50 (D.C. 1990) (en banc) (explaining that the crime of simple assault "is designed to protect not only against physical injury, but against all forms of offensive touching, . . . and even the mere threat of such touching"); Criminal Jury Instructions for the District of Columbia, No. 4.100 (2022 ed.) ("Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility."). *See also United States v. Jensen*, No. 21-cr-6 (TJK) (ECF No. 97 at 30) (similar instruction used for assault on January 6, 2021), and *United States v. Webster*, No. 21-cr-208 (APM) (ECF No. 101 at 14) (same).

[10] *United States v. Celentano*, No. 22-cr-186 (TJK) (ECF No. 64 at 12); *United States v. Thomas*, No. 21-cr-552 (DLF) (ECF No. 150 at 30).

Aiding and abetting is not a separate offense but merely another way in which the government alleges that the defendant committed this offense in Count Two.

You should apply the same instructions for aiding and abetting that appear in the instruction for aiding and abetting for Count One.

**DEFENSE OBJECTION/LESSER INCLUDED OFFENSE/SELF-DEFENSE**

**The defense raises the same objections, seeks the same additional lesser included offense, and seeks the same self-defense proposal as in Count One. The United States raises the same objections in reply.**

**Count Three**
**18 U.S.C. § 111(a)(1)**
**Assaulting, Resisting, Opposing, Impeding, Intimidating,**
**or Interfering With Any Person Assisting Officers of the United States**

Count Three of the second superseding indictment charges the defendant with assaulting, resisting, opposing, impeding, intimidating or interfering with Officer M.M., an officer or an employee of the United States who was then engaged in the performance of his official duties or assisting officers of the United States who are engaged in the performance of their official duties, which is a violation of federal law. I am going to instruct you on this charge and explain the various elements that you must consider.

Elements

To find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with Officer M.M., an officer from the United States Capitol Police Department.

Second, the defendant did such acts forcibly.

Third, the defendant did such acts voluntarily and intentionally.

Fourth, Officer M.M., the person assaulted, resisted, opposed, impeded, intimidated, or interfered with, was an officer or an employee of the United States who was then engaged in the performance of his official duties or was assisting officers of the United States who were then engaged in the performance of their official duties.

Fifth, the defendant made physical contact with Officer M.M., or acted with intent to commit another felony. For purposes of this element, "another felony" refers to any one of the offenses charged in Counts Four through Eleven.

Definitions

A person acts "forcibly" if he used force, attempted to use force, or threatened to use force against the officer. Physical force or contact is sufficient but actual physical contact is not required. You may also find that a person who has the present ability to inflict bodily harm upon another and who threatens or attempts to inflict bodily harm upon that person acts forcibly. In such case, the threat must be a present one.[11]

The term "assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so. To find that the defendant committed an "assault," you must find beyond a reasonable doubt that the defendant intended to inflict or to threaten injury. Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility.[12]

The terms "resist," "oppose," "impede," "intimidate," and "interfere with" carry their everyday, ordinary meanings.

---

[11] *United States v. Taylor*, 848 F.3d 476, 493 (1st Cir. 2017) (The element of 'forcible' action can be met by a showing of either physical contact with the federal agent, or by such a threat or display of physical aggression toward the officer as to inspire fear of pain, bodily harm, or death.") (quotation marks omitted) (citing cases).

[12] *United States v. Watts*, 798 F.3d 650, 654 (7th Cir. 2015) ("an assault may also be committed by a person who intends to threaten or attempt to make offensive rather than injurious physical contact with the victim"); *United States v. Acosta-Sierra*, 690 F.3d 1111, 1117 (9th Cir. 2012) ("Because Section 111 does not define assault, we have adopted the common law definition of assault as either (1) a willful attempt to inflict injury upon the person of another, or (2) a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm.") (quotation marks omitted); *Comber v. United States*, 584 A.2d 26, 50 (D.C. 1990) (en banc) (explaining that the crime of simple assault "is designed to protect not only against physical injury, but against all forms of offensive touching, . . . and even the mere threat of such touching"); Criminal Jury Instructions for the District of Columbia, No. 4.100 (2022 ed.) ("Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility."). *See also United States v. Jensen*, No. 21-cr-6 (TJK) (ECF No. 97 at 30) (similar instruction used for assault on January 6, 2021) and *United States v. Webster*, No. 21-cr-208 (APM) (ECF No. 101 at 14) (same).

It is not necessary to show that the defendant knew the person being forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with was, at that time, assisting federal officers in carrying out an official duty so long as it is established beyond a reasonable doubt that the officer was, in fact, assisting a federal officer acting in the course of his duty and that the defendant intentionally forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with that officer.[13]

<u>Aiding and Abetting</u>

In this case, the government further alleges that the defendant committed the offense charged in Count Three, (that is, forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with Officer M.M. while making physical contact or acting with the intent to commit another felony), by aiding and abetting others in committing the offense. Aiding and abetting is not a separate offense but merely another way in which the government alleges that the defendant committed this offense in Count Three.

You should apply the same instructions for aiding and abetting that appear in the instruction for aiding and abetting for Count One.

**DEFENSE OBJECTION/LESSER INCLUDED OFFENSE/SELF-DEFENSE**

**The defense raises the same objections, seeks the same additional lesser included offense, and seeks the same self-defense proposal as in Count One. The United States raises the same objections in reply.**

---

[13] *United States v. Celentano*, No. 22-cr-186 (TJK) (ECF No. 64 at 12); *United States v. Thomas*, No. 21-cr-552 (DLF) (ECF No. 150 at 30).

**Count Four**
**18 U.S.C. § 111(a)(1)**
**Assaulting, Resisting, Opposing, Impeding, Intimidating,**
**or Interfering With Any Person Assisting Officers of the United States**

Count Four of the second superseding indictment charges the defendant with assaulting, resisting, opposing, impeding, intimidating or interfering with Detective W.M., a person assisting officers of the United States who are engaged in the performance of their official duties, which is a violation of federal law.  I am going to instruct you on this charge and explain the various elements that you must consider.

Elements

To find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with Detective W.M., an officer from the Metropolitan Police Department.

Second, the defendant did such acts forcibly.

Third, the defendant did such acts voluntarily and intentionally.

Fourth, Detective W.M., the person assaulted, resisted, opposed, impeded, intimidated, or interfered with, was assisting officers of the United States who were then engaged in the performance of their official duties.

Fifth, the defendant made physical contact with Detective W.M., or acted with intent to commit another felony.  For purposes of this element, "another felony" refers to any one of the offenses charged in Counts Five through Eleven.

Definitions

A person acts "forcibly" if he used force, attempted to use force, or threatened to use force against the officer. Physical force or contact is sufficient but actual physical contact is not required.

You may also find that a person who has the present ability to inflict bodily harm upon another and who threatens or attempts to inflict bodily harm upon that person acts forcibly. In such case, the threat must be a present one.[14]

The term "assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so. To find that the defendant committed an "assault," you must find beyond a reasonable doubt that the defendant intended to inflict or to threaten injury. Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility.[15]

The terms "resist," "oppose," "impede," "intimidate," and "interfere with" carry their everyday, ordinary meanings.

It is not necessary to show that the defendant knew the person being forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with was, at that time, assisting federal officers in carrying out an official duty so long as it is established beyond a reasonable doubt that

---

[14] *United States v. Taylor*, 848 F.3d 476, 493 (1st Cir. 2017) (The element of 'forcible' action can be met by a showing of either physical contact with the federal agent, or by such a threat or display of physical aggression toward the officer as to inspire fear of pain, bodily harm, or death.") (quotation marks omitted) (citing cases).

[15] *United States v. Watts*, 798 F.3d 650, 654 (7th Cir. 2015) ("an assault may also be committed by a person who intends to threaten or attempt to make offensive rather than injurious physical contact with the victim"); *United States v. Acosta-Sierra*, 690 F.3d 1111, 1117 (9th Cir. 2012) ("Because Section 111 does not define assault, we have adopted the common law definition of assault as either (1) a willful attempt to inflict injury upon the person of another, or (2) a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm.") (quotation marks omitted); *Comber v. United States*, 584 A.2d 26, 50 (D.C. 1990) (en banc) (explaining that the crime of simple assault "is designed to protect not only against physical injury, but against all forms of offensive touching, . . . and even the mere threat of such touching"); Criminal Jury Instructions for the District of Columbia, No. 4.100 (2022 ed.) ("Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility."). *See also United States v. Jensen*, No. 21-cr-6 (TJK) (ECF No. 97 at 30) (similar instruction used for assault on January 6, 2021) and *United States v. Webster*, No. 21-cr-208 (APM) (ECF No. 101 at 14) (same).

the officer was, in fact, assisting a federal officer acting in the course of his duty and that the defendant intentionally forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with that officer.[16]

<u>Aiding and Abetting</u>

In this case, the government further alleges that the defendant committed the offense charged in Count Four, (that is, forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with Det. W.M. while making physical contact or acting with the intent to commit another felony), by aiding and abetting others in committing the offense. Aiding and abetting is not a separate offense but merely another way in which the government alleges that the defendant committed this offense in Count Four.

