In the United States District Court
For the District of Columbia

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | No. 21-CR-53 (CJN) |
| ) | |
| EDWARD JACOB LANG, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**LANG'S EMERGENCY MOTION TO MODIFY THE TRIAL DUE TO EXTREME CIRCUMSTANCES IMPEDING ACCESS TO EVIDENCE, WITNESSES, COUNSEL, AND FUNDAMENTAL FAIRNESS**

Defendant Mr. Lang, through counsel, respectfully moves this Court to modify the current trial date.

Respectfully submitted,

**Metcalf & Metcalf, P.C.**

*/s/ Steven Alan Metcalf II*

STEVEN A. METCALF II, ESQ.
*Attorneys for Edward Lang*
99 Park Avenue, Suite 810
New York, NY 10016
(*Office*) 646.253.0514
(*Fax*) 646.219.2012
metcalflawnyc@gmail.com

𝔘nited 𝔖tates 𝔇istrict 𝔒ourt
𝔉or the 𝔇istrict of 𝔒olumbia

_____  )
                                      )
UNITED STATES OF AMERICA,             )
                                      )
    *v.*                              )    No. 21-CR-53 (CJN)
                                      )
EDWARD JACOB LANG,                    )
                                      )
    *Defendant*.                      )
_____   )

**LANG'S EMERGENCY MOTION TO MODIFY TRIAL SCHEDULE
DUE TO EXTREME CIRCUMSTANCES IMPEDING ACCESS TO EVIDENCE,
WITNESSES, COUNSEL, AND FUNDAMENTAL FAIRNESS**

Edward Jacob Lang, through undersigned counsel, respectfully moves the Court to modify the scheduling order based on the retention of numerous crucial witnesses and the trial schedule in this case to provide a fair and full trial during a time that is uncompromised and accommodates the Court's schedule.

**I.  BACKGROUND AND BRIEF HISTORY**

This case is scheduled to commence trial on November 12, 2024. While Lang has had to raise similar requests in the past based on *inter alia* Lang's inability to access discovery and counsel, the volume of materials to adequately prepare for this case is massive. Even at the last status conference, the Government also addressed unexpected logistical issues that had to solved if trial commenced on November 6, 2024. Logistical issues for defense witnesses are now one new aspect of this request because the entire week of Thanksgiving poses issues for out-of-state defense witnesses.

Additionally, on August 13, 2024 the defense filed a motion to have Lang transferred to the DC jail, or alternatively have access to a computer and his hard drives containing video evidence discovery. (*See* ECF 139, 8/13/2024). Such motion was made after months of circular

conversations regarding obtaining Lang access to a computer and his discovery, thereby resulting in Lang not having access to his hard drive discovery for approximately ten months.[1] On October 9, 2024, a status conference was scheduled, where Lang was transferred to DC jail. With greater access to a laptop and hard drives at the DC jail, Lang ultimately did not arrive to the DC jail until the late hours of October 20, 2024, upon information and belief. The jail and counsel for the jail all seemed to take notice that time is of the essence for Lang to obtain access to a Laptop and his discovery. Delivery time was set up, but during a call as recent as this afternoon, I was notified that Lang still did not have a laptop or the hard drive delivered. Regardless, if he obtains access today, his first real day begins at earliest tomorrow, Saturday October 26, 2024. When time is of the essence, and hybrid representation is likely and been addressed time-and-time again, less than 3 weeks for Lang to prepare is simply not enough time. Lang recently has spent a significant amount of time in solitary confinement – regardless of fault, which as will be explained below does psychologically need to be evaluated, and ruled out as a potential concern. Lang has been completely out of the loop the last month. Countless legal calls have be denied, or granted to later be canceled.