You should apply the same instructions for aiding and abetting that appear in the instruction for aiding and abetting for Count One.

**DEFENSE OBJECTION/LESSER INCLUDED OFFENSE/SELF-DEFENSE**

**The defense raises the same objections, seeks the same additional lesser included offense, and seeks the same self-defense proposal as in Count One. The United States raises the same objections in reply.**

---

[16] *United States v. Celentano*, No. 22-cr-186 (TJK) (ECF No. 64 at 12); *United States v. Thomas*, No. 21-cr-552 (DLF) (ECF No. 150 at 30).

**Count Five**
**18 U.S.C. § 111(a)(1)**
**Assaulting, Resisting, Opposing, Impeding, Intimidating,**
**or Interfering With Any Person Assisting Officers of the United States**

Count Five of the second superseding indictment charges the defendant with assaulting, resisting, opposing, impeding, intimidating or interfering with Detective P.N., a person assisting officers of the United States who are engaged in the performance of their official duties, which is a violation of federal law. I am going to instruct you on this charge and explain the various elements that you must consider.

<u>Elements</u>

To find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with Detective P.N., an officer from the Metropolitan Police Department.

Second, the defendant did such acts forcibly.

Third, the defendant did such acts voluntarily and intentionally.

Fourth, Detective P.N., the person assaulted, resisted, opposed, impeded, intimidated, or interfered with, was assisting officers of the United States who were then engaged in the performance of their official duties.

Fifth, the defendant made physical contact with Detective P.N., or acted with intent to commit another felony. For purposes of this element, "another felony" refers to any one of the offenses charged in Counts Six through Eleven.

<u>Definitions</u>

A person acts "forcibly" if he used force, attempted to use force, or threatened to use force against the officer. Physical force or contact is sufficient but actual physical contact is not required.

You may also find that a person who has the present ability to inflict bodily harm upon another and who threatens or attempts to inflict bodily harm upon that person acts forcibly. In such case, the threat must be a present one.[17]

The term "assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so. To find that the defendant committed an "assault," you must find beyond a reasonable doubt that the defendant intended to inflict or to threaten injury. Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility.[18]

The terms "resist," "oppose," "impede," "intimidate," and "interfere with" carry their everyday, ordinary meanings.

It is not necessary to show that the defendant knew the person being forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with was, at that time, assisting federal officers in carrying out an official duty so long as it is established beyond a reasonable doubt that

---

[17] *United States v. Taylor*, 848 F.3d 476, 493 (1st Cir. 2017) (The element of 'forcible' action can be met by a showing of either physical contact with the federal agent, or by such a threat or display of physical aggression toward the officer as to inspire fear of pain, bodily harm, or death.") (quotation marks omitted) (citing cases).

[18] *United States v. Watts*, 798 F.3d 650, 654 (7th Cir. 2015) ("an assault may also be committed by a person who intends to threaten or attempt to make offensive rather than injurious physical contact with the victim"); *United States v. Acosta-Sierra*, 690 F.3d 1111, 1117 (9th Cir. 2012) ("Because Section 111 does not define assault, we have adopted the common law definition of assault as either (1) a willful attempt to inflict injury upon the person of another, or (2) a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm.") (quotation marks omitted); *Comber v. United States*, 584 A.2d 26, 50 (D.C. 1990) (en banc) (explaining that the crime of simple assault "is designed to protect not only against physical injury, but against all forms of offensive touching, . . . and even the mere threat of such touching"); Criminal Jury Instructions for the District of Columbia, No. 4.100 (2022 ed.) ("Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility."). *See also United States v. Jensen*, No. 21-cr-6 (TJK) (ECF No. 97 at 30) (similar instruction used for assault on January 6, 2021) and *United States v. Webster*, No. 21-cr-208 (APM) (ECF No. 101 at 14) (same).

the officer was, in fact, assisting a federal officer acting in the course of his duty and that the defendant intentionally forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with that officer.[19]

### Aiding and Abetting

In this case, the government further alleges that the defendant committed the offense charged in Count Five, (that is, forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with Det. P.N. while making physical contact or acting with the intent to commit another felony), by aiding and abetting others in committing the offense. Aiding and abetting is not a separate offense but merely another way in which the government alleges that the defendant committed this offense in Count Five.

You should apply the same instructions for aiding and abetting that appear in the instruction for aiding and abetting for Count One.

**DEFENSE OBJECTION/LESSER INCLUDED OFFENSE/SELF-DEFENSE**

**The defense raises the same objections, seeks the same additional lesser included offense, and seeks the same self-defense proposal as in Count One. The United States raises the same objections in reply.**

---

[19] *United States v. Celentano*, No. 22-cr-186 (TJK) (ECF No. 64 at 12); *United States v. Thomas*, No. 21-cr-552 (DLF) (ECF No. 150 at 30).

**Count Six**
**18 U.S.C. § 111(a)(1) and (b)**
**Assaulting, Resisting, Opposing, Impeding,**
**Intimidating, or Interfering With Any Person**
**Assisting Officers Using a Deadly or Dangerous Weapon**

Count Six of the second superseding indictment charges the defendant with assaulting, resisting, opposing, impeding, intimidating or interfering with Officer T.C., a person assisting officers of the United States who are engaged in the performance of their official duties, which is a violation of federal law. Count Six of the second superseding indictment additionally charges that the defendant, in the commission of such acts, used a dangerous weapon.

I am going to instruct you on this charge and explain the various elements that you must consider. I will also instruct you on a lesser offense. After I give you the elements of these crimes, I will tell you in what order you should consider them.

<u>Elements</u>

To find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with Officer T.C., an officer from the Metropolitan Police Department.

Second, the defendant did such acts forcibly.

Third, the defendant did such acts voluntarily and intentionally.

Fourth, Officer T.C., the person assaulted, resisted, opposed, impeded, intimidated, or interfered with, was assisting officers of the United States who were then engaged in the performance of their official duties.

Fifth, in doing such actions, the defendant intentionally used a dangerous weapon. [20]

---

[20] *United States v. Arrington*, 309 F.3d 40, 44 (D.C. Cir. 2002).

<u>Definitions</u>

A person acts "forcibly" if he used force, attempted to use force, or threatened to use force against the officer. Physical force or contact is sufficient but actual physical contact is not required. You may also find that a person who has the present ability to inflict bodily harm upon another and who threatens or attempts to inflict bodily harm upon that person acts forcibly. In such case, the threat must be a present one.[21]

The term "assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so. To find that the defendant committed an "assault," you must find beyond a reasonable doubt that the defendant intended to inflict or to threaten injury. Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility.[22]

The terms "resist," "oppose," "impede," "intimidate," and "interfere with" carry their everyday, ordinary meanings.

---

[21] *United States v. Taylor*, 848 F.3d 476, 493 (1st Cir. 2017) (The element of 'forcible' action can be met by a showing of either physical contact with the federal agent, or by such a threat or display of physical aggression toward the officer as to inspire fear of pain, bodily harm, or death.") (quotation marks omitted) (citing cases).

[22] *United States v. Watts*, 798 F.3d 650, 654 (7th Cir. 2015) ("an assault may also be committed by a person who intends to threaten or attempt to make offensive rather than injurious physical contact with the victim"); *United States v. Acosta-Sierra*, 690 F.3d 1111, 1117 (9th Cir. 2012) ("Because Section 111 does not define assault, we have adopted the common law definition of assault as either (1) a willful attempt to inflict injury upon the person of another, or (2) a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm.") (quotation marks omitted); *Comber v. United States*, 584 A.2d 26, 50 (D.C. 1990) (en banc) (explaining that the crime of simple assault "is designed to protect not only against physical injury, but against all forms of offensive touching, . . . and even the mere threat of such touching"); Criminal Jury Instructions for the District of Columbia, No. 4.100 (2022 ed.) ("Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility."). *See also United States v. Jensen*, No. 21-cr-6 (TJK) (ECF No. 97 at 30) (similar instruction used for assault on January 6, 2021) and *United States v. Webster*, No. 21-cr-208 (APM) (ECF No. 101 at 14) (same).

An object may be a "deadly or dangerous weapon" in one of two ways. First, an object is a deadly or dangerous weapon if it is inherently or obviously dangerous or deadly. Such inherently dangerous weapons include guns, knives, and the like. Second, if the object is not inherently or obviously dangerous or deadly, an object is a deadly or dangerous weapon if the object is capable of causing serious bodily injury or death to another person and the defendant used it in that manner.