The main fact here is Lang adds various components to video preparation that no one other can offer in preparing his defense. While the defense has momentum, the volumes of Government exhibits, and exhibits the defense plans to introduce, more time to be ready is needed to present a complete/ best defense. In addressing accessibility amongst the defense team (including Lang), it must be addressed that defense counsel notified the Court of an impending medical issue that is

---

[1] Between January 2024 and October 20, 2024 (time in Brooklyn MDC), Lang had his paperwork confiscated numerous times and his belongings seemed to always disappear. Again, not to sound like a broken record but all of Lang's paperwork did not travel with him to Brooklyn MDC jail. Then each time he was moved to solitary confinement – his vital necessities would be destroyed.

still being resolved. Today marks the first day counsel is back to work since his October 23, 2024 procedure. Based on the healing process, some forms of accommodations will have to be requested with a November 12, 2024 commence date. Currently, it is unknown if the Court wishes to or will be inclined to take any days off, such as Fridays, or take under consideration that my travel at times recently caused medical concerns and is being monitored for at least the next 30-45 to ensure full recovery. Defense counsel has confirmed that Lang fully intends to exercise his right to a trial by jury, and in my responsibilities – I have to further acknowledge that I am not Superman, and address concerns I do have of my own limitations.

## II. Summary

Defendant Lang, through his undersigned counsel, under these circumstances requests this Court to grant a brief continuance of his scheduled trial date due to unprecedented and unconstitutional conditions that have completely thwarted Mr. Lang's ability to prepare an adequate defense. For more than nine months, Mr. Lang has been systematically denied access to his discovery materials and has been further obstructed from reviewing new evidence recently submitted by the prosecution. For example, Lang has not had the opportunity to review the materials and discuss with counsel such discovery surrounding the August 14, 2024 superseding indictment – adding a new assault count. Moreover, Mr. Lang has endured prolonged and isolating solitary confinement, inhumane treatment, and consistent acts of destruction and interference with his personal property and legal materials—all of which have occurred within a hostile and prejudicial environment, especially given his political affiliations.

To proceed to trial under such restrictive and punitive conditions would constitute a severe miscarriage of justice, violating Mr. Lang's constitutional rights and depriving him of the opportunity to mount a full and fair defense. The requested continuance, modest in scope, is

essential to preserve the integrity of the proceedings and ensure that the extraordinary prejudice Mr. Lang has suffered does not result in further harm to the judicial process.

III. **CRITICAL DEFENSE WITNESSES HAVE CONCERNS ABOUT THANKSGIVING WEEK, AND MORE IMPORTANTLY BEING ABLE TO PREPARE A SELF-DEFENSE OR DEFENSE OF OTHERS CLAIM AND RULING OUT COMPETENCY BEFORE NOVEMBER 20TH ESPECIALLY WHEN RECENT LEGAL CALLS HAVE CONTINUED TO BE CANCELED.**

Lang is in agreement with the instant request under his current conditions. However, outside of his control is counsel's medical and its limitations for the next 45 days, and Elloit Atkins raising that encompassed in his work going forward – he should rule out any competency concerns. The competency concerns, without getting into more, primary exist because of the great lengths of time Lang has spent in solitary confinement. This argument is wholly separate from fault, and the conditions particularly at the Brooklyn MDC jail. To stay on point, the facts remain that Lang has spent an exorbitant amount of time in solitary confinement over the last three years, in deplorable conditions. In conjunction with preparing for an entire trial, Dr. Atkins needs to have privileged conversations with Lang, which have not been able to freely be conducted as of this time. For the last four weeks, numerous legal calls requested and scheduled have been canceled. Now Lang is in a more stable environment, but for a few witnesses to in tantum complete the following: (1) fully ruling out competency issues, and (2) adequately prepare a self-defense and defense of others claim, (3) while addressing police misconduct renders a three-week time frame virtually impossible.

A. **LACK OF ACCESS TO DISCOVERY AND NEW EVIDENCE**

Mr. Lang has been detained under exceedingly restrictive and punitive conditions at Brooklyn MDC and, previously at DC Jail. Since his detention, Mr. Lang has been almost entirely prevented from reviewing his discovery, including critical video evidence recently submitted by

the prosecution in a superseding indictment filed in August, more than two months ago. The facility's restrictive conditions have prevented him from accessing a laptop or hard drive necessary to review these materials.