In determining whether the object is a "deadly or dangerous weapon," you may consider both the physical capabilities of the object used and the manner in which the defendant used it.[23]

The term "serious bodily injury" means bodily injury which involves a substantial risk of death; extreme physical pain; medical intervention such as surgery, hospitalization, or physical rehabilitation; protracted and obvious disfigurement; or protracted loss or impairment of the function of a bodily member, organ, or mental faculty.[24]

---

[23] *United States v. Arrington*, 309 F.3d 40, 44 (D.C. Cir. 2002) ("For an object that is not inherently deadly . . . the following additional element is required: (4) the object must be capable of causing serious bodily injury or death to another person *and* the defendant must use it in that manner."); *United States v. Smith*, 561 F.3d 934, 939 (9th Cir. 2009) ("An object is a dangerous weapon . . . if it is either inherently dangerous or otherwise used in a manner likely to endanger life or inflict great bodily harm. . . . Inherently dangerous weapons . . . are obviously dangerous objects such as guns, knives, and the like.") (quotation marks omitted); *United States v. Guilbert*, 692 F.2d 1340, 1343 (11th Cir. 1982) ("Thus, the term 'dangerous weapon' is not restricted to such obviously dangerous weapons as guns, knives, and the like, but can include virtually any object given appropriate circumstances."). *See also United States v. Webster*, No. 21-cr-208 (APM) (ECF No. 101 at 15) (using similar instruction for assault on January 6, 2021).

The correct standard is whether the object is *capable* of causing serious bodily injury, not whether it is *likely* to cause serious bodily injury. *See United States v. Samsel, et. al*, 21-cr-537 (Minute Order of Nov. 2, 2023) ("The Court has also declined to find that a deadly or dangerous weapon is one which is *likely* to cause serious bodily injury or death. The controlling precedent is this Circuit is clear that a deadly or dangerous weapon is any object which is *capable* of causing serious bodily injury or harm to another person." (emphasis in original) (citing *Arrington*, 309 F.3d at 45).); *United States v. Easterday*, 22-cr-404 (JEB), --- F.Supp.3d ---, 2024 WL 1513527, at *6 (D.D.C. Apr. 8, 2024) (rejecting claim that 111(b) requires the weapon be *likely* to cause serious bodily injury and finding, "for purposes of § 111(b)'s dangerous-or-deadly-weapon element, it is enough to establish that an object was used in a manner capable of causing serious injury").

[24] 18 U.S.C. §§ 831(g)(4), 1864(d)(1), & 1365(h)(3); USSG §1B1.1 n.1(M).

It is not necessary to show that the defendant knew the person being forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with was, at that time, assisting federal officers in carrying out an official duty so long as it is established beyond a reasonable doubt that the officer was, in fact, assisting a federal officer acting in the course of his duty and that the defendant intentionally forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with that officer.[25]

To find the defendant guilty of the lesser offense of Count Six, you must find the following elements beyond a reasonable doubt:

First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with Officer T.C., an officer from the Metropolitan Police Department.

Second, the defendant did such acts forcibly.

Third, the defendant did such acts voluntarily and intentionally.

Fourth, Officer T.C., the person assaulted, resisted, opposed, impeded, intimidated, or interfered with, was assisting officers of the United States who were then engaged in the performance of their official duties.

Fifth, the defendant made physical contact with Officer T.C., or acted with intent to commit another felony. For purposes of this element, "another felony" refers to any one of the offenses charged in Counts Seven through Eleven.

<u>Order of Deliberations</u>

Now I am going to instruct you as to the order in which you should consider the above offenses. You should consider first whether the defendant is guilty of assaulting, resisting, or

---

[25] *United States v. Celentano*, No. 22-cr-186 (TJK) (ECF No. 64 at 12); *United States v. Thomas*, No. 21-cr-552 (DLF) (ECF No. 150 at 30).

impeding officers while using a dangerous weapon.

If you find the defendant guilty of that offense, do not go on to the lesser offense. If you find the defendant not guilty, go on to consider whether he is guilty of assaulting, resisting, or impeding officers with physical contact or the intent to commit another felony.

This order will be reflected in the verdict form that I will be giving you.


**DEFENSE OBJECTION/LESSER INCLUDED OFFENSE/SELF-DEFENSE**

**The defense raises the same objections, seeks the same additional lesser included offense, and seeks the same self-defense proposal as in Count One. The United States raises the same objections in reply.**

**Count Seven**
**18 U.S.C. § 111(a)(1) and (b)**
**Assaulting, Resisting, Opposing, Impeding,**
**Intimidating, or Interfering With Any Person**
**Assisting Officers Using a Deadly or Dangerous Weapon**

Count Seven of the second superseding indictment charges the defendant with assaulting, resisting, opposing, impeding, intimidating or interfering with Officer I.F., a person assisting officers of the United States who are engaged in the performance of their official duties, which is a violation of federal law. Count Seven of the second superseding indictment additionally charges that the defendant, in the commission of such acts, used a dangerous weapon.

I am going to instruct you on this charge and explain the various elements that you must consider. I will also instruct you on a lesser offense. After I give you the elements of these crimes, I will tell you in what order you should consider them.

Elements

To find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with Officer I.F., an officer from the Metropolitan Police Department.

Second, the defendant did such acts forcibly.

Third, the defendant did such acts voluntarily and intentionally.

Fourth, Officer I.F., the person assaulted, resisted, opposed, impeded, intimidated, or interfered with, was assisting officers of the United States who were then engaged in the performance of their official duties.

Fifth, in doing such actions, the defendant intentionally used a dangerous weapon.[26]

---

[26] *United States v. Arrington*, 309 F.3d 40, 44 (D.C. Cir. 2002).

<u>Definitions</u>

A person acts "forcibly" if he used force, attempted to use force, or threatened to use force against the officer. Physical force or contact is sufficient but actual physical contact is not required. You may also find that a person who has the present ability to inflict bodily harm upon another and who threatens or attempts to inflict bodily harm upon that person acts forcibly. In such case, the threat must be a present one.[27]

The term "assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so. To find that the defendant committed an "assault," you must find beyond a reasonable doubt that the defendant intended to inflict or to threaten injury. Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility.[28]

---

[27] *United States v. Taylor*, 848 F.3d 476, 493 (1st Cir. 2017) (The element of 'forcible' action can be met by a showing of either physical contact with the federal agent, or by such a threat or display of physical aggression toward the officer as to inspire fear of pain, bodily harm, or death.") (quotation marks omitted) (citing cases).

[28] *United States v. Watts*, 798 F.3d 650, 654 (7th Cir. 2015) ("an assault may also be committed by a person who intends to threaten or attempt to make offensive rather than injurious physical contact with the victim"); *United States v. Acosta-Sierra*, 690 F.3d 1111, 1117 (9th Cir. 2012) ("Because Section 111 does not define assault, we have adopted the common law definition of assault as either (1) a willful attempt to inflict injury upon the person of another, or (2) a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm.") (quotation marks omitted); *Comber v. United States*, 584 A.2d 26, 50 (D.C. 1990) (en banc) (explaining that the crime of simple assault "is designed to protect not only against physical injury, but against all forms of offensive touching, . . . and even the mere threat of such touching"); Criminal Jury Instructions for the District of Columbia, No. 4.100 (2022 ed.) ("Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility."). *See also United States v. Jensen*, No. 21-cr-6 (TJK) (ECF No. 97 at 30) (similar instruction used for assault on January 6, 2021) and *United States v. Webster*, No. 21-cr-208 (APM) (ECF No. 101 at 14) (same).

The correct standard is whether the object is *capable* of causing serious bodily injury, not whether it is *likely* to cause serious bodily injury. *See United States v. Samsel, et. al*, 21-cr-537 (Minute Order of Nov. 2, 2023) ("The Court has also declined to find that a deadly or dangerous weapon is one which is *likely* to cause serious bodily injury or death. The controlling precedent is

The terms "resist," "oppose," "impede," "intimidate," and "interfere with" carry their everyday, ordinary meanings.

An object may be a "deadly or dangerous weapon" in one of two ways. First, an object is a deadly or dangerous weapon if it is inherently or obviously dangerous or deadly. Such inherently dangerous weapons include guns, knives, and the like. Second, if the object is not inherently or obviously dangerous or deadly, an object is a deadly or dangerous weapon if the object is capable of causing serious bodily injury or death to another person and the defendant used it in that manner.

In determining whether the object is a "deadly or dangerous weapon," you may consider both the physical capabilities of the object used and the manner in which the defendant used it. [29]

The term "serious bodily injury" means bodily injury which involves a substantial risk of death; extreme physical pain; medical intervention such as surgery, hospitalization, or physical rehabilitation; protracted and obvious disfigurement; or protracted loss or impairment of the function of a bodily member, organ, or mental faculty. [30]

---

this Circuit is clear that a deadly or dangerous weapon is any object which is *capable* of causing serious bodily injury or harm to another person." (emphasis in original) (citing *Arrington*, 309 F.3d at 45).); *United States v. Easterday*, 22-cr-404 (JEB), --- F.Supp.3d ---, 2024 WL 1513527, at *6 (D.D.C. Apr. 8, 2024) (rejecting claim that 111(b) requires the weapon be *likely* to cause serious bodily injury and finding, "for purposes of § 111(b)'s dangerous-or-deadly-weapon element, it is enough to establish that an object was used in a manner capable of causing serious injury").