B. **CRUEL AND UNUSUAL PUNISHMENT**

Mr. Lang has been subjected to extended periods of solitary confinement, especially during the last month, with little to no access to the outside world. He has been confined to intake cells within Brooklyn MDC, a facility plagued by constant violence, repeated lockdowns due to stabbings and gang-related incidents, and substandard administrative practices. These extreme conditions, combined with Mr. Lang's politically sensitive profile as a high-profile January 6 defendant with substantial online influence, have resulted in calculated and vindictive treatment by facility staff, further complicating his ability to prepare for trial. Mr. Lang's detention has violated his Eighth Amendment rights, amounting to cruel and unusual punishment.

C. **DESTRUCTION OF PROPERTY AND INTERFERENCE WITH LEGAL DEFENSE**

Facility staff have subjected Mr. Lang to repeated invasions and seizures of his property, destroying his belongings multiple times, including vital legal documents required for his defense. This harassment has extended to the cancellation of legal calls, destruction of discovery documents, and restrictions on his access to necessary legal materials and means of communication, such as stamps and phone access.

Despite Mr. Lang's repeated attempts to exercise his First Amendment rights and communicate with his counsel, these rights have been systematically curtailed, rendering his ability to build a defense nearly impossible.

**D.   N<small>OVEMBER</small> T<small>RIAL</small> D<small>ATE</small> D<small>URING</small> T<small>HANKSGIVING</small> H<small>OLIDAY</small>**

Due to the government's recent superseding indictment and the continuous obstacles imposed on Mr. Lang, the current trial schedule falls during Thanksgiving week, effectively restricting his ability to call numerous key witnesses who must travel from distant states, including New Mexico, Northern California, and Florida.

Proceeding on the current timetable will deprive Mr. Lang of the opportunity to secure nearly 20 witnesses who are essential to his defense, creating an undue burden that risks a miscarriage of justice.

### IV.   L<small>AW AND</small> A<small>RGUMENT</small>

The Sixth Amendment guarantees Mr. Lang the right to a fair trial, and this Court has a duty to protect that right by ensuring that he has adequate time and resources to prepare his defense. Mr. Lang's confinement under such abusive and restrictive conditions has irreparably compromised his ability to mount an effective defense, forcing his legal team to attempt to operate under conditions amounting to persecution rather than mere detention.

A brief delay would allow Mr. Lang to adequately review the new evidence presented by the prosecution, collaborate with counsel, and coordinate the necessary logistics for his defense, including securing witnesses whose testimonies are critical to presenting an accurate and robust defense. The change in circumstances during the month of October 2024, make the instant application necessary. The defense will not ask for more time than what is necessary to protect Lang's rights. We do not wish to unnecessarily extend out this trial date, but the circumstances here are unique and require a short period to afford a fair trial. Lang's future and freedom hang in the balance, and thus should outweigh other prejudicial concerns.

Proceeding without such considerations would lead to a fundamentally unjust trial, compromising the integrity of this Court and stripping Mr. Lang of his constitutional protections.

## V. REQUEST FOR RELIEF

For the foregoing reasons, Mr. Lang respectfully requests this Court to grant a short continuance to allow him to recover from the prejudicial and punitive conditions of his detention, fully prepare his defense, and present his case with the fundamental fairness required by the Constitution.

## VI. CONCLUSION

In the interest of justice, Mr. Lang's rights must be preserved, and he should not be forced to proceed under these extreme and oppressive conditions. Granting this continuance is a necessary step to ensure due process and uphold the rule of law.

Dated: New York, NY
October 25, 2024

Respectfully Submitted,

/s/ *Steven Metcalf*

STEVEN A. METCALF II, ESQ.
**Metcalf & Metcalf, P.C.**
99 Park Avenue, Suite 810
New York, NY 10016
*Phone* 646.253.0514
*Fax* 646.219.2012
*metcalflawnyc@gmail.com*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been served upon counsel for all parties to this proceeding as identified below through the court's electronic filing system on this date:

/s/
_____
STEVEN A. METCALF II
*Attorney for Edward Jacob Lang*

Dated: October 25, 2024