[29] *United States v. Arrington*, 309 F.3d 40, 44 (D.C. Cir. 2002) ("For an object that is not inherently deadly . . . the following additional element is required: (4) the object must be capable of causing serious bodily injury or death to another person *and* the defendant must use it in that manner."); *United States v. Smith*, 561 F.3d 934, 939 (9th Cir. 2009) ("An object is a dangerous weapon . . . if it is either inherently dangerous or otherwise used in a manner likely to endanger life or inflict great bodily harm. . . . Inherently dangerous weapons . . . are obviously dangerous objects such as guns, knives, and the like.") (quotation marks omitted); *United States v. Guilbert*, 692 F.2d 1340, 1343 (11th Cir. 1982) ("Thus, the term 'dangerous weapon' is not restricted to such obviously dangerous weapons as guns, knives, and the like, but can include virtually any object given appropriate circumstances."). *See also United States v. Webster*, No. 21-cr-208 (APM) (ECF No. 101 at 15) (using similar instruction for assault on January 6, 2021).

[30] 18 U.S.C. §§ 831(g)(4), 1864(d)(1), & 1365(h)(3); USSG §1B1.1 n.1(M).

It is not necessary to show that the defendant knew the person being forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with was, at that time, assisting federal officers in carrying out an official duty so long as it is established beyond a reasonable doubt that the officer was, in fact, assisting a federal officer acting in the course of his duty and that the defendant intentionally forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with that officer.[31]

To find the defendant guilty of the lesser offense of Count Seven, you must find the following elements beyond a reasonable doubt:

First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with Officer I.F., an officer from the Metropolitan Police Department.

Second, the defendant did such acts forcibly.

Third, the defendant did such acts voluntarily and intentionally.

Fourth, Officer I.F., the person assaulted, resisted, opposed, impeded, intimidated, or interfered with, was assisting officers of the United States who were then engaged in the performance of their official duties.

Fifth, the defendant made physical contact with Officer I.F., or acted with intent to commit another felony.  For purposes of this element, "another felony" refers to any one of the offenses charged in Counts Eight through Eleven.

<u>Order of Deliberations</u>

Now I am going to instruct you as to the order in which you should consider the above offenses. You should consider first whether the defendant is guilty of assaulting, resisting, or

---

[31] *United States v. Celentano*, No. 22-cr-186 (TJK) (ECF No. 64 at 12); *United States v. Thomas*, No. 21-cr-552 (DLF) (ECF No. 150 at 30).

impeding officers while using a dangerous weapon.

If you find the defendant guilty of that offense, do not go on to the lesser offense.  If you find the defendant not guilty, go on to consider whether he is guilty of assaulting, resisting, or impeding officers with physical contact or the intent to commit another felony.

This order will be reflected in the verdict form that I will be giving you.

**DEFENSE OBJECTION/LESSER INCLUDED OFFENSE/SELF-DEFENSE**

**The defense raises the same objections, seeks the same additional lesser included offense, and seeks the same self-defense proposal as in Count One. The United States raises the same objections in reply.**

**Count Eight**
**18 U.S.C. § 111(a)(1) and (b)**
**Assaulting, Resisting, Opposing, Impeding,**
**Intimidating, or Interfering With Any Person**
**Assisting Officers Using a Deadly or Dangerous Weapon or**
**Inflicting Bodily Injury**

Count Eight of the second superseding indictment charges the defendant with assaulting, resisting, opposing, impeding, intimidating or interfering with Officer H.S., a person assisting officers of the United States who are engaged in the performance of their official duties, which is a violation of federal law.  Count Eight of the second superseding indictment additionally charges that the defendant, in the commission of such acts, used a deadly or dangerous weapon or inflicted bodily injury.

I am going to instruct you on this charge and explain the various elements that you must consider. I will also instruct you on a lesser offense. After I give you the elements of these crimes, I will tell you in what order you should consider them.

<u>Elements</u>

To find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with Officer H.S., an officer from the Metropolitan Police Department.

Second, the defendant did such acts forcibly.

Third, the defendant did such acts voluntarily and intentionally.

Fourth, Officer H.S., the person assaulted, resisted, opposed, impeded, intimidated, or interfered with, was assisting officers of the United States who were then engaged in the performance of their official duties.

Fifth, in doing such actions, the defendant intentionally used a dangerous weapon[32] or inflicted bodily injury. [33]

<u>Definitions</u>

A person acts "forcibly" if he used force, attempted to use force, or threatened to use force against the officer. Physical force or contact is sufficient but actual physical contact is not required. You may also find that a person who has the present ability to inflict bodily harm upon another and who threatens or attempts to inflict bodily harm upon that person acts forcibly. In such case, the threat must be a present one.[34]

The term "assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so. To find that the defendant committed an "assault," you must find beyond a reasonable doubt that the defendant intended to inflict or to threaten injury. Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility.[35]

---

[32] *United States v. Arrington*, 309 F.3d 40, 44 (D.C. Cir. 2002).

[33] *United States v. Arrington*, 309 F.3d 40, 44 (D.C. Cir. 2002).

[34] *United States v. Taylor*, 848 F.3d 476, 493 (1st Cir. 2017) (The element of 'forcible' action can be met by a showing of either physical contact with the federal agent, or by such a threat or display of physical aggression toward the officer as to inspire fear of pain, bodily harm, or death.") (quotation marks omitted) (citing cases).

[35] *United States v. Watts*, 798 F.3d 650, 654 (7th Cir. 2015) ("an assault may also be committed by a person who intends to threaten or attempt to make offensive rather than injurious physical contact with the victim"); *United States v. Acosta-Sierra*, 690 F.3d 1111, 1117 (9th Cir. 2012) ("Because Section 111 does not define assault, we have adopted the common law definition of assault as either (1) a willful attempt to inflict injury upon the person of another, or (2) a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm.") (quotation marks omitted); *Comber v. United States*, 584 A.2d 26, 50 (D.C. 1990) (en banc) (explaining that the crime of simple assault "is designed to protect not only against physical injury, but against all forms of offensive touching, . . . and even the mere threat of such touching"); Criminal Jury Instructions for the District of Columbia, No. 4.100 (2022 ed.) ("Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility."). *See also United States v. Jensen*, No.

The terms "resist," "oppose," "impede," "intimidate," and "interfere with" carry their everyday, ordinary meanings.

The term "bodily injury" means an injury that is painful and obvious, or is of a type for which medical attention ordinarily would be sought. Bodily injury includes a cut, abrasion, bruise, burn or disfigurement; physical pain; illness; impairment of the function of a bodily member, organ, or mental faculty; or any other injury to the body, no matter how temporary.[36]

An object may be a "deadly or dangerous weapon" in one of two ways. First, an object is a deadly or dangerous weapon if it is inherently or obviously dangerous or deadly. Such inherently dangerous weapons include guns, knives, and the like. Second, if the object is not inherently or obviously dangerous or deadly, an object is a deadly or dangerous weapon if the object is capable of causing serious bodily injury or death to another person and the defendant used it in that manner.

In determining whether the object is a "deadly or dangerous weapon," you may consider both the physical capabilities of the object used and the manner in which the defendant used it. [37]

---

21-cr-6 (TJK) (ECF No. 97 at 30) (similar instruction used for assault on January 6, 2021) and *United States v. Webster*, No. 21-cr-208 (APM) (ECF No. 101 at 14) (same).

[36] *United States v. Easterday*, 22-cr-404 (JEB), --- F.Supp.3d ---, 2024 WL 1513527, at *8 (D.D.C. Apr. 8, 2024) (finding "no reason to depart from" the "sensible course" of the many circuits that have defined "bodily injury" to "include[] 'physical pain' without any temporal requirement, as well as "'any other injury to the body, no matter how temporary.'"); Fifth Circuit Model Jury Instruction No. 2.07; Tenth Circuit Model Jury Instruction No. 2.09; 18 U.S.C. § 1365(g)(4). For a January 6 case using this definition, see *United States v. McAbee*, 21-cr-35 (RC) (ECF No. 376, at 20).

[37] *United States v. Arrington*, 309 F.3d 40, 44 (D.C. Cir. 2002) ("For an object that is not inherently deadly . . . the following additional element is required: (4) the object must be capable of causing serious bodily injury or death to another person *and* the defendant must use it in that manner."); *United States v. Smith*, 561 F.3d 934, 939 (9th Cir. 2009) ("An object is a dangerous weapon . . . if it is either inherently dangerous or otherwise used in a manner likely to endanger life or inflict great bodily harm. . . . Inherently dangerous weapons . . . are obviously dangerous objects such as guns, knives, and the like.") (quotation marks omitted); *United States v. Guilbert*, 692 F.2d 1340, 1343 (11th Cir. 1982) ("Thus, the term 'dangerous weapon' is not restricted to such obviously

The term "serious bodily injury" means bodily injury which involves a substantial risk of death; extreme physical pain; medical intervention such as surgery, hospitalization, or physical rehabilitation; protracted and obvious disfigurement; or protracted loss or impairment of the function of a bodily member, organ, or mental faculty.[38]

It is not necessary to show that the defendant knew the person being forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with was, at that time, assisting federal officers in carrying out an official duty so long as it is established beyond a reasonable doubt that the officer was, in fact, assisting a federal officer acting in the course of his duty and that the defendant intentionally forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with that officer.[39]

To find the defendant guilty of the lesser offense of Count Eight, you must find the following elements beyond a reasonable doubt:

First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with Officer H.S., an officer from the Metropolitan Police Department.

---

dangerous weapons as guns, knives, and the like, but can include virtually any object given appropriate circumstances."). For January 6 trials that have used a similar instruction, see *United States v. Webster*, 21-cr-208 (APM) (ECF No. 101 at 15) *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 27); and *United States v. Easterday*, 22-cr-404 (JEB) (ECF No. 67 at 12).

The correct standard is whether the object is *capable* of causing serious bodily injury, not whether it is *likely* to cause serious bodily injury. *See United States v. Samsel, et. al*, 21-cr-537 (Minute Order of Nov. 2, 2023) ("The Court has also declined to find that a deadly or dangerous weapon is one which is *likely* to cause serious bodily injury or death. The controlling precedent is this Circuit is clear that a deadly or dangerous weapon is any object which is *capable* of causing serious bodily injury or harm to another person." (emphasis in original) (citing *Arrington*, 309 F.3d at 45).); *United States v. Easterday*, 22-cr-404 (JEB), --- F.Supp.3d ---, 2024 WL 1513527, at *6 (D.D.C. Apr. 8, 2024) (rejecting claim that 111(b) requires the weapon be *likely* to cause serious bodily injury and finding, "for purposes of § 111(b)'s dangerous-or-deadly-weapon element, it is enough to establish that an object was used in a manner capable of causing serious injury").

[38] 18 U.S.C. §§ 831(g)(4), 1864(d)(1), & 1365(h)(3); USSG §1B1.1 n.1(M).

[39] *United States v. Celentano*, No. 22-cr-186 (TJK) (ECF No. 64 at 12); *United States v. Thomas*, No. 21-cr-552 (DLF) (ECF No. 150 at 30).

Second, the defendant did such acts forcibly.

Third, the defendant did such acts voluntarily and intentionally.

Fourth, Officer H.S., the person assaulted, resisted, opposed, impeded, intimidated, or interfered with, was assisting officers of the United States who were then engaged in the performance of their official duties.

Fifth, the defendant made physical contact with Officer H.S., or acted with intent to commit another felony.  For purposes of this element, "another felony" refers to any one of the offenses charged in Counts Nine through Eleven.

<u>Order of Deliberations</u>

Now I am going to instruct you as to the order in which you should consider the above offenses. You should consider first whether the defendant is guilty of assaulting, resisting, or impeding officers while using a dangerous weapon.

If you find the defendant guilty of that offense, do not go on to the lesser offense.  If you find the defendant not guilty, go on to consider whether he is guilty of assaulting, resisting, or impeding officers with physical contact or the intent to commit another felony.

This order will be reflected in the verdict form that I will be giving you.


**DEFENSE OBJECTION/LESSER INCLUDED OFFENSE/SELF-DEFENSE**

**The defense raises the same objections, seeks the same additional lesser included offense, and seeks the same self-defense proposal as in Count One. The United States raises the same objections in reply.**

**Count Nine**
**18 U.S.C. § 231(a)(3)**
**Obstructing Officers During a Civil Disorder**

Count Nine of the second superseding indictment charges the defendant with obstructing law enforcement officers during a civil disorder, which is a violation of federal law.

Count Nine also charges the defendant with attempt to commit the crime of obstructing officers during a civil disorder. First, I will explain the elements of the substantive offense, along with its associated definitions. Then, I will explain how to determine whether the defendant attempted the offense.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant knowingly committed or attempted to commit an act with the intended purpose of obstructing, impeding, or interfering with one or more law enforcement officers.[40]

Second, at the time of the defendant's actual or attempted act, the law enforcement officer or officers were engaged in the lawful performance of their official duties incident to and during a civil disorder.

Third, the civil disorder in any way or degree obstructed, delayed, or adversely affected commerce or the movement of any article or commodity in commerce, or the conduct or performance of any federally protected function.

Definitions

---

[40] *United States v. Jensen*, 21-cr-6 (TJK) (ECF No. 97 at 21-22), *United States v. Webster*, 21-cr-208 (APM) (ECF No. 101 at 15-16), *United States v. Schwartz, et al.*, 21-cr-178 (APM) (ECF No. 172 at 17), and *United States v. DaSilva*, 21-cr-564 (CJN) (ECF No. 76 at 2-3); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 22); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 26); *see also United States v. Grider*, 651 F. Supp. 3d 1, 13 (D.D.C. 2022) ("[T]he Court need not find that the defendant's actions *in fact* obstructed law officer officers. Rather, the Court need only find that the defendant committed or attempted to commit an act with the *specific intent* to obstruct law enforcement officers.").

The term "civil disorder" means any public disturbance involving acts of violence by groups of three or more persons, which (a) causes an immediate danger of injury to another individual, (b) causes an immediate danger of damage to another individual's property, (c) results in injury to another individual, or (d) results in damage to another individual's property.

The term "commerce" means commerce or travel between one state, including the District of Columbia, and any other state, including the District of Columbia. It also means commerce wholly within the District of Columbia.[41]

The term "federally protected function" means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof.[42]

The term "department" includes one of the departments of the executive branch (such as the Department of Homeland Security, which includes the United States Secret Service) or the legislative branch. The term "agency" includes any department, independent establishment, commission, administration, authority, board, or bureau of the United States. The term "instrumentality" includes any other formal entity through which the government operates, such as the United Sates Capitol Police.[43]

---

[41] Modified definition of 18 U.S.C. § 232(2) from jury instructions in *United States v. Pugh*, 20-cr-73 (S.D. Ala. May 19, 2021); *see also United States v. Schwartz, et al.*, No. 21-cr-178 (APM) (ECF No. 172 at 18); *United States v. Thomas*, No. 21-cr-552 (DLF) (ECF No. 150 at 21).

[42] *See* 18 U.S.C. § 232(3).

[43] *See, e.g.*, *United States v. Water Supply & Storage Co.*, 546 F. Supp. 2d 1148, 1152 (D. Colo. 2008) ("'When Congress does not define a word, its common and ordinary usage may be obtained by reference to a dictionary.' *In re Overland Park Fin. Corp.*, 236 F.3d 1246, 1252 (10th Cir. 2001) (citation omitted). Dictionary definitions of the word 'instrumentality' generally are broad. Black's Law Dictionary defines 'instrumentality' as '[a] thing used to achieve an end or purpose.' Black's Law Dictionary 814 (8th ed. 1999). Webster's Third New International Dictionary defines 'instrumentality' as 'something by which an end is achieved' or "something that serves as an intermediary or agent through which one or more functions of a controlling force are carried out.'

For the U.S. Capitol Police and Metropolitan Police Department on January 6, 2021, the term "official duties," means policing the U.S. Capitol Building and Grounds, and enforcing federal law and D.C. law in those areas.[44]

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did, said, or perceived.

Attempt[45]

A defendant may be found guilty of the offense charged in Count Nine if the defendant obstructed officers during a civil disorder or if the defendant attempted to obstruct officers during a civil disorder. Each of these two ways of committing the offense is described in this

---

Webster's Third New International Dictionary 1172 (1971).") ).").  For January 6 cases using this instruction, see *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 23), *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 26), *United States v. Christensen*, 21-cr-455 (RCL) (ECF No. 72 at 9), and *United States v. McAbee*, 21-cr-35 (RC) (ECF No. 376, at 29-30).

[44] *United States v. Schwartz, et al.*, No. 21-cr-178 (APM) (ECF No. 172 at 19). *See, e.g.*, Fifth Circuit Pattern Criminal Jury Instruction No. 2.07; Tenth Circuit Pattern Criminal Jury Instruction No. 2.09; Eleventh Circuit Pattern Criminal Jury Instruction No. O1.1; *United States v. Smith*, 743 F. App'x 943, 949 (11th Cir. 2018) ("Furthermore, the district court instructed the jury regarding the Task Force's duties, stating: 'A member of the U.S. Marshals Regional Fugitive Task Force is a Federal officer and has the official duty to locate and apprehend fugitives.'"); *United States v. Green*, 927 F.2d 1005, 1008 (7th Cir. 1991) ("Given the sweep of the phrase 'official duties,' the district court did not err in instructing the jury that the duties of a federal prison employee, even a food service worker, extend to 'safekeeping, protection and discipline.'"); *United States v. Span*, 970 F.2d 573, 581 (9th Cir. 1992) ("The instruction states only that the activity of looking for a suspect is official conduct. We find no error in the district court's instruction characterizing this aspect of the marshals' conduct as official duty."); *United States v. Ellsworth*, 647 F.2d 957, 963 (9th Cir. 1981) ("'Instruction No. 10. Among the official duties of officers and agents of the United States Geological Service of the United States Interior Department are inspections of oil drilling apparatus to insure compliance with various Federal laws.' We think the above language of the charge employed by the trial judge reveals no insufficiency in defining the offense.").
[45] Redbook 7.101; The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit § 4.09; Third Circuit Pattern Jury Instructions 7.01.

instruction. If you find beyond a reasonable doubt that the defendant committed the offense of obstructing officers during a civil disorder in either one of these ways, you should find the defendant guilty of Count Nine, and you need not consider whether the defendant committed the offense of obstructing officers during a civil disorder in the other way.

An attempt to commit obstruction of officers during a civil disorder is a crime even if the defendant did not actually complete the crime. In order to find the defendant guilty of attempt to commit obstruction of officers during a civil disorder, you must find that the government proved beyond a reasonable doubt each of the following elements:

First, that the defendant intended to commit the crime of obstruction of officers during a civil disorder, as I have defined that offense above.

Second, that the defendant took a substantial step toward committing obstruction of officers during a civil disorder which strongly corroborates or confirms that the defendant intended to commit that crime.

With respect to the first element of attempt, you may not find the defendant guilty of attempt to commit obstruction of officers during a civil disorder merely because the defendant thought about it. You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find the defendant guilty of attempt to commit obstruction of officers during a civil disorder merely because the defendant made some plans to or some preparation for committing that crime. Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish his intent to commit obstruction of officers during a civil disorder. However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.

**<u>DEFENDANT'S OBJECTIONS</u>**:

First, Defendant objects to the last sentence which states: "The term "instrumentality" includes any other formal entity through which the government operates, such as **Congress or** the United Sates Capitol Police."

Defendants proposed language is: "The term "instrumentality" includes any other formal entity through which the government operates, such as the United States Capitol Police." *See U.S. v. Tryon-Castro, et.al.*, Case 1:23-cr-00035-RC at ECF Doc.#: 220, p. 23-65 (D.C. Cir., June 14, 2024).

In sum, Defendant objects to the words "Congress or".

<u>Government Response:</u>

The United States does not object to removing the "Congress or" language.

**Count Ten**
**18 U.S.C. § 1752(a)(2) and (b)(1)(A)**
**Disorderly and Disruptive Conduct**
**in a Restricted Building or Grounds**
**with a Deadly and Dangerous Weapon**[46]

Count Ten of the second superseding indictment charges the defendant with disorderly or disruptive conduct in a restricted building or grounds with a deadly or dangerous weapon, which is a violation of federal law.

I am going to instruct you on this charge and explain the various elements that you must consider. I will also instruct you on the lesser-included offense. After I give you the elements of these crimes, I will tell you in what order you should consider them.

<u>Elements</u>

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

> First, the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

> Second, the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

> Third, the defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

> Fourth, the defendant knowingly used or carried a deadly or dangerous weapon during and in relation to the offense.[47]

---

[46] 18 U.S.C. § 1752;  18 U.S.C. § 1752. For January 6 cases using similar instructions, see *United States v. Eicher*, 22-cr-38 (BAH) (ECF No. 82 at 6-7); *United States v. Lesperance, et al.*, 21-cr-575 (JDB) (ECF No. 96 at 27); *United States v. Chwiesiuk, et al.*, 21-cr-536 (ACR) (ECF No. 103 at 9); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 32); *United States v. Horn*, 21-cr-301 (TJK) (ECF No. 82 at 13).

[47] *United States v. Jensen*, No. 21-cr-6 (TJK) (ECF No. 97 at 37); *United States v. Schwartz, et al,*, No. 21-cr-178 (APM) (ECF No. 172 at 25); *United States v. Barnett*, 21-cr-38 (CRC) (ECF No. 158 at 22); *United States v. Robertson*, 21-cr-34 (CRC) (ECF No. 86 at 22), *United States v. Kelly*, 21-cr-708 (RCL) (ECF No. 101 at 16).

<u>Definitions</u>

"Disorderly conduct" is conduct that, when viewed in the circumstances in which it takes place, is likely to endanger public safety or create a public disturbance.[48] Even passive, quiet, and nonviolent conduct can be "disorderly," if the conduct is likely to cause a public disturbance.[49] Disorderly conduct includes when a person acts in such a manner as to cause another person to be in reasonable fear that a person or property in a person's immediate possession is likely to be harmed or taken, uses words likely to produce violence on the part of others, or is unreasonably loud and disruptive under the circumstances.[50]

"Disruptive conduct" is conduct that, when viewed in the circumstances in which it takes place, tends to interfere with or inhibit usual proceedings.[51] This includes conduct that causes disorder or turmoil, or that stops or prevents the normal continuance of an activity. Whether particular conduct is "disruptive" depends on the context and surrounding circumstances, and includes conduct that is plainly out of place for the time or setting where it occurs.[52]

---

[48] *United States v. Alford*, 89 F.4th 943, 950 (D.C. Cir. 2024); *see also United States v. Martin*, 21-cr-562 (RC) (ECF No. 87 at 39); *United States v. Woehl*, 24-cr-83 (DLF) (ECF No. 44 at 3); *United States v. Grider*, 21-cr-22 (CKK) (ECF No. 150 at 24) ("'[D]isorderly' conduct is that which 'tends to disturb the public peace, offend public morals, or undermine public safety.' 'Disorderly,' *Black's Law Dictionary* (9th ed. 2009); 'Disorderly,' *Oxford English Dictionary* (2nd ed. 1989) ('Not according to order or rule; in a lawless or unruly way; tumultuously, riotously.')").

[49] *United States v. Alford*, 89 F.4th 943, 950 (D.C. Cir. 2024) ("[I]t is … clear from caselaw that even passive, quiet and nonviolent conduct can be disorderly. The Supreme Court has recognized that a breach of the peace can occur 'by passive conduct likely to cause a public disturbance[.]'" (citing *Garner v. Louisiana*, 368 U.S. 157, 174 (1961))); *see also United States v. Martin*, 21-cr-562 (RC) (ECF No. 87 at 39); *United States v. Woehl*, 24-cr-83 (DLF) (ECF No. 44 at 3).

[50] *United States v. Schwartz, et al,*, 21-cr-178 (APM) (ECF No. 172 at 27); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 32); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 237-38).

[51] *United States v. Alford*, 89 F.4th 943, 951 (D.C. Cir. 2024); *see also United States v. Martin*, 21-cr-562 (RC) (ECF No. 87 at 40); *United States v. Woehl*, 24-cr-83 (DLF) (ECF No. 44 at 4).

[52] *United States v. Alford*, 89 F.4th 943, 950-51 (D.C. Cir. 2024) (noting that "disrupt" means "to throw into disorder or turmoil" and that "disruptive actions are those that are inappropriate or

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

The term "knowingly" has the same meaning described in the instructions for Count Nine.

The term "deadly or dangerous weapon" has a similar meaning to the meaning in Counts Six-Eight. An object may be considered a "deadly or dangerous weapon" for one of two reasons. First, an object is a deadly or dangerous weapon if it is inherently or obviously dangerous or deadly. Second, an object is a deadly or dangerous weapon if the object is capable of causing serious bodily injury or death to another person and the defendant carried it with the intent that it be used in a manner capable of causing serious bodily injury or death. However, for purposes of this offense, unlike the offenses in Counts Six through Eight, the defendant need not have actually used the object in that manner.

### Lesser-Included Offense

In order to find the defendant guilty of the lesser offense of Count Ten, that is, disorderly or disruptive conduct in a restricted building or grounds, you must find the following elements beyond a reasonable doubt:

> First, the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.
>
> Second, the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.
>
> Third, the defendant's conduct occurred when, or so that, his conduct in fact impeded or

---

plainly out of place for the time or setting"); *see also United States v. Martin*, 21-cr-562 (RC) (ECF No. 87 at 40); *United States v. Woehl*, 24-cr-83 (DLF) (ECF No. 44 at 4).

disrupted the orderly conduct of Government business or official functions.

Fourth, the defendant knowingly used or carried a deadly or dangerous weapon during and in relation to the offense.

<u>Order of Deliberations</u>

Now I am going to instruct you as to the order in which you should consider the above offenses.  You should consider first whether the defendant is guilty of disorderly or disruptive conduct in a restricted building or grounds with a deadly or dangerous weapon.  If you find the defendant guilty of that offense, do not go on to the lesser-included offense.  However, if you find the defendant not guilty, go on to consider whether the defendant is guilty of entering or remaining in a restricted building or grounds.  And if, after making all reasonable efforts to reach a verdict on the first charge, you are not able to do so, you are allowed to consider this lesser-included charge.

This order will be reflected in the verdict form that I will be giving you.

**DEFENSE PROPOSAL:**[53]

To find the defendant guilty of Counts Ten, you must find beyond a reasonable doubt that:

1.  The defendant knowingly entered, or entered the proximity of, a restricted area;
2.  The defendant knew at the time of entry that the area was restricted;
3.  The defendant knew at the time of entry that a person protected by the Secret Service was present within, or in proximity to, that restricted area;
4.  The defendant engaged in disorderly and disruptive conduct
5.  The defendant did so with the intent to disrupt government business or official functions; and
6.  The defendant knowingly used or carried a deadly or dangerous weapon during and in relation to the offense.

---

[53] *U.S. v. Joseph Vaglica*, 23-cr-429 (CKK) (ECF 62 at 11).

It is not enough that Defendant merely knew he was entering a restricted area. The government must prove that the defendant specifically knew a Secret Service protectee was present in that restricted area at the time he entered. General knowledge that protectees might be in the Capitol is not sufficient.

**<u>LESSER-INCLUDED OFFENSE:</u>**

In order to find the defendant guilty of the lesser offense of Count Ten, that is, disorderly or disruptive conduct in a restricted building or grounds, you must find the following elements beyond a reasonable doubt:

1. The defendant knowingly entered, or entered the proximity of, a restricted area;
2. The defendant knew at the time of entry that the area was restricted;
3. The defendant knew at the time of entry that a person protected by the Secret Service was present within, or in proximity to, that restricted area;
4. The defendant engaged in disorderly and disruptive conduct, and
5. The defendant did so with the intent to disrupt government business or official functions.

**Count Eleven**
**18 U.S.C. § 1752(a)(4) and (b)(1)(A)**
**Engaging in Physical Violence**
**in a Restricted Building or Grounds**
**with a Deadly and Dangerous Weapon[54]**

Count Eleven of the second superseding indictment charges the defendant with engaging in physical violence in a restricted building or grounds with a deadly or dangerous weapon, which is a violation of federal law.

I am going to instruct you on this charge and explain the various elements that you must consider. I will also instruct you on the lesser-included offense. After I give you the elements of these crimes, I will tell you in what order you should consider them.

<u>Elements</u>

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant engaged in an act of physical violence against a person or property in, or in proximity to, a restricted building or grounds.

Second, the defendant did so knowingly.

Third, the defendant knowingly used or carried a deadly or dangerous weapon during and in relation to the offense.

<u>Definitions</u>

The term "act of physical violence" means any act involving an assault or other infliction of bodily harm on an individual; or damage to, or destruction of, real or personal property.

The terms "restricted building or grounds" and "knowingly" have the same meanings

---

[54] *United States v. Schwartz, et al.*, 21-cr-178 (APM) (ECF No. 172 at 30); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 34); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 40); *United States v. Christensen*, 21-cr-455 (RCL) (ECF No. 72 at 18); *United States v. McAbee*, 21-cr-35 (RC) (ECF No. 376, at 40-41).

described in the instructions for Count Ten for "restricted building or grounds" and Count Nine for "knowingly." The terms "deadly and dangerous weapon" also have the same meanings described in the instructions for Count Ten.

Order of Deliberations

Now I am going to instruct you as to the order in which you should consider the above offenses. You should consider first whether the defendant is guilty of disorderly or disruptive conduct in a restricted building or grounds with a deadly or dangerous weapon. If you find the defendant guilty of that offense, do not go on to the lesser-included offense. However, if you find the defendant not guilty, go on to consider whether the defendant is guilty of entering or remaining in a restricted building or grounds. And if, after making all reasonable efforts to reach a verdict on the first charge, you are not able to do so, you are allowed to consider this lesser-included charge.

This order will be reflected in the verdict form that I will be giving you.

**DEFENSE PROPOSAL:**

To find Defendant guilty of Count Eleven, you must find beyond a reasonable doubt that Defendant:

(1) Knowingly entered a restricted area;
(2) Knew at the time of entry that the area was restricted;
(3) Knew at the time of entry that a person protected by the Secret Service was present within that restricted area;
(4) Engaged in an act of physical violence against a person or property;
(5) Did so with the intent to disrupt government business or official functions; and
(6) Knowingly used or carried a deadly or dangerous weapon during and in relation to the offense.

It is not enough that Defendant merely knew he was entering a restricted area. The government must prove that the defendant specifically knew a Secret Service protectee was present

in that restricted area at the time he entered. General knowledge that protectees might be in the

Capitol is not sufficient.

## **LESSER-INCLUDED OFFENSE:**

In order to find the defendant guilty of the lesser offense of Count Eleven, that is,

engaging in physical violence in a restricted building or grounds, you must find the following

elements beyond a reasonable doubt:

1. The defendant knowingly entered a restricted area;
2. The defendant knew at the time of entry that the area was restricted;
3. The defendant knew at the time of entry that a person protected by the Secret Service was present within that restricted area;
4. The defendant engaged in an act of physical violence against a person or property, and
5. The defendant did so with the intent to disrupt government business or official functions.

**Count Twelve**
**40 U.S.C. § 5104(e)(2)(D)**
**Disorderly Conduct in a Capitol Building or Grounds**[55]

Count Twelve of the second superseding indictment charges the defendant with disorderly and disruptive conduct in a Capitol Building or Grounds, which is a violation of federal law.

<u>Elements</u>

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings or Grounds.

Second, the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress.

Third, the defendant acted willfully and knowingly.

<u>Definitions</u>

The "Capitol Grounds" are defined by the United States Code, which refers to a 1946 map on file in the Office of the Surveyor of the District of Columbia. The boundaries of the Capitol Grounds include all additions added by law after that map was recorded. The Capitol Grounds includes the portion of Pennsylvania Avenue Northwest from the west curb of First Street Northwest to the curb of Third Street Northwest.

The term "Capitol Buildings" includes the United States Capitol located at First Street, Southeast, in Washington, D.C.

---

[55] *United States v. Barnett*, 21-cr-38 (CRC) (ECF No. 158 at 22); *United States v. Jenkins*, 21-cr-245 (APM) (ECF No. 78 at 31); *United States v. Jensen*, 21-cr-6 (TJK) (ECF No. 97 at 40); *United States v. Williams*, 21-cr-618 (ABJ) (ECF 122 at 40); *United States v. Eicher*, 22-cr-38 (BAH) (ECF No. 82 at 6); *United States v. Lesperance, et al.*, 21-cr-575 (JDB) (ECF No. 96 at 28); *United States v. Chwiesiuk, et al.*, 21-cr-536 (ACR) (ECF No. 103 at 10-11).

For purposes of this offense, "the orderly conduct of a session of Congress or either House of Congress" includes the actions of Congress' Joint Session to certify the Electoral College vote.[56]

The term "disrupt the orderly conduct" has the same meaning described in the instructions for Count Ten defining "disorderly conduct" and "disruptive conduct."

A person acts "willfully" if he acts with the intent to do something that the law forbids, that is, to disobey or disregard the law. "Willfully" does not, however, require proof that the defendant be aware of the specific law or rule that his conduct may be violating.[57]

The term "knowingly" has the same meaning described in the instructions for Count Nine.

---

[56] *See United States v. Kelly*, 21-cr-708 (RCL) (ECF No. 101 at 17).
[57] *See United States v. Bryan*, 524 U.S. 184, 190 (1998).

**Count Thirteen**
**40 U.S.C. § 5104(e)(2)(F)**
**Act of Physical Violence in the**
**Capitol Grounds or Buildings**[58]

Count Thirteen of the second superseding indictment charges the defendant with an act of physical violence in the Capitol Buildings or Grounds, which is a violation of federal law.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant engaged in an act of physical violence within the Capitol Buildings or Grounds.

Second, the defendant acted willfully and knowingly.

Definitions

The term "act of physical violence" means any act involving an assault or other infliction or threat of infliction of death or bodily harm on an individual; or involving damage to, or destruction of, real or personal property. For purposes of this offense, unlike the offense in Count Eleven, the threat of infliction of bodily harm is sufficient to meet this definition.

The terms "Capitol Buildings" and "Capitol Grounds" have the same meaning described in the instructions for Count Twelve. The term "knowingly" has the same meaning described in Count Nine and the term "willfully" has the same meaning described in the instructions for Count Twelve.

---

[58] *United States v. Alberts*, No. 21-cr-26 (CRC) (ECF No. 147 at 20); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 36); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 43), *United States v. Christensen*, 21-cr-455 (RCL) (ECF No. 72 at 19). *See also United States v. Jones*, 21-cr-213 (RJL) (ECF No. 75 at 9-10) (notes for bench verdict setting out elements and defining "act of physical violence" to include destruction of property).

**3.101**
**Proof of State of Mind**

Someone's intent or knowledge ordinarily cannot be proved directly because there is no way of knowing what a person is actually thinking, but you may infer someone's intent or knowledge from the surrounding circumstances. You may consider any statement made or acts done or omitted by the defendant, and all other facts and circumstances received in evidence which indicate the defendant's intent or knowledge.

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts he intentionally did or intentionally did not do. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that each defendant acted with the necessary state of mind.

**A person may act with more than one intent.[59]  For example, a person paying bribes to an elected official may have the intent both to cultivate friendship with the official and to illegally influence official acts that the person wants the official to take.[60]  You may find that the defendant acted with corrupt intent even if you also find the defendant acted, in part, for**

---

[59] *United States v. Brown*, 934 F.3d 1278, 1307 (11th Cir. 2019); 2 James Fitzjames Stephen, *A history of the Criminal Law of England* 121 (1883) ("[A] man's motives for any given act . . . are always mixed.")
[60] *United States v. Woodward*, 149 F.3d 46, 70 (1st Cir. 1998).

legitimate reasons, if you also find that he used unlawful means or acted with an unlawful purpose, or both.[61]

---

[61] *United States v. Bryant*, 655 F.3d 232, 245-46 (3d Cir. 2011) (upholding similar jury instruction); *United States v. Coyne*, 4 F.3d 100, 113 (2nd Cir. 1993); *United States v. Korte et al.*, 22-CR-183 (TSC) (Defendant Lynwood Nester) (final instructions at ECF 127, at 17).

**GOVERNMENT'S PROPOSED SELF DEFENSE INSTRUCTION (if applicable)**

Every person has the right to use a reasonable amount of force in self-defense if he: (1) actually and reasonably believes that the use of force was necessary to defend himself against the immediate use of unlawful force, and (2) uses no more force than was reasonably necessary in the circumstances.[62]

Unlawful Force Defined

Unlawful force is force that was unreasonable or unnecessary under the circumstances. A law enforcement officer may use a reasonable amount of force, judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. The reasonableness of a particular use of force depends on the circumstances of each case, including the severity of the crime at issue, whether the defendant poses an immediate threat to the safety of the officer or others, and whether he is actively resisting arrest or attempting to evade arrest by flight. A person may act in self-defense against a law enforcement officer only if he actually and reasonably believes the officer was using unlawful or excessive force.[63]

---

[62] *See United States v. Waldman*, 835 F.3d 751, 754 (7th Cir. 2016) ("While 18 U.S.C. § 111 does not explicitly address self-defense, when a statute is silent on the question of affirmative defenses, we are to effectuate the defense as 'Congress may have contemplated it,' looking to the common law as a guide. *See United States v. Dixon*, 548 U.S. 1, 13-14 (2006). At common law, self-defense is the use of force necessary to defend against the imminent use of unlawful force."); *United States v. Acosta-Sierra*, 690 F.3d 1111, 1126 (9th Cir. 2012) ("For purposes of Section 111, we have recognized that an individual may make out an affirmative defense of self-defense against a federal law enforcement official who uses excessive force in a narrow range of circumstances. . . . To do so, however, a defendant must offer evidence to show: (1) a reasonable belief that the use of force was necessary to defend himself or another against the immediate use of unlawful force and (2) the use of no more force than was reasonably necessary in the circumstances.") (quotation marks omitted).

[63] *See generally Waldman*, 835 F.3d at 755-56 (looking to Eight Amendment when defining unlawful force in a prison setting; "an inmate may act in self-defense if he reasonably fears imminent use of sadistic and malicious force by a prison official for the very purpose of causing him harm."); *Graham v. Connor*, 490 U.S. 386, 396-97 (1989) ("The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene,

Amount Of Force Permissible

A person may use an amount of force which, at the time of the incident, he actually and reasonably believes is necessary to protect himself from the unlawful use of force.[64] Even if the defendant is justified in using force in self-defense, he may not use any greater force than he actually and reasonably believes to be necessary under the circumstances to protect himself from the imminent use of unlawful force.[65]

Aggressor

A person who was the initial aggressor does not act in self-defense.  If you find that the defendant was the initial aggressor, then he cannot rely on the right of self-defense to justify the use of force.[66]  [If you find, however, that, after the confrontation began, the defendant became subject to an unlawful amount of force in repelling his aggression, then the defendant may use a reasonable amount of responsive force in self-defense.]

---

rather than with the 20/20 vision of hindsight. . . . As in other Fourth Amendment contexts, however, the 'reasonableness' inquiry in an excessive force case is an objective one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation."); *United States v. Drapeau*, 644 F.3d 646, 654 (8th Cir. 2011) ("Excessive force is force that was unreasonable or unnecessary under the circumstances, *i.e.,* greater than the amount of force that was objectively reasonable. The reasonableness of a particular use of force depends on the circumstances of each case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officer or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.") (cleaned up); *United States v. Branch*, 91 F.3d 699, 715 (5th Cir. 1996) ("There must be sufficient evidence from which a reasonable juror might infer, at a minimum, . . . [that] the ATF agents' use of force, viewed from the perspective of a reasonable officer at the scene, was objectively unreasonable under the circumstances.")

[64] *See, e.g.*, *United States v. Weekes*, 517 F. App'x 508, 511 (6th Cir. 2013) ("[A] defendant must offer evidence to show . . . the use of no more force than was reasonably necessary in the circumstances.") (quoting *United States v. Urena*, 659 F.3d 903, 907 (9th Cir. 2011)).
[65] Criminal Jury Instructions for the District of Columbia No. 9.501.
[66] *See Acosta-Sierra*, 690 F.3d at 1126 ("[A]n individual who is the attacker cannot make out a claim of self-defense as a justification for an assault."); *Weekes*, 517 F. App'x at 511 (same).

Burden of proof

Self-defense is a defense to Counts One through Eight. The defendant is not required to prove that he acted in self-defense. Where evidence of self-defense is present, the government must prove beyond a reasonable doubt that the defendant did not act in self-defense.[67] If the government has failed to do so, you must find the defendant not guilty of Counts One through Eight.

---

[67] *See United States v. Morton*, 999 F.2d 435, 438 (9th Cir. 1993) ("If there is sufficient evidence to warrant an instruction on this defense, the court must also instruct the jury that the government, in addition to proving the elements of the offense, must negate beyond a reasonable doubt at least one element of the defense in order to obtain a conviction."); *but see Waldman*, 835 F.3d at 756 n.2 ("The district court appeared to place the burden of disproving self-defense on the government, which may have been an error.").

## DEFENSE PROPOSED INSTRUCTION NUMBER 2: SELF-DEFENSE

*Every person has the right to use a reasonable amount of force in self-defense if:*

    (1)    *he actually believes he is in imminent danger of bodily harm; and if*

    (2)    *he has reasonable grounds for that belief.*

*The question is not whether looking back on the incident you believe that the use of force was necessary. The question is whether Mr. Lang, under the circumstances as they appeared to him at the time of the incident, actually believed he was in imminent danger of death or serious bodily harm and could reasonably hold that belief.*

*Self-defense is a defense to the Assault counts at Count One in the Indictment. Mr. Lang is not required to prove that he acted in self-defense. Where evidence of self-defense is present, the government must prove beyond a reasonable doubt that Mr. Lang did not act in self-defense. If the government has failed to do so, you must find Mr. Lang not guilty.*

Government's Objection

The United States questions whether any self defense instruction applies in this case. In the event such an instruction is appropriate, the prosecution submits under the authorities cited in support of the government's proposed self-defense instruction, the defendant's version is incomplete.

## SECOND DEFENSE PROPOSED INSTRUCTION: SELF-DEFENSE

To establish self-defense, the defendant must prove by a preponderance of the evidence that:

    1.    The defendant actually believed that he/she was in imminent danger of bodily harm;

    2.    The defendant actually believed that the use of force was necessary to defend against that danger; and

3.     The defendant used no more force than was reasonably necessary to defend against the danger.

In determining whether the defendant acted in self-defense, you should consider all the evidence in the case, including the circumstances surrounding the event. You may consider the nature of the threat perceived by the defendant, the amount of force used, and whether that force was reasonable under the circumstances.

A person is allowed to use force to defend themselves if they reasonably believe that they are in danger of bodily harm. The danger does not need to be actual, but the belief in danger must be honest and reasonable. The force used must also be proportional to the danger the defendant believed they faced.

The question is not whether looking back on the incident you believe that the use of force was necessary. The question is whether Mr. Lang, under the circumstances as they appeared to him at the time of the incident, actually believed he was in imminent danger of death or serious bodily harm and could reasonably hold that belief.

Self-defense is a defense to the Assault counts at Counts One through Eight in the Indictment. Mr. Lang is not required to prove that he acted in self-defense. Where evidence of self-defense is present, the government must prove beyond a reasonable doubt that Mr. Lang did not act in self-defense. If the government has failed to do so, you must find Mr. Lang not guilty.

<u>Government's Objection</u>

Again, the United States questions whether any self defense instruction applies in this case. In the event such an instruction is appropriate, the prosecution submits under the authorities cited in support of the government's proposed self-defense instruction, the defendant's version is incomplete